IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED
Civil Clerk's Office
JUN 1 5 2005
Superior Court of the
District of Columbia
Washington, D.C.

| | |
|---|---|
| George Banks<br>1317 Bryant Street, NE<br>Washington, DC 20011<br><br>            Plaintiff,<br><br>v.<br><br>Bank of America<br>100 North Tyron Street<br>Charlotte, NC  28255<br>      Serve on:<br>      C T Corporation<br>      225 Hillsborough Street<br>      Raleigh, NC 27603<br><br>            Defendants. | Case No.: 05-0004542<br>Judge:<br><br>Deck Type: Civil Rights |

## COMPLAINT

COMES NOW Plaintiff, George Banks, by and through undersigned counsel, and files this Complaint for damages against Defendants, Bank of America.

### JURISDICTION AND VENUE

1.      Jurisdiction of the Court is invoked pursuant to the court's jurisdiction over the state law claims and under D.C. Code § 11-921 (1981). Venue is proper within the jurisdiction of the District of Columbia as the alleged events occurred in the District of Columbia.

### PARTIES

2.      Plaintiff, George Banks ("Banks") is a citizen and resident of the District of Columbia. He is a licensed private detective and owner of a private detective agency.

3. Defendant, Bank of America ("BOA), is a business operation in the District of Columbia. The BOA branch at issue here is located at 1835 Columbia Road, NW, Washington, D.C. 20005.

## FACTS COMMON TO ALL COUNTS

4. On June 15, 2002, Banks entered the above described BOA branch where; he maintained both a company payroll account and a checking account.

5. Banks approached the teller, a Hispanic woman, to engage in business transaction involving his accounts.

6. The teller asked Banks to produce two (2) forms of identification to which Banks complied.

7. After producing his identification which accurately depicted Plaintiff photographically, the teller began to study them and determined that they were satisfactory and proceeded to complete the transaction.

8. Subsequently, a Caucasian teller, approached the window, examined his identification, asked no questions, and then immediately and rudely refused to complete the transaction stating that Plaintiff "did not look like he owned the business". She then reversed the transaction and refused to give Plaintiff the money.

9. Notwithstanding Plaintiff's depositor relationships with the Bank and compliance with the request to produce his two (2) forms of identification, Defendant's agents (two tellers) refused to conduct a standard business transaction with the Plaintiff.

10. A BOA manager, a Caucasian male, intervened but took no steps to examine or verify Plaintiff's identification. He admitted that the two (2) forms of identification provided by

2

the Plaintiff were acceptable.

11. Instead, an off-duty police officer and a BOA security guard jointly detained Plaintiff and further precluded him from obtaining his money.

12. Plaintiff was ultimately arrested and taken to the Third Police District, where he was charged with disorderly conduct and detained for four (4) hours.

13. As a result, Plaintiff was embarrassed, humiliated, and frustrated and insisted that their treatment of him was inappropriate.

14. After his release, Plaintiff was taken by the police to George Washington University Hospital where he was asked to be treated, but he refused and insisted that he visit his personal physician, which he did.

15. A criminal trial was scheduled for July 23, 2002 at which time the U.S. Attorney's Office agreed to dismiss all charges against Banks.

16. The situation would not have occurred but for the Bank's failure to properly treat Banks, consistent with its policies and procedures and as it does its non-African-American customers.

## COUNT I

### NEGLIGENCE

17. Plaintiff incorporates, by reference, paragraphs 1 through 16 as if fully set forth herein.

18. Defendant's employees in refusing to service Plaintiff violated itspolicies, customs, and practices and further violated Plaintiff's rights as a Bank customer.

19. In so doing, the BOA manager failed to properly supervise Bank staff and

3

to provide equal and proper treatment of Plaintiff.

20.     As a direct and proximate result of Defendant's acts and omissions, Plaintiff was refused services and wrongfully and unlawfully arrested.

21.     As a further direct and proximate result of Defendant's actions, Plaintiff suffered embarrassment, humiliation, fear, loss of self-esteem, loss of reputation and mental anguish.

WHEREFORE, Plaintiff respectfully prays this Honorable Court enters:

(a)     Judgment against Defendant for compensatory damages in an amount in excess of one hundred fifty thousand dollars ($150,000); and

(b)     Judgment against Defendant for reasonable attorneys fees, costs and such other relief as this Court deems just and proper.

## COUNT II

### VIOLATION OF CIVIL RIGHTS, 42 U.S.C. SECTION 1981

22.     Plaintiff incorporates by reference all the allegations in paragraphs 1 through 21.

23.     Plaintiff further alleges that the Defendant interfered with the enjoyment of his contract rights and benefit by imposing a different and greater standard upon him as a depositor than that imposed upon other non African-Americans.

24.     As a further direct and proximate result of Defendant's actions, Plaintiff suffered embarrassment, humiliation, loss of liberty, loss of reputation, loss of self-esteem and mental anguish.

WHEREFORE, Plaintiff respectfully prays this Honorable Court enters:

(a)     Judgment against Defendant for compensatory damages in an amount in excess of

PAGE 2/2 * RCVD AT 8/23/2005 1:59:41 PM [Eastern Daylight Time] * SVR:BALTFAX01/0 * DNIS:3700 * CSID: * DURATION (mm-ss):01-08

two hundred and fifty thousand dollars ($250,000);

(b) Judgment against Defendant for punitive damages in an amount in excess of two hundred and fifty thousand dollars ($250,000).

(c) Judgment against Defendant for reasonable attorney's fees, cost and such other relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a jury trial as to all issues.

Respectfully submitted,

Donald M. Temple # 408749
1229 15th Street, NW
Washington, D.C. 20005
(202) 628-1101
(202) 628-1149 facsimile
Attorney for Plaintiff