**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GEORGE BANKS,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No. 05-CV-01688** |
| **BANK OF AMERICA, N.A.,** | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
## DISCOVERY AND FOR SANCTIONS

Defendant, Bank of America, N.A. ("Defendant"), by its undersigned attorneys and pursuant to Federal Rule of Civil Procedure 37, hereby files this Memorandum in Support of Motion to Compel Discovery and for Sanctions, and states as follows.

### INTRODUCTION

Plaintiff, George Banks ("Plaintiff"), filed this suit against the Bank alleging negligence and civil rights violations arising from an incident that occurred in a banking center of the Bank in the District of Columbia on June 15, 2002 in which Plaintiff was arrested by the D.C. Metro police, removed from the banking center and charged with disorderly conduct. On June 15, 2005, Plaintiff filed his Complaint against the Bank.

The Bank mailed Interrogatories and a Request for Production to counsel for Plaintiff on November 3, 2005, pursuant to Fed. R. Civ. Proc. 33. The Scheduling Order in this case was entered on January 18, 2006, which set the discovery deadline for July 1, 2006. However, the Bank did not receive Plaintiff's Answers to Interrogatories until May 17, 2006 and did not receive Plaintiff's Responses to the Bank's Request for Production of Documents until May 26,

2006. Despite being nearly six months late, the answers the Bank finally did receive were in many instances wholly non-responsive. True and correct copies of Plaintiff's Answers to Interrogatories and Responses to Request for Production of Documents are attached hereto as **Exhibits 1 and 2**, respectively.

In an effort to resolve Plaintiff's discovery deficiencies without involving the Court, counsel for the Bank first contacted Plaintiff's counsel by letter dated February 28, 2006. The letter highlighted the Plaintiff's overdue discovery responses and requested that she be informed as to when the discovery would be answered. <u>See</u> *Certificate of Good Faith*, attached hereto as **Exhibit 3** and incorporated herein by reference. After no response was received, counsel for the Bank contacted Plaintiff's counsel numerous times by telephone over the next several months to inquire about the status of Plaintiff's discovery responses. <u>Id.</u> Then, on May 16, 2006, counsel for the Bank contacted Plaintiff's counsel by telephone and it was agreed that Plaintiff's counsel would provide responses by May 19, 2006. <u>Id.</u> Although the Bank received Answers to Interrogatories on May 17, 2006, the Answers were completely evasive and non-responsive. In addition, Plaintiff did not serve responses to the Bank's document responses at that time.

On May 26, 2006, the Bank finally received Plaintiff's responses to the document requests. <u>Id.</u> By letter dated June 13, 2006, which was sent by facsimile and first class mail, the Bank informed Plaintiff of its objections to his Answers to Interrogatories and requested complete responses within five days. <u>Id.</u>

Subsequent to sending the June 13th letter, the Bank followed up with a phone call to the Plaintiff regarding the non-responsive discovery responses. Plaintiff's counsel assured the Bank that the deficient discovery responses would be supplemented in order to comply with the Plaintiff's obligations under the Federal Rules. <u>Id.</u> Despite this assurance and the good faith efforts of the Bank to rectify this discovery issue without involving the court, Plaintiff's

uncooperative and intentional behavior has left the Bank with no other option then to file this motion to compel. No depositions have been taken in this case in light of the discovery dispute.

As set forth fully below, Plaintiff has served incomplete or non-responsive discovery responses. For these reasons and pursuant to Fed. R. Civ. Proc. 37, the Bank asks this Court to grant its motion to compel discovery and for sanctions including attorney's fees and costs associated with filing this motion.

## DISPUTED DISCOVERY RESPONSES

Under the Federal Rules of Civil Procedure, a responding party has the obligation to answer each interrogatory separately and fully. Fed. R. Civ. Proc. 33(b)(1). An evasive or incomplete answer is a failure to disclose. Fed. R. Civ. Proc. 37(a)(3). If a party happens to object to a particular interrogatory, the party must state the basis for its objections with specificity and answer to the extent not objectionable. Fed. R. Civ. Proc. 33(b)(1). A party that fails to either fully answer an interrogatory or state the specific grounds for not answering, may be subject to various remedies imposed by the court including an order to compel, the payment of expenses, and sanctions. Fed. R. Civ. Proc. 37(a). Following are the specific interrogatories presented to the Plaintiff, to which the Plaintiff either failed to provide a proper answer or completely failed to answer.

**Interrogatory No. 9:**

> Set forth the substance of any and all declarations or admissions
> against interest that you contend were made by any party to this
> litigation, or its agents and employees, and set forth the date on
> which it was made, the person making the declaration or
> admission, and the name, and address of each and every person
> who witnessed the same, and identify any and all documents which
> set forth, describe or relate to such declarations or admissions.

Plaintiff's response to this Interrogatory was simply "[n]ot applicable." In his Complaint, Plaintiff alleges that he was damaged by the Bank's negligence and discriminatory actions.

Plaintiff alleges such damages arose from his interaction with two Bank tellers, the branch manager and the Bank's security officer. Yet, when the Bank requested Plaintiff to provide details as to any declarations or admissions against the Bank's interest, he responded that such a question was "not applicable." This is a completely non-responsive answer.

The Bank is entitled to discover whether or not Plaintiff will rely in attempting alleged admissions of the Bank. Plaintiff's answer must be supplemented in order to comply with his obligations under the discovery rules. Plaintiff must provide the detail requested in the interrogatory or answer "none" to the question since Plaintiff did not object to this interrogatory on any specific grounds.

**Interrogatory No. 12:**

> Identify and describe all communications and correspondence between you and the Bank referring or relating to any fact or issue raised in your Complaint.

Plaintiff's response to this Interrogatory was simply "[n]ot applicable." As stated above, Plaintiff's causes of action are based on his interaction with a number of Bank employees and the Bank is entitled to know which communications or comments he will rely on in attempting to prove his case. Furthermore, in his Answers to Interrogatories, Plaintiff misquoted the Bank's original Interrogatory in his response. Plaintiff's Answer quotes the Bank's interrogatory as:

> Identify and describe all communications and correspondence between you and the Bank referring or relating to any fact or issue [missed] in your Complaint.

If Plaintiff has misinterpreted this interrogatory, he is obligated to correct it now that he has been made aware of his mistake. If Plaintiff intended to answer "not applicable," he has completely failed to response to the interrogatory and must supplement his answer with the requested information or answer "none" since Plaintiff did not object to this interrogatory on any specific grounds.

4

**Interrogatory No. 13:**

> State in detail the manner in which you assert that the incident referred to in the Complaint occurred, specifying the position and location of each person involved at the time of and immediately after the incident.

Plaintiff simply responded, "See complaint." However, the Complaint filed by Plaintiff is completely devoid of specific details concerning the essential elements of the alleged causes of action. The Bank is entitled to discover the alleged facts regarding the incident described in the Complaint in detail and in Plaintiff's own words. A reference to complaint's general description of the incident giving rise to the action is an evasive answer which completely fails to comply with the Plaintiff's obligations under the discovery rules. Therefore, this answer must be supplemented.

**Interrogatory No. 14:**

> State the full name and last known address of the person(s) or agencies with whom you contacted or reported any of the facts alleged in your Complaint, and the substance of the conversation, including the date of the conversation and location.

Plaintiff responded to this interrogatory by stating "[n]ot applicable." As stated above, Plaintiff must respond to this question, specifically object or reply none, as applicable. Plaintiff's response of "not applicable" is ambiguous. If Plaintiff has not contacted or reported any of the facts of this case to another party, he must say so, on the other hand, if Plaintiff objects to this interrogatory, he must specifically state his grounds. Plaintiff must supplement his answer to this interrogatory.

**Interrogatory No. 20:** List all facts in support of your claim for punitive damages.

Plaintiff responded to this interrogatory by stating, "[t]o be provided." This is an unresponsive answer. Plaintiff was served with discovery in the first week of November. The Answers to Interrogatories were provided on May 17, 2006. Plaintiff has had ample time to

gather and provide the Bank with information relating to the basis of his punitive damages in the amount of $250,000. The Bank is entitled to know the basis of this request for punitive damages so it may investigate and defend itself. Plaintiff must supplement this response with complete details and list of facts that he will rely on to prove punitive damages. Plaintiff's response of, "to be provided," at this late stage of the case clearly hampers the Bank's ability to formulate its defense. Plaintiff must supplement his answer or strike his request for punitive damages.

**Interrogatory No. 21:**

> Describe in complete detail and list all facts in support of each of your allegations that you suffered embarrassment, humiliation, fear, loss of self-esteem, loss of reputation and mental anguish as described in paragraphs 21 and 24 of the Complaint.

Plaintiff's sole response is to refer the Bank to the Complaint. In the Complaint, Plaintiff simply states the conclusion that he suffered certain emotional injuries. Plaintiff does not provide any facts upon which these alleged damages are based. To refer the Bank to the very conclusory statements to which it seeks detail is unresponsive. The Bank is entitled to this information so that it may defend itself. Plaintiff must supplement this answer with the requested factual detail or strike his allegations of emotional injuries.

**Interrogatory No. 23:**

> State whether you, your attorney, or anyone acting on your behalf or their behalf obtained statements in any form from any persons regarding any of the events that occurred at the scene of the incident referred to in the Complaint immediately before, at the time of or immediately after the incident.
> If so, state:
>
> a. name and address of the person from whom any statements were taken;
> b. the dates on which the statements were taken;
> c. the names and addresses of the persons and employers of the persons who took the statements;
> d. the names and addresses of the persons having custody of the statements; and

   e.  whether the statements were written or recorded by
recording device, court reporter or stenographer.

  In response to this interrogatory, the Plaintiff states "see attached deposition transcripts."

This response is completely improper. It is not the Bank's obligation to shift through deposition

transcripts from another case in which it was not involved to answer its own interrogatory.

Plaintiff's answer is non-responsive and must be supplemented.

**Interrogatory No. 24:**

   Identify every act and/or omission on the part of the Bank upon
which you rely to support the claims set forth in your Complaint.

  Plaintiff responded to this interrogatory by stating "[n]ot applicable." As stated above,

Plaintiff must provide the detail requested by the Bank, object to the question with specificity or

answer none. Plaintiff's "not applicable" answer is non-responsive.

**Interrogatory No. 25:**

   Explain the factual and legal basis of your contention in
Paragraphs 17-21 of the Complaint that the Bank was negligent.

  Plaintiff's response to this Interrogatory was "[t]he Bank breached their policies of

serving and protecting Plaintiff as a customer." As set forth above, Plaintiff has asserted legal

conclusions in its Complaint and the Bank is entitled to know the facts that Plaintiff will rely on

to support those conclusions. A restatement of the same legal conclusions asserted in the

Complaint is completely non-responsive and must be supplemented.

**Interrogatory No. 26:**

   Explain the factual and legal basis of your contention in
Paragraphs 22-24 of the Complaint that the Bank violated 42
U.S.C. Section 1981.

  Plaintiff's response to this interrogatory was "Plaintiff was treated differently on the basis

of his race and impeded form the enjoyment of his contract as a customer – and specifically

denied from making withdrawals from his accounts." As with his Answer to Interrogatory No. 25, Plaintiff simply restates the legal conclusions asserted in the Complaint. There are absolutely no factual allegations contained in his Answer. The Bank, however, is entitled to the facts that Plaintiff will rely on to support his legal conclusions.

**Interrogatory No. 27:**

> If you contend that your arrest as described in the complaint was due to any fault on the part of the Bank, describe in detail the factual basis for such contention.

In response to this interrogatory, Plaintiff states, "see answer to number 25." As already noted above, Plaintiff's Answer to Interrogatory is completely unsatisfactory and certainly does not provide a proper response to the Interrogatory.

**Interrogatory No. 29:**

> Describe in detail and itemize all damages allegedly suffered by you as a result of the allegations in the Complaint. If you contend that you have suffered actual damages, state whether you seek an award of actual damages in this lawsuit and identify and quantify each and every element of such actual damages.

In response to this interrogatory, Plaintiff states, "[c]ompensatory damages for emotional pain and suffering. Plaintiff also demands punitive damages." Plaintiff's answer is completely absent of the detail requested by the Bank. Plaintiff is seeking compensatory and punitive damages, yet has failed to provide any facts or point to any documentation to support such claims. The Bank is entitled to the information and evidence documenting all claims for damages in this case.

**Responses to Request for Production of Documents:**

**Request No. 9:**

> All documents relating to the damages you allegedly suffered as a result of the allegations in this case, including, but not limited to, actual damages and statutory damages and any claim for attorneys' fees or costs

Plaintiff's Response was "Document(s) to be provided. Considering that the discovery deadline is July 1, 2006 and Plaintiff has provided no evidence of damages, this case should be dismissed.

**Request No. 10:**

>All documents relating to your contention in paragraphs 17-21 of your Complaint that the Bank was negligent.

Plaintiff's Response was "Document(s) to be provided. Plaintiff has failed to provide any documents in response to this Request and the discovery deadline is July 1, 2006.

**Request No. 11:**

>All documents relating to your contention in paragraphs 22-24 of your Complaint that the Bank violated 42 U.S.C. Section 1981.

Plaintiff's Response was "Document(s) to be provided. Again, Plaintiff has failed to provide any documents in response to this Request and the discovery deadline is July 1, 2006.

The Bank has submitted a Certificate of Good Faith with regard to the disputed discovery which is the subject of this Motion. Due to Plaintiff's failure to provide timely and responsive discovery responses, the Bank requests that it be granted reasonable attorney's fees of for the time and expense associated with the preparation of this Motion.

## CONCLUSION

For the foregoing reasons, Defendant, Bank of America, N.A. respectfully asks this Court to grant its Motion to Compel Response to the Bank's Interrogatories and Request for Production of Documents and For Sanctions.

Respectfully submitted,

_____/s/_____
Tessa Laspia Frederick (#465519)
Jessica A. duHoffmann  (#476383)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland  21202
(410) 727-6464

OF COUNSEL:            Jefferson V. Wright
                       MILES & STOCKBRIDGE P.C.
                       10 Light Street
                       Baltimore, Maryland  21202
                       (410) 727-6464

Counsel for Defendant, Bank of America, N.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, pursuant to LCvR 5.4 that on the 26th day of June 2006, Counsel for Plaintiff, Donald Temple, Esquire, should receive electronic notice of the filing the foregoing **Memorandum in Support of Motion to Compel Discovery and for Sanctions**  at TemplePC@aol.com, which e-mail address has been designated by Plaintiff's counsel to receive notices of electronic filings in this case.

_____/s/_____
Tessa Laspia Frederick

::ODMA\PCDOCS\BALT01\1094887\1

10



1229 15TH STREET, N.W.
WASHINGTON, D.C. 20005

TELEPHONE (202) 628-1101
FACSIMILE (202) 628-1149

May 17, 2006

By Facsimile and First Class Mail

Jessica A. duHoffmann, Esq.
Miles & Stockbridge P.C.
10 Light Street
Baltimore, MD. 21202 - 1487

Re:    George Banks v. Bank of America

Dear Ms. duHoffmann:

Enclosed please find a copy of Plaintiff's Responses To Defendant's Interrogatories.  The document responses are forthcoming.

Respectfully,

Donald M. Temple, Esq.

**EXHIBIT**

tabbies®

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| George Banks ) | |
| ) | |
| Plaintiff, ) | Case No. 05-CV-01688 |
| ) | Judge Henry Kennedy |
| v. ) | Deck Type: Civil |
| ) | |
| Bank of America ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES

COMES NOW Plaintiff, George Banks by and through undersigned counsel, pursuant to

the Federal Rules of Civil Procedure hereby responds to Defendant Bank of America's ("BOA")

Interrogatories.

Subject to the objections and responses as set forth below, the Plaintiff says:

(a) The information supplied in these Answers to Interrogatories is not based solely on the

knowledge of the executing party, but includes the knowledge of the party and attorneys, unless

privileged.

(b) The word usage and sentence structure may be that of the attorneys assisting in preparation of

these Answers and, thus, does not necessarily purport to be the precise language of the executing

party.

(c) Plaintiff reserves the right to amend these answers after discovery from the Defendant, with

further information as it may come to the party prior to hearing dates.

## GENERAL OBJECTIONS

(d) **Relevance**: Plaintiff objects to these interrogatories to the extent they seek information or documentation not relevant to the issues raised in this lawsuit, and to the extent that the interrogatories are not reasonably calculated to lead to the discovery of admissible evidence. Nothing herein should be construed as an admission by Plaintiff of the admissibility or relevance of any fact or document. An objection that an interrogatory is overboard includes the concern that it seeks irrelevant information.

(e) **Vague, ambiguous and Overly-Broad**: Plaintiff objects to these interrogatories to the extent that they are vague, ambiguous, overly-broad, unduly burdensome, oppressive or fail to identify with sufficient particularity the information requested and, thus, are not susceptible to response.

(f) **Excessive Burden**. Plaintiff objects to these interrogatories that require an unduly burdensome search for documents that have little or no relevance to this lawsuit. The value of producing such responses, if the documents could be found, would be far outweighed by the time, expense, and effort involved in searching for them.

(g) **Repetitive**. Plaintiff objects to these interrogatories to the extent that they are repetitive of other requests.

(h) Plaintiff objects to each interrogatory to the extent that it purports to request information protected from disclosure by the attorney-client privilege, the accountant-client privilege or the attorney work-product doctrine.

(i) Plaintiff objects to the instructions to interrogatories to the extent that they purport to impose upon the Plaintiff obligations in addition to or different than those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

<u>**Response to Interrogatories**</u>

1. State your full name, current address, social security number, date of birth, marital status, and all names previously used by you.

Answer: George S. Banks, 7705 Georgia Avenue, NW, Apt. 212, Washington, DC 20012. Social Security number is 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. Date of Birth September 24, 1956. Marital Status: Single. Plaintiff has used no other names.

2. Beginning with your present address, list in chronological order the address of each of your previous residences for the past ten years including the dates of residence.

Answer: Current Address: 1317 Bryant Street, NE, Washington, DC. Previous Addresses: 112 N. First Street, Hampton, Virginia; 8806 Manchester Pl., Silver Spring, Maryland; 94 Pontiac Avenue, Cranston, RI 02910; 455 Potters Ave., Providence, RI; 48 Jallah Town Rd., Monrovia Liberia; and 27 Broadway Rd.,Brewersville, Liberia.

3. Beginning with your current employer, list in chronological order your employment history for the past ten (10) years, including the name, address, and telephone number of your current and previous employer(s), your job title(s), and description of your duties.

Answer: See attached resume.

4. State whether you have ever been a named party in a civil or criminal suit, and if your answer is in the affirmative, state the nature of the suit(s), the name of the court(s) and court docket reference(s), the current disposition of the case and state whether you were represented by counsel at the time.

Answer: <u>George Banks v. District of Columbia, et al.</u>; case number 1:02CV02304; United States District Court for the District of Columbia; False Arrest, Police Brutality. Plaintiff obtained legal representation in that case. The matter was disposed through settlement. District of Columbia

brought criminal charges against Plaintiff; however, the charges were nolle **prosequied** on July 23, 2002.

5. Identify all persons who are likely to have personal knowledge of any fact alleged in the complaint, and state the subject matter of the personal knowledge possessed (or which you believe may be possessed) by each such person.

Answer: None known at this time.

6. Identify each person and /or witness, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position you have taken or intend to take in this action, including your claims for damages and class certification, and state the subject matter of the information possessed (or which you believe may be possessed) by each such person and or witness.

Answer: None known at this time.

7. Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify and a summary of the grounds for each opinion, and, with respect to an expert whose findings and opinions were acquired in anticipation of litigation or for trial, summarize the qualifications of the expert, state the terms of the expert's compensation, and attach your Answers any written report made by the expert concerning the expert's findings and opinions.

Answer: None known at this time.

8. If you indeed to reply upon any documents or other tangible things to support any position that you have taken or intend to take in this action, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody or control of them.

Answer: See attached.

9. Set forth the substance of any and all declarations or admissions against interest that you contend were made by any party to this litigation, or its agents and employees. and set forth the date on which it was made, the person making the declaration or admission. and the name. and address of each and every person who witnessed the same, and identify any and all documents which set forth, describe or relate to such declarations or admissions.

Answer: Not applicable.

10. Describe in detail your physical condition, including any diagnosis or prognosis. stemming from the incident described in the Complaint.

Answer: See Answer to Interrogatory 19.

11. Identify the persons providing medical treatment in your response to Interrogatory No. 10. including their full name, address of their office, and telephone number and the treatment rendered by each person for each of the conditions.

Answer: See Answer to Interrogatory 19.

12. Identify and describe all communications and correspondence between you and the Bank referring or relating to any fact or issue missed in your complaint.

Answer: Not applicable.

13. State in detail the manner in which you assert that the incident referred to in the Complaint occurred, specifying the position and location of each person involved at the time of and immediately after the incident.

Answer: See complaint.

14. State the full name and last known address of the person(s) or agencies with whom you contacted or reported any of the facts alleged in your complaint, and the substance of the

conversation, including the date of the conversation and location.

Answer: Not Applicable.

15. State the name and job titles of any Bank employees involved in the incident alleged in the complaint.

Answer: See answer to interrogatory 16.

16. State your purpose in coming into Bank of America on the day of the alleged incident described in your Complaint, describe how often you used the Bank branch at issue on a weekly basis and list the address of the addresses of other Bank branches used by you to conduct bank transactions on your account(s) with the Bank.

Answer: On June 15, 2002, I went to Bank of America at 1835 Columbia Road, NW to conduct a business transaction. I was withdrawing $1,000.00 from one of my accounts and transferring $700.00 of that $1,000.00 to another account and keeping the remaining $300.00. The teller processed my request and was about to give me the amount I requested, when another teller told her not to complete my transaction. I inquired why. She then replied that she would have to check and verify that I owned the business. The second teller said that I did not look like I owned the business, even though I produced two forms of identification. Mr. Jordan alleged that I provided only one form of identification to the teller. At this point, an off duty Metropolitan Police Officer Johnny Tubbs ("Tubbs") approached me with pepper spray and pointed it at me. Officer Tubbs asked Mr. German Jordan ("Jordan"), the bank manager, if he should throw me out of the bank. Mr. Jordan said no and that he could resolve this matter. Mr. Jordan asked me to go and sit by his desk while he resolved the issue. I then proceeded to Mr. Jordan's desk.

As Mr. Jordan and I spoke, Officer Tubbs interrupted and told me that if I spoke again, he would handcuff me. I told him that I was conducting my business. Officer Tubbs told

Mr. Jordan that it was now out of the hands of the bank and that this was now a Metropolitan Police Department matter. Mr. Jordan told Officer Tubbs that the Bank could handle the situation. Mr. Jordan then turned to the Bank's Special Police Officer ("SPO"), Winfred Wrice ("SPO Wrice") and said "get him out of the Bank" (Dep. German Jordan at 40). Officer Tubbs then placed me in handcuffs and he double locked the handcuffs. Officer Tubbs dragged me by the handcuffs out of the bank, while holding the handcuffs up in the air. I was bent over because Officer Tubbs was holding the handcuffs up while he was dragging me out of the bank backwards approximately 100 feet. Officer Tubbs over tightened the handcuffs. Officer Tubbs told the special police officer to call Third District, so I could be transported to the Third District police department. I was arrested for disorderly conduct and transported to Third District, even though I did not do anything wrong.

17.    State the name(s), business and home addresses of the off-duty police officer and security guard you alleged were involved in the incident described in the Complaint.

Answer: Officer John Tubbs, Jr., Metropolitan Police Department, Badge Number 2799. Winfred Wrice, SPO, Bank of America, 1835 Columbia Road, NW, Washington, DC.

18. Describe in complete detail how you were transported to the police station, the location of the police station, the charges brought against you in any charging document or other complaint filed by the police department and the current status or disposition of such charges.

Answer: The District of Columbia brought charges of disorderly conduct against me in the Superior Court of the District of Columbia. The case was charges were nolle **prosequied** on July 23, 2002.

19.    State the date and location that you first sought medical attention for the injuries that you allege in your Complaint and identify and describe all facts in support of your claim in paragraph

14 of the Complaint that you visited your "personal physician," listing in your Answer the name, telephone number and address of such physician and the dates(s) on which you visited this physician as a result of the incident described in the Complaint.

Answer: Washington Adventist Hospital, 7600 Carroll Avenue, Takoma Park, MD 20912 - June 16, 2002 - Diagnosis - Shoulder pain and a contusion. I was prescribed medication for both pain and inflammation and a muscle relaxant. Cedric Poku-Dankwah, MD. 2139 Georgia Ave. NW, Suite 3E, Washington, DC 20001 - June 17, 2002 thru August 29, 2002 - Diagnosis - Shoulder sprain/pain and a contusion. Comprehensive Rehabilitation Services 8121 Georgia Ave, 701A, Silver Spring, MD 20910 - August 14, 2002 through August 22, 2002 - Diagnosis - arm pain. pain in right and left shoulder, pain radiates from right shoulder to wrist, pain radiates from left shoulder to wrist, diffuse strain/sprains of shoulder soft tissue.

20. List all facts in support of your claim for punitive damages.

Answer: To be provided.

21. Describe in complete detail and list all facts in support of each of your allegations that you suffered embarrassment, humiliation, fear, loss of self-esteem, loss of reputation and mental anguish as described in paragraph 21 and 24 of the Complaint.

Answer: See Complaint

22. After the incident in question, was an investigation conducted on your behalf? If so, state the name and address of the organization or individual who conducted the investigation and whether a written report was submitted as a result of the investigation. Please attach copies of those reports to your answers to interrogatories.

Answer: No.

23. State where you, your attorney, or anyone acting on your behalf or there behalf obtained

statements in any form from any persons regarding any of the events that occurred at the scene of the incident referred to in the Complaint immediately before, at the time of or immediately after the incident.

If so, state:

    a. name and address of the person from whom any statements were taken;

    b. the dates on which the statements were taken;

    c. the name and addresses of the persons and employers of the persons who took the statements;

    d. the name and addresses of the persons having custody of the statements; and

    e. whether the statements were written or recorded by recording device, court reporter or stenographer.

Answer: See attached deposition transcripts.

24. Identify every act and/or omission on the part of the Bank upon which you rely to support the claims set forth in your Complaint.

Answer: Not Applicable.

25. Explain the factual and legal basis of your contention in Paragraphs 17-21 of the Complaint that the Bank was negligent.

Answer: The Bank breached their policies of serving and protecting Plaintiff as a customer.

26. Explain the factual and legal basis of your contention in Paragraphs 22-24 of the complaint that the Bank violated 42 U.S.C. Section 1981.

Answer: Plaintiff was treated differently on the basis of his race and impeded from the enjoyment of his contract as a customer–and specifically denied from making withdrawals from his accounts.

27. If you contend that your arrest as described in the complaint was due to any fault on the part

of the Bank, describe in detail the factual basis for such a contention.

Answer: See answer to number 25.

28. Identify any and all lawsuits or claims filed by you against any other party in connection with

the same incident described in your Complaint, including in your Answer the name of the

party(ies) against whom you filed a claim or complaint, the name of the court and case or claim

number, the current status of the claim or complaint and the amount of any settlement you

received as a result of the filing of such claim or complaint.

Answer: George Banks v. D.C. et al., U.S. District Court for the District of Columbia, CA-02-

2304, $29,000.

29. Described in detail and itemize all damages allegedly suffered by you as a result of the

allegations in the Complaint. If you contend that you have suffered actual damages, state whether

you seek an award of actual damages in this lawsuit and identify and quantify each and every

element of such actual damages.

Answer: Compensatory damages for emotional pain and suffering. Plaintiff also demands

punitive damages.

_____
George Banks

APRIL 20, 2006
Date

Respectfully submitted,

_____
Donald M. Temple (Bar# 407849)
1229 15th Street NW
Washington, DC 20005
Phone: 202-628-1101
Fax: 202-628-1149

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
George Banks                        )
                                    )
              Plaintiff,            )        Case No. 05-CV-01688
                                    )        Judge: Henry Kennedy
v.                                  )        Deck Type: Civil
                                    )
Bank of America                     )
                                    )
              Defendant.            )
_____)

## PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Plaintiff, George Banks by and through undersigned counsel, pursuant to

the Federal Rules of Civil Procedure Rule 34, hereby responds to Defendant Bank of America's

("BOA") Request for Production of Documents. Subject to the objections and responses as set

forth below, Plaintiff:

1.      States that the information supplied in these Responses is not based solely on the

knowledge of the executing party, but includes the knowledge of the party and attorneys, unless

privileged.

2.      States that the word usage and sentence structure may be that of the attorneys

assisting in the preparation of these Responses, and thus, does not necessarily purport to be the

precise language of the executing party.

3.      Reserves the right to amend these Responses after discovery is served upon

Defendant, as further information becomes available to the Plaintiff.

**EXHIBIT**

2

## **GENERAL OBJECTIONS**

Plaintiff objects to Defendant's Request for Production of Documents to the extent they seek information beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. Plaintiff also makes the following General Objections to Defendant's Document Requests. General Objections are made to all Request for Documents and are not necessarily repeated after each Request to which an objection is asserted. The assertion of the same, similar or additional objections in the individual objections and responses to these Requests, or the failure to assert any additional objections, does not waive any of Plaintiff's General Objections as set forth below.

1.      Plaintiff objects to any attempt by Defendant, through definitions, instructions or otherwise, to impose any obligation on Plaintiff beyond the obligations imposed by the Federal Rules of Civil Procedure.

2.      Plaintiff objects to all instructions and requests to the extent the instructions and requests seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to the instructions set forth in Defendant's requests to the extent that they require or purport to require information or detail beyond that to which Defendant is entitled under the applicable rules.

3.      Plaintiff objects to all instructions and requests to the extent that the instructions and requests seek information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable legal privilege, protection or rule of confidentiality. Inadvertent disclosure of any privileged information in response to the Requests shall not be deemed a waiver of the applicable privilege.

2

4.      Plaintiff objects to all instructions and requests that seek confidential and private information.  Such documents will be produced only pursuant to a court order.

5.      Plaintiff objects to all instructions and requests that seek information that is beyond Plaintiff's control or is in the control of entities or individuals other than Plaintiff's.

6.      Plaintiff objects to all instructions and requests for information that is readily available to Defendant from its own records or is in the possession of third parties.  Production of such information would, therefore, be unduly burdensome.

7.      Plaintiff objects to all instructions and requests to the extent that they use the phrase "any and all" relating to or referring to a certain matter or event.  Such instructions and requests are overly broad and unduly burdensome, not within the practical capabilities of the Plaintiff and beyond the requirements of the applicable rules.  In each case where some answers or production is provided, such answer or production is based upon all of a logically directed search through the records of this Plaintiff.  Plaintiff has not undertaken or completed a review of every document it retains and objects to any purported requirement to do so.

8.      Plaintiff objects to all instructions and requests that are unreasonably vague, broad, repetitious, or unduly burdensome.

9.      Plaintiff reserves the right to challenge the competency, relevancy, materiality, and admissibility at trial, or any subsequent proceeding, of any information it provides in response to these instructions and requests.

10.     Plaintiff's responses are based upon information known or reasonably believed by Plaintiff or its agents at the time of its response to these instructions and requests.  It is anticipated that further discovery, independent investigation, and analysis may supply additional

facts, give new meaning to known facts, or entail new factual conclusions. Plaintiff therefore reserves the right to amend and/or supplement these responses if new information relevant here to is learned, through discovery or otherwise.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION 1:

All documents identified or referred to in your Answers to the Bank's First Set of Interrogatories, and all document used in the preparation of your Answers to the Bank's First Set of Interrogatories.

### RESPONSE:

See documents attached.

### REQUEST FOR PRODUCTION 2:

All documents relating to any communications between you and the Bank regarding the subject matter, issues or allegations in the Complaint.

### RESPONSE:

See documents attached.

### REQUEST FOR PRODUCTION 3:

All documents relating to any admissions or statements against interest by any party of this litigation, or any third party.

### RESPONSE:

Plaintiff is unaware of any such documents at this time.

### REQUEST FOR PRODUCTION 4:

All documents relating to any person with knowledge relevant to this case or whom you

4

intend to call as fact witnesses in this case.

**RESPONSE:**

Plaintiff is unaware of any such documents at this time.

**REQUEST FOR PRODUCTION 5:**

The curriculum vitae of any expert witness you plan to use at trial.

**RESPONSE:**

No such expert is known at this time.

**REQUEST FOR PRODUCTION 6:**

All documents of any sort reviewed by supplied to, or relied upon by any expert witness

retained by you in this action.

**RESPONSE:**

No such documents known at this time.

**REQUEST FOR PRODUCTION 7:**

All reports, summaries, complications, or other documents of any sort prepared or

generated by any expert witness retained by you in this action.

**RESPONSE:**

No such documents known at this time.

**REQUEST FOR PRODUCTION 8:**

All correspondence to or from any expert witness retained by you to testify at the trial of

this case.

**RESPONSE:**

No such correspondence is known at this time.

**REQUEST FOR PRODUCTION 9:**

All documents relating to the damages you allegedly suffered as a result of the allegations in this case, including, but not limited to, actual damages and statutory damages and any claim for attorneys' fee or costs.

**RESPONSE:**

Document(s) to be provided.

**REQUEST FOR PRODUCTION 10:**

All documents relating to your contention in paragraphs 17-21 of your Complaint that the Bank was negligent.

**RESPONSE:**

Document(s) to be provided.

**REQUEST FOR PRODUCTION 11:**

All documents relating to your contention in paragraphs 22-24 of your Complaint that the Bank violated 42 U.S.C. Section 1981.

**RESPONSE:**

Document(s) to be provided.

**REQUEST FOR PRODUCTION 12:**

All documents related to the criminal charges brought against you in the District of Columbia stemming from the incident described in the Complaint.

**RESPONSE:**

Plaintiff has attached herein copies of documents from the Criminal Court file.

6

**REQUEST FOR PRODUCTION 13:**

All documents related to any civil lawsuit against the D.C. Metro Police or any other party, other than Bank of American, including, but not limited to pleadings, motions, discovery requests and responses, deposition transcripts expert opinions and reports, and settlement agreements and/or releases.

**RESPONSE:**

See documents attached.

**REQUEST FOR PRODUCTION 14:**

All videotapes, photographs or any other physical or documentary evidence of the incident alleged in the Complaint.

**RESPONSE:**

Plaintiff has no such physical evidence in his possession.

**REQUEST FOR PRODUCTION 15:**

Documentation of the banking transaction you claim that you attempted to make at the Bank at the time of the alleged incidents described in the Complaint.

**RESPONSE:**

See attached document.

**REQUEST FOR PRODUCTION 16:**

All medical records pertaining to any injuries sustained by you as a result of the incident described in the Complaint.

**RESPONSE:**

See documents attached.

Respectfully submitted,

Donald M. Temple # 408749
Temple Law Offices
1229 15th Street NW
Washington, DC 20005
202-628-1101

Attorney for Plaintiff

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __24__ day of May 2006, a copy of the forgoing

Plaintiff's Responses to Defendant's Request for Production of Documents was mailed via first

class mail, postage prepaid to:

Tessa Laspia Frederick, Esq.
Miles & Stock bridge P.C.
10 Light Street
Baltimore, MD 21201
(410) 727-6464

Jefferson V. Wright, Esq.
Miles & Stock bridge P.C.
10 Light Street
Baltimore, MD 21202
(410) 727-6464

Attorneys for Defendant

Donald M. Temple, Esq.

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GEORGE BANKS,                              *

     Plaintiff,                            *

v.                                        *          Case No. 05-CV-01688

BANK OF AMERICA, N.A.                            *

     Defendant.                            *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### CERTIFICATE OF GOOD FAITH

Defendant, Bank of America, N.A. (the "Bank"), by its undersigned attorneys and pursuant to Federal Rule 37(a)(2)(A), hereby certifies that despite the following good faith attempts, the parties have been unable to resolve the discovery disputes resulting from Plaintiff's failure to adequately respond to the Bank's Interrogatories and Request for Production of Documents.

1.     On November 3, 2006, the Bank served, via first class mail, postage prepaid, Interrogatories and a First Request for Production of Documents on Plaintiff.

2.     On January 18, 2006, this Court entered a Scheduling Order in this case. The discovery deadline was set for July 1, 2006.

3.     On February 28, 2006, counsel for the Bank sent a letter to Plaintiff's counsel regarding the overdue discovery responses. The letter requested that Plaintiff's counsel contact the Bank's counsel to inform her of when she could expect the Plaintiff's responses. A true and correct copy of the February 28, 2006 letter is attached hereto as **Exhibit A**.

4.     Jessica A. duHoffmann, co-counsel for the Bank, contacted Plaintiff's counsel numerous times by telephone between March 6, 2006 and May 15, 2006 to request that Plaintiff

EXHIBIT

3

provide discovery responses immediately. On May 16, 2006, counsel for the Bank again contacted Plaintiff's counsel regarding the overdue discovery. Plaintiff's counsel agreed to provide discovery responses by May 19, 2006. A true and correct copy of the e-mail documenting and memorializing that conversation from May 16, 2006 is attached hereto as **Exhibit B**.

5.      On May 17, 2006, Plaintiff's counsel forwarded a copy of Plaintiff's Answers to Interrogatories via facsimile. However, Plaintiff did not provide responses to the Bank's Request for Production of Documents at that time.

6.      On May 26, 2006, counsel for the Bank received Plaintiff's responses to the Bank's Request for Production of Documents.

7.      On June 13, 2006, counsel for the Bank sent a letter via facsimile and first class mail to Plaintiff's counsel, which letter contained the Bank's objections to Plaintiff's Interrogatories. The letter requested that Plaintiff's serve supplemental Interrogatories within five (5) days of the date of the letter. A true and correct copy of the June 13, 2006 letter is attached hereto as **Exhibit C**.

8.      On Friday, June 16, 2006, Plaintiff's counsel contacted counsel for the Bank and agreed to promptly provide additional and proper discovery responses pursuant to the Bank's June 13, 2006 correspondence. Plaintiff's counsel also requested a thirty day extension to the discovery deadline, for the sole purpose of taking depositions in this case. A true and correct copy of the email memorializing this discussion is attached hereto as **Exhibit D**.

Tessa Laspia Frederick  (#465519)
Jessica A. duHoffman (#476383)
Miles & Stockbridge P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

Counsel for Defendant,
Bank of America, N.A.

::ODMA\PCDOCS\BALT01\1096308\1

# MILES & STOCKBRIDGE P.C.

Tessa L. Frederick
(410) 385-3765
tfrederick@milesstockbridge.com

February 28, 2006

Donald M. Temple, Esquire
1229 15th Street, N.W.
Washington, D.C. 20005

**Re:    George Banks vs. Bank of America, N.A.**

Dear Donald:

I am writing with regard to Bank of America's Interrogatories and Request for Production of Documents directed to your client. Those discovery documents were mailed out from my office on November 3, 2005. The Scheduling Order in this case was entered on January 18, 2006 and it has been over 30 days since the entry of that Order. Thus, your discovery responses are long overdue and I would appreciate your notifying me of when I can expect your response. Please consider this a first attempt to resolve this discovery dispute.

On a related matter, I will be out on maternity leave beginning next week. As you should know by now, I have entered the appearance of Jessica duHoffmann of my firm who will be managing this case while I am on leave. Her contact information is as follows:

Jessica A. duHoffmann, Esquire
Associate
Miles & Stockbridge P.C.
10 Light Street
Baltimore, MD 21202-1487
Phone (410) 385-3782 (Direct Dial)
E-mail:jduhoffm@milesstockbridge.com

Thank you.

Very truly yours,

Tessa Laspia Frederick

::ODMA\PCDOCS\BALT01\1060439\1

**EXHIBIT**

A

**Makar-Markov, Jeanne M.**

| | |
|---|---|
| **From:** | duHoffmann, Jessica |
| **Sent:** | Tuesday, May 16, 2006 11:40 AM |
| **To:** | 'dtemplelaw@aol.com'; 'dmt@templelawoffices.com' |
| **Cc:** | Makar-Markov, Jeanne M. |
| **Subject:** | Banks v. Bank of America, N.A.;  Case No.: 05-1688 |

Dear Mr. Banks,

This is to confirm our conversation today that you will be providing complete discovery responses to the interrogatories and document requests served upon your client by Bank of America in November of 2005.  Since these responses are well overdue despite written and verbal requests from this office, I will have no choice but to file the appropriate motion with the Court if you do not provide complete and proper responses by Friday.  Naturally, I would like to avoid having to file such a motion and involving the Court in such an unnecessary discovery dispute.

Please do not hesitate to telephone me with any questions.  Otherwise, I look forward to your responses on Friday.

Very truly yours,

Jessica A. duHoffmann
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
Telephone: 410-727-6464
Facsimile: 410-385-3700

**EXHIBIT**

B

tabbies®

1

# MILES & STOCKBRIDGE P.C.

Jessica A. duHoffmann
Direct dial: 3410-385-3782
Email: jduhoffm@milesstockbridge.com

June 13, 2006

**VIA FACSIMILE & FIRST CLASS MAIL**
Donald M. Temple
1229 15th Street, NW
Washington, DC 20005

Re:    Banks v. Bank of America, N.A.,
       Plaintiff's Response to Defendant's Interrogatories

Dear Mr. Temple,

We have received and reviewed your client's answers to Bank of America's Interrogatories. Despite the fact that the plaintiff was served over four (4) months ago, answers to several interrogatories are so utterly unresponsive as to constitute a complete failure of discovery. If we cannot obtain a firm commitment from you by tomorrow that your client will provide supplemented answers within 5 days, we have no choice but to pursue a motion for immediate sanctions.

## Unresponsive Answers to Specific Interrogatories

As you know, under the Federal Rules of Civil Procedure, a responding party has the obligation to answer each interrogatory separately and fully. An evasive or incomplete answer is a failure to disclose. If a party happens to object to a particular interrogatory, the party must state the basis for its objections with specificity and answer to the extent not objectionable. A party that fails to either fully answer an interrogatory or state the specific grounds for not answering, may be subject to various remedies imposed by the court including an order to compel, the payment of expenses and sanctions. As set forth below, several of your client's answers are completely non-responsive to the interrogatories of Bank of America, N.A. (the "Bank"). Specifically:

Interrogatory No. 9

Plaintiff was served with the following interrogatory:

> Set forth the substance of any and all declarations or admissions against interest that you contend were made by any party to this litigation, or its agents and employees, and set forth the date on



**EXHIBIT**

C

MILES&STOCKBRIDGE P.C.

> which it was made, the person making the declaration or admission, and the name, and address of each and every person who witnessed the same, and identify any and all documents which set forth, describe or relate to such declarations or admissions.

Plaintiff responded to this interrogatory by stating "[n]ot applicable." In his complaint, plaintiff alleges that he was damaged by the Bank's negligence and discriminatory actions. Plaintiff alleges such damages arose from his interaction with two Bank tellers, the branch manager and the Bank's special police officer. Yet, when the Bank requested plaintiff to provide details as to any declarations or admissions against the Bank's interest, he responded that such a question was not applicable. This is a non-responsive answer and a complete failure of discover. The Bank is entitled to know, through discovery, whether plaintiff will rely on any alleged admissions of the Bank. Plaintiff's answer must be supplemented in order to comply with his obligations under the discovery rules. Plaintiff must provide the detail requested in the interrogatory or answer "no" to the question since plaintiff did not object to this interrogatory on any specific grounds.

Interrogatory No. 12

Plaintiff was served with the following interrogatory:

> Identify and describe all communications and correspondence between you and the Bank referring or relating to any fact or issue raised in your Complaint.

Plaintiff responded to this interrogatory by stating "[n]ot applicable." As stated above, plaintiff's causes of action are based on his interaction with a number of Bank employees and the Bank is entitled to know which communications or comments, if any, he will rely upon to attempt to prove his case. Furthermore, plaintiff has misquoted the Bank's original interrogatory in his response. Plaintiff's response quotes the Bank's interrogatory as:

> Identify and describe all communications and correspondence between you and the Bank referring or relating to any fact or issue [missed] in your Complaint.

If plaintiff has misinterpreted this interrogatory, he is obligated to correct it now that he has been made aware of his mistake. If plaintiff intended to answer "not applicable," he has completely failed to response to the interrogatory and must supplement his answer with the requested information.

Interrogatory No. 13

Plaintiff was served with the following interrogatory:

> State in detail the manner in which you assert that the incident referred to in the Complaint occurred, specifying the position and

MILES&STOCKBRIDGE P.C.

location of each person involved at the time of and immediately after the incident.

Plaintiff responded by referring the Bank to the complaint. The complaint filed by plaintiff is completely devoid of specific details concerning the essential elements of the alleged causes of action. The Bank has a right to know, specifically and in detail, plaintiff's side of the story. A simple, off-handed reference to the, at best, general description of events set forth in the complaint is a complete failure to comply with the plaintiff's obligation under the discovery rules. Therefore, this answer must be supplemented.

Interrogatory No. 14

Plaintiff was served with the following interrogatory:

> State the full name and last known address of the person(s) or agencies with whom you contacted or reported any of the facts alleged in your Complaint, and the substance of the conversation, including the date of the conversation and location.

Plaintiff responded to this interrogatory by stating "[n]ot applicable." As stated above, plaintiff must respond to this question, specifically object or reply none, as applicable. Plaintiff's "not applicable" response is, at the very least ambiguous. If plaintiff has not contacted or reported any of the facts of this case to another party, he must say so, on the other hand, if plaintiff objects to this interrogatory, he must specifically state his grounds. Plaintiff must supplement his answer to this interrogatory.

Interrogatory No. 20

Plaintiff was served with the following interrogatory:

> List all facts in support of your claim for punitive damages.

Plaintiff responded to this interrogatory by stating "[t]o be provided." This is an unresponsive answer. Plaintiff had enough details and, one assumes, factual basis to allege punitive damages in the amount of $250,000 when he filed the complaint. The Bank is entitled to know the basis of this request for punitive damages so it may investigate and defend itself. Plaintiff must supplement this response with complete details and list of facts that he will rely on to prove punitive damages. Furthermore, interrogatories were served on plaintiff on or about November 3, 2005, plaintiff's response was due on or about December 3, however, plaintiff did not respond until April 21, 2006. Plaintiff's response, "to be provided," issued four (4) months after the due date for the interrogatories prejudices the Bank's ability to formulate its defense. Plaintiff must supplement his answer or strike his request for punitive damages.

Interrogatory No. 21

MILES&STOCKBRIDGE P.C.

Plaintiff was served with the following interrogatory:

> Describe in complete detail and list all facts in support of each of your allegations that you suffered embarrassment, humiliation, fear, loss of self-esteem, loss of reputation and mental anguish as described in paragraphs 21 and 24 of the Complaint.

Plaintiff responded by referring the Bank to the complaint. In the complaint, plaintiff simply states the conclusion that he suffered certain emotional injuries. Plaintiff does not provide any facts upon which these alleged damages are based. To refer the Bank to the very conclusionary statements to which it seeks detail is unresponsive. The Bank is entitled to this information so that it may defend itself. Plaintiff must supplement this answer with the requested factual detail or strike his allegations of emotional injuries.

Interrogatory No. 23

Plaintiff was served with the following interrogatory:

> State whether you, your attorney, or anyone acting on your behalf or their behalf obtained statements in any form from any persons regarding any of the events that occurred at the scene of the incident referred to in the Complaint immediately before, at the time of or immediately after the incident.
>
> If so, state:
> a.   name and address of the person from whom any statements were taken;
> b.   the dates on which the statements were taken;
> c.   the names and addresses of the persons and employers of the persons who took the statements;
> d.   the names and addresses of the persons having custody of the statements; and
> e.   whether the statements were written or recorded by recording device, court reporter or stenographer.

In response to this interrogatory, the plaintiff refered the Bank to an attached deposition transcript. Contrary to the plaintiff's belief, it is not the Bank's obligation to sift through a deposition transcript to answer its own interrogatory. Unlike the specific exception in the federal rules concerning the production of business records to answer an interrogatory, no such exception applies to deposition transcripts. Plaintiff's answer is nonresponsive and needs to be supplemented.

Interrogatory No. 24

MILES&STOCKBRIDGE P.C.

Plaintiff was served with the following interrogatory:

> Identify every act and/or omission on the part of the Bank upon which you rely to support the claims set forth in your Complaint.

Plaintiff responded to this interrogatory by stating "[n]ot applicable." As stated above, plaintiff must provide the detail requested by the Bank, object to the question with specificity or answer none. The plaintiff's "not applicable" answer is non-responsive.

Interrogatory No. 25

Plaintiff was served with the following interrogatory:

> Explain the factual and legal basis of your contention in Paragraphs 17-21 of the Complaint that the Bank was negligent.

Plaintiff responded by stating that the Bank breached its policies of serving and protecting plaintiff as a customer. As set forth above, plaintiff has asserted legal conclusions in its complaint and the Bank is entitled to know the facts that plaintiff will rely on to support those conclusions. A restatement of the same legal conclusions asserted in the complaint is completely non-responsive and must be supplemented.

Interrogatory No. 26

Plaintiff was served with the following interrogatory:

> Explain the factual and legal basis of your contention in Paragraphs 22-24 of the Complaint that the Bank violated 42 U.S.C. Section 1981.

For this interrogatory, as in Interrogatory No. 25, plaintiff simply restates his legal conclusions asserted in the complaint. The Bank, however, is entitled to the facts, which plaintiff will rely on to support his legal conclusions.

Interrogatory No. 29

Plaintiff was served with the following interrogatory:

> Describe in detail and itemize all damages allegedly suffered by you as a result of the allegations in the Complaint. If you contend that you have suffered actual damages, state whether you seek an award of actual damages in this lawsuit and identify and quantify each and every element of such actual damages.

MILES&STOCKBRIDGE P.C.

In response to this interrogatory, plaintiff stated "[c]ompensatory damages for emotional pain and suffering. Plaintiff also demands punitive damages." Plaintiff's answer is completely absent of the detail requested by the Bank. Plaintiff is seeking compensatory damages, yet has failed to provide any facts to support such claim. The same applies to his request for punitive damages, despite the fact that his answers were over four months late.

As clearly illustrated above, plaintiff's answers to the cited interrogatories generally lack the required detail and specificity set forth in the federal discovery rules. Unless the Bank recieves a firm commitment from you by tomorrow that these serious deficiencies in the plaintiff's answers to the Bank's interrorgatories will be rectified within 5 days we have no choice but to proceed with an appropriate motion. While plaintiff may protest that as being a short deadline, it is perfectly reasonable in the context of the amount of time that has already elapsed since the interrogatories were orginally served and the fact that plaintiff could not have possibly believed, in good faith, that his unresponsive answers fulfilled his obligation under the federal rules.

Please telephone me tomorrow to discuss when I can expect to receive appropriate discovery answers.

Very truly yours,

Jessica du Hoffmann

## Frederick, Tessa L.

| | |
|---|---|
| **From:** | duHoffmann, Jessica |
| **Sent:** | Friday, June 16, 2006 3:33 PM |
| **To:** | 'dtemplelaw@aol.com' |
| **Cc:** | Frederick, Tessa L.; 'william.udovich@bankofamerica.com'; 'george.j.sukatos@bankofamerica.com'; Makar-Markov, Jeanne M. |
| **Subject:** | Banks v. Bank of America, N.A. |

Donald,

Pursuant to our discussion, in light of your medical situation, I will not object to a motion by you to continue the discovery deadline by 30 days.  In the meantime, I will still need the medical releases (sent to your office by Susan Lee) signed by your client and returned to my attention, as well as proper discovery responses pursuant to my last correspondence detailing the deficiencies of your answers.  Please also provide me dates for your client's deposition.  It is further my understanding that you would like to take the deposition of the Bank Teller present during the incident of which your client complains.  I will have dates for you on Monday.   If you would like to take a deposition of a corporate designee, you will need to prepare a 30(b)(6) notice.

I look forward to hearing from you.


Very truly yours,


Jessica A. duHoffmann
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
Telephone: 410-727-6464
Facsimile: 410-385-3700



EXHIBIT

D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GEORGE BANKS,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No. 05-CV-01688** |
| **BANK OF AMERICA, N.A.,** | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>ORDER</u>

Upon consideration of Defendant, Bank of America, N.A.'s Motion to Compel Discovery and for Sanctions, and any response hereto, it is hereby

ORDERED, that Defendant, Bank of America's Motion to Compel and for Sanctions is hereby GRANTED, and it is further

ORDERED, that Plaintiff provide complete responses to the Answers to Interrogatories and Responses to Request for Production of Documents which are the subject of the Motion within ____ days of the date of this Order, and it is further

ORDERED, that Plaintiff pay to Defendant the sum of $1,000 to Defendant's counsel for the costs of preparing the Motion to Compel and Good Faith Certificate.


Dated:_____          _____
                                    The Honorable Henry H. Kennedy, Jr., Judge
                                    United States District Court for the
                                    District of Columbia

11