**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GEORGE BANKS,                              *

     Plaintiff,                          *

v.                                        *        Case No. 05-CV-01688

BANK OF AMERICA, N.A.,                     *

     Defendant.                          *
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

     Defendant, Bank of America, N.A. (the "Bank"), by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 37, hereby moves this Court (1) to compel Plaintiff, George Banks to fully respond to all written discovery served upon him by the Bank and award the Bank an amount equal to the attorneys' fees that the Bank has incurred in connection with its efforts to have Plaintiff comply with its discovery obligations, including, but not limited to, those associated with this motion and the memorandum in support hereof; or (2) to preclude the introduction of any evidence or testimony at trial relating to the discovery that Plaintiff has failed to properly and fully respond to as set forth more fully in the Memorandum in support hereof, which is filed contemporaneously herewith and is incorporated herein.

     Respectfully submitted,

               /s/
     _____
     Tessa Laspia Frederick (#465519)
     Jessica A. duHoffmann (#476383)
     MILES & STOCKBRIDGE P.C.
     10 Light Street
     Baltimore, Maryland 21202
     Tel: (410) 727-6464
     Fax: (410) 385-3700
     Counsel for Defendant,
     Bank of America, N.A.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY, pursuant to LCvR 5.4 that on the 26th day of June 2006, Counsel for Plaintiff, Donald Temple, Esquire, should receive electronic notice of the filing the foregoing **Memorandum in Support of Motion to Compel Discovery and for Sanctions** at TemplePC@aol.com, which e-mail address has been designated by Plaintiff's counsel to receive notices of electronic filings in this case.


_____/s/_____
Tessa Laspia Frederick

::ODMA\PCDOCS\BALT01\1094686\1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GEORGE BANKS,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Case No. 05-CV-01688** |
| **BANK OF AMERICA, N.A.,** | * | |
| **Defendant.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

Defendant, Bank of America, N.A. ("Defendant"), by its undersigned attorneys and pursuant to Federal Rule of Civil Procedure 37, hereby files this Memorandum in Support of Motion to Compel Discovery and for Sanctions, and states as follows.

## INTRODUCTION

Plaintiff, George Banks ("Plaintiff"), filed this suit against the Bank alleging negligence and civil rights violations arising from an incident that occurred in a banking center of the Bank in the District of Columbia on June 15, 2002 in which Plaintiff was arrested by the D.C. Metro police, removed from the banking center and charged with disorderly conduct. On June 15, 2005, Plaintiff filed his Complaint against the Bank.

The Bank mailed Interrogatories and a Request for Production to counsel for Plaintiff on November 3, 2005, pursuant to Fed. R. Civ. Proc. 33. The Scheduling Order in this case was entered on January 18, 2006, which set the discovery deadline for July 1, 2006. However, the Bank did not receive Plaintiff's Answers to Interrogatories until May 17, 2006 and did not receive Plaintiff's Responses to the Bank's Request for Production of Documents until May 26,

2006. Despite being nearly six months late, the answers the Bank finally did receive were in many instances wholly non-responsive. True and correct copies of Plaintiff's Answers to Interrogatories and Responses to Request for Production of Documents are attached hereto as **Exhibits 1 and 2**, respectively.

In an effort to resolve Plaintiff's discovery deficiencies without involving the Court, counsel for the Bank first contacted Plaintiff's counsel by letter dated February 28, 2006. The letter highlighted the Plaintiff's overdue discovery responses and requested that she be informed as to when the discovery would be answered. See *Certificate of Good Faith*, attached hereto as **Exhibit 3** and incorporated herein by reference. After no response was received, counsel for the Bank contacted Plaintiff's counsel numerous times by telephone over the next several months to inquire about the status of Plaintiff's discovery responses. Id. Then, on May 16, 2006, counsel for the Bank contacted Plaintiff's counsel by telephone and it was agreed that Plaintiff's counsel would provide responses by May 19, 2006. Id. Although the Bank received Answers to Interrogatories on May 17, 2006, the Answers were completely evasive and non-responsive. In addition, Plaintiff did not serve responses to the Bank's document responses at that time.

On May 26, 2006, the Bank finally received Plaintiff's responses to the document requests. Id. By letter dated June 13, 2006, which was sent by facsimile and first class mail, the Bank informed Plaintiff of its objections to his Answers to Interrogatories and requested complete responses within five days. Id.

Subsequent to sending the June 13th letter, the Bank followed up with a phone call to the Plaintiff regarding the non-responsive discovery responses. Plaintiff's counsel assured the Bank that the deficient discovery responses would be supplemented in order to comply with the Plaintiff's obligations under the Federal Rules. Id. Despite this assurance and the good faith efforts of the Bank to rectify this discovery issue without involving the court, Plaintiff's

2

uncooperative and intentional behavior has left the Bank with no other option then to file this motion to compel. No depositions have been taken in this case in light of the discovery dispute.

As set forth fully below, Plaintiff has served incomplete or non-responsive discovery responses. For these reasons and pursuant to Fed. R. Civ. Proc. 37, the Bank asks this Court to grant its motion to compel discovery and for sanctions including attorney's fees and costs associated with filing this motion.

### DISPUTED DISCOVERY RESPONSES

Under the Federal Rules of Civil Procedure, a responding party has the obligation to answer each interrogatory separately and fully. Fed. R. Civ. Proc. 33(b)(1). An evasive or incomplete answer is a failure to disclose. Fed. R. Civ. Proc. 37(a)(3). If a party happens to object to a particular interrogatory, the party must state the basis for its objections with specificity and answer to the extent not objectionable. Fed. R. Civ. Proc. 33(b)(1). A party that fails to either fully answer an interrogatory or state the specific grounds for not answering, may be subject to various remedies imposed by the court including an order to compel, the payment of expenses, and sanctions. Fed. R. Civ. Proc. 37(a). Following are the specific interrogatories presented to the Plaintiff, to which the Plaintiff either failed to provide a proper answer or completely failed to answer.

**Interrogatory No. 9:**

> Set forth the substance of any and all declarations or admissions against interest that you contend were made by any party to this litigation, or its agents and employees, and set forth the date on which it was made, the person making the declaration or admission, and the name, and address of each and every person who witnessed the same, and identify any and all documents which set forth, describe or relate to such declarations or admissions.

Plaintiff's response to this Interrogatory was simply "[n]ot applicable." In his Complaint, Plaintiff alleges that he was damaged by the Bank's negligence and discriminatory actions.

3

Plaintiff alleges such damages arose from his interaction with two Bank tellers, the branch manager and the Bank's security officer. Yet, when the Bank requested Plaintiff to provide details as to any declarations or admissions against the Bank's interest, he responded that such a question was "not applicable." This is a completely non-responsive answer.

The Bank is entitled to discover whether or not Plaintiff will rely in attempting alleged admissions of the Bank. Plaintiff's answer must be supplemented in order to comply with his obligations under the discovery rules. Plaintiff must provide the detail requested in the interrogatory or answer "none" to the question since Plaintiff did not object to this interrogatory on any specific grounds.

**Interrogatory No. 12:**

> Identify and describe all communications and correspondence between you and the Bank referring or relating to any fact or issue raised in your Complaint.

Plaintiff's response to this Interrogatory was simply "[n]ot applicable." As stated above, Plaintiff's causes of action are based on his interaction with a number of Bank employees and the Bank is entitled to know which communications or comments he will rely on in attempting to prove his case. Furthermore, in his Answers to Interrogatories, Plaintiff misquoted the Bank's original Interrogatory in his response. Plaintiff's Answer quotes the Bank's interrogatory as:

> Identify and describe all communications and correspondence between you and the Bank referring or relating to any fact or issue [missed] in your Complaint.

If Plaintiff has misinterpreted this interrogatory, he is obligated to correct it now that he has been made aware of his mistake. If Plaintiff intended to answer "not applicable," he has completely failed to response to the interrogatory and must supplement his answer with the requested information or answer "none" since Plaintiff did not object to this interrogatory on any specific grounds.

4

**Interrogatory No. 13:**

>State in detail the manner in which you assert that the incident
>referred to in the Complaint occurred, specifying the position and
>location of each person involved at the time of and immediately
>after the incident.

Plaintiff simply responded, "See complaint." However, the Complaint filed by Plaintiff

is completely devoid of specific details concerning the essential elements of the alleged causes of

action. The Bank is entitled to discover the alleged facts regarding the incident described in the

Complaint in detail and in Plaintiff's own words. A reference to complaint's general description

of the incident giving rise to the action is an evasive answer which completely fails to comply

with the Plaintiff's obligations under the discovery rules. Therefore, this answer must be

supplemented.

**Interrogatory No. 14:**

>State the full name and last known address of the person(s) or
>agencies with whom you contacted or reported any of the facts
>alleged in your Complaint, and the substance of the conversation,
>including the date of the conversation and location.

Plaintiff responded to this interrogatory by stating "[n]ot applicable." As stated above,

Plaintiff must respond to this question, specifically object or reply none, as applicable. Plaintiff's

response of "not applicable" is ambiguous. If Plaintiff has not contacted or reported any of the

facts of this case to another party, he must say so, on the other hand, if Plaintiff objects to this

interrogatory, he must specifically state his grounds. Plaintiff must supplement his answer to this

interrogatory.

**Interrogatory No. 20:** List all facts in support of your claim for punitive damages.

Plaintiff responded to this interrogatory by stating, "[t]o be provided." This is an

unresponsive answer. Plaintiff was served with discovery in the first week of November. The

Answers to Interrogatories were provided on May 17, 2006. Plaintiff has had ample time to

gather and provide the Bank with information relating to the basis of his punitive damages in the

amount of $250,000. The Bank is entitled to know the basis of this request for punitive damages

so it may investigate and defend itself. Plaintiff must supplement this response with complete

details and list of facts that he will rely on to prove punitive damages. Plaintiff's response of, "to

be provided," at this late stage of the case clearly hampers the Bank's ability to formulate its

defense. Plaintiff must supplement his answer or strike his request for punitive damages.

**Interrogatory No. 21:**

>Describe in complete detail and list all facts in support of each of
>your allegations that you suffered embarrassment, humiliation,
>fear, loss of self-esteem, loss of reputation and mental anguish as
>described in paragraphs 21 and 24 of the Complaint.

Plaintiff's sole response is to refer the Bank to the Complaint. In the Complaint, Plaintiff

simply states the conclusion that he suffered certain emotional injuries. Plaintiff does not

provide any facts upon which these alleged damages are based. To refer the Bank to the very

conclusory statements to which it seeks detail is unresponsive. The Bank is entitled to this

information so that it may defend itself. Plaintiff must supplement this answer with the

requested factual detail or strike his allegations of emotional injuries.

**Interrogatory No. 23:**

>State whether you, your attorney, or anyone acting on your behalf
>or their behalf obtained statements in any form from any persons
>regarding any of the events that occurred at the scene of the
>incident referred to in the Complaint immediately before, at the
>time of or immediately after the incident.
>If so, state:
>
>>a.   name and address of the person from whom any
>>     statements were taken;
>>b.   the dates on which the statements were taken;
>>c.   the names and addresses of the persons and
>>     employers of the persons who took the statements;
>>d.   the names and addresses of the persons having
>>     custody of the statements; and

6

       e.      whether the statements were written or recorded by
                   recording device, court reporter or stenographer.

In response to this interrogatory, the Plaintiff states "see attached deposition transcripts."
This response is completely improper. It is not the Bank's obligation to shift through deposition
transcripts from another case in which it was not involved to answer its own interrogatory.
Plaintiff's answer is non-responsive and must be supplemented.

**Interrogatory No. 24:**

        Identify every act and/or omission on the part of the Bank upon
        which you rely to support the claims set forth in your Complaint.

Plaintiff responded to this interrogatory by stating "[n]ot applicable." As stated above,
Plaintiff must provide the detail requested by the Bank, object to the question with specificity or
answer none. Plaintiff's "not applicable" answer is non-responsive.

**Interrogatory No. 25:**

        Explain the factual and legal basis of your contention in
        Paragraphs 17-21 of the Complaint that the Bank was negligent.

Plaintiff's response to this Interrogatory was "[t]he Bank breached their policies of
serving and protecting Plaintiff as a customer." As set forth above, Plaintiff has asserted legal
conclusions in its Complaint and the Bank is entitled to know the facts that Plaintiff will rely on
to support those conclusions. A restatement of the same legal conclusions asserted in the
Complaint is completely non-responsive and must be supplemented.

**Interrogatory No. 26:**

        Explain the factual and legal basis of your contention in
        Paragraphs 22-24 of the Complaint that the Bank violated 42
        U.S.C. Section 1981.

Plaintiff's response to this interrogatory was "Plaintiff was treated differently on the basis
of his race and impeded form the enjoyment of his contract as a customer – and specifically

7

denied from making withdrawals from his accounts." As with his Answer to Interrogatory No. 25, Plaintiff simply restates the legal conclusions asserted in the Complaint. There are absolutely no factual allegations contained in his Answer. The Bank, however, is entitled to the facts that Plaintiff will rely on to support his legal conclusions.

**Interrogatory No. 27:**

> If you contend that your arrest as described in the complaint was due to any fault on the part of the Bank, describe in detail the factual basis for such contention.

In response to this interrogatory, Plaintiff states, "see answer to number 25." As already noted above, Plaintiff's Answer to Interrogatory is completely unsatisfactory and certainly does not provide a proper response to the Interrogatory.

**Interrogatory No. 29:**

> Describe in detail and itemize all damages allegedly suffered by you as a result of the allegations in the Complaint. If you contend that you have suffered actual damages, state whether you seek an award of actual damages in this lawsuit and identify and quantify each and every element of such actual damages.

In response to this interrogatory, Plaintiff states, "[c]ompensatory damages for emotional pain and suffering. Plaintiff also demands punitive damages." Plaintiff's answer is completely absent of the detail requested by the Bank. Plaintiff is seeking compensatory and punitive damages, yet has failed to provide any facts or point to any documentation to support such claims. The Bank is entitled to the information and evidence documenting all claims for damages in this case.

**Responses to Request for Production of Documents:**

**Request No. 9:**

> All documents relating to the damages you allegedly suffered as a result of the allegations in this case, including, but not limited to, actual damages and statutory damages and any claim for attorneys' fees or costs

8

Plaintiff's Response was "Document(s) to be provided. Considering that the discovery deadline is July 1, 2006 and Plaintiff has provided no evidence of damages, this case should be dismissed.

**Request No. 10:**

All documents relating to your contention in paragraphs 17-21 of your Complaint that the Bank was negligent.

Plaintiff's Response was "Document(s) to be provided. Plaintiff has failed to provide any documents in response to this Request and the discovery deadline is July 1, 2006.

**Request No. 11:**

All documents relating to your contention in paragraphs 22-24 of your Complaint that the Bank violated 42 U.S.C. Section 1981.

Plaintiff's Response was "Document(s) to be provided. Again, Plaintiff has failed to provide any documents in response to this Request and the discovery deadline is July 1, 2006.

The Bank has submitted a Certificate of Good Faith with regard to the disputed discovery which is the subject of this Motion. Due to Plaintiff's failure to provide timely and responsive discovery responses, the Bank requests that it be granted reasonable attorney's fees of for the time and expense associated with the preparation of this Motion.

## CONCLUSION

For the foregoing reasons, Defendant, Bank of America, N.A. respectfully asks this Court to grant its Motion to Compel Response to the Bank's Interrogatories and Request for Production of Documents and For Sanctions.

Respectfully submitted,

_____/s/_____
Tessa Laspia Frederick (#465519)
Jessica A. duHoffmann  (#476383)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland  21202
(410) 727-6464

OF COUNSEL:              Jefferson V. Wright
                        MILES & STOCKBRIDGE P.C.
                        10 Light Street
                        Baltimore, Maryland  21202
                        (410) 727-6464

                        Counsel for Defendant, Bank of America, N.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, pursuant to LCvR 5.4 that on the 26th day of June 2006, Counsel for Plaintiff, Donald Temple, Esquire, should receive electronic notice of the filing the foregoing **Memorandum in Support of Motion to Compel Discovery and for Sanctions** at TemplePC@aol.com, which e-mail address has been designated by Plaintiff's counsel to receive notices of electronic filings in this case.

_____/s/_____
Tessa Laspia Frederick

::ODMA\PCDOCS\BALT01\1094887\1