

1229 15TH STREET, N.W.
WASHINGTON, D.C. 20005

TELEPHONE (202) 628-1101
FACSIMILE (202) 628-1149

May 17, 2006

By Facsimile and First Class Mail

Jessica A. duHoffmann, Esq.
Miles & Stockbridge P.C.
10 Light Street
Baltimore, MD. 21202 - 1487

      Re: George Banks v. Bank of America

Dear Ms. duHoffmann:

  Enclosed please find a copy of Plaintiff's Responses To Defendant's Interrogatories. The document responses are forthcoming.

          Respectfully,

          Donald M. Temple, Esq.

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| George Banks ) | |
| ) | Case No. 05-CV-01688 |
| Plaintiff, ) | Judge Henry Kennedy |
| ) | Deck Type: Civil |
| v. ) | |
| ) | |
| Bank of America ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES

COMES NOW Plaintiff, George Banks by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure hereby responds to Defendant Bank of America's ("BOA") Interrogatories.

Subject to the objections and responses as set forth below, the Plaintiff says:

(a) The information supplied in these Answers to Interrogatories is not based solely on the knowledge of the executing party, but includes the knowledge of the party and attorneys, unless privileged.

(b) The word usage and sentence structure may be that of the attorneys assisting in preparation of these Answers and, thus, does not necessarily purport to be the precise language of the executing party.

(c) Plaintiff reserves the right to amend these answers after discovery from the Defendant, with further information as it may come to the party prior to hearing dates.

## GENERAL OBJECTIONS

(d) **Relevance**: Plaintiff objects to these interrogatories to the extent they seek information or documentation not relevant to the issues raised in this lawsuit, and to the extent that the interrogatories are not reasonably calculated to lead to the discovery of admissible evidence. Nothing herein should be construed as an admission by Plaintiff of the admissibility or relevance of any fact or document. An objection that an interrogatory is overboard includes the concern that it seeks irrelevant information.

(e) **Vague, ambiguous and Overly-Broad**: Plaintiff objects to these interrogatories to the extent that they are vague, ambiguous, overly-broad, unduly burdensome, oppressive or fail to identify with sufficient particularity the information requested and, thus, are not susceptible to response.

(f) **Excessive Burden**. Plaintiff objects to these interrogatories that require an unduly burdensome search for documents that have little or no relevance to this lawsuit. The value of producing such responses, if the documents could be found, would be far outweighed by the time, expense, and effort involved in searching for them.

(g) **Repetitive**. Plaintiff objects to these interrogatories to the extent that they are repetitive of other requests.

(h) Plaintiff objects to each interrogatory to the extent that it purports to request information protected from disclosure by the attorney-client privilege, the accountant-client privilege or the attorney work-product doctrine.

(i) Plaintiff objects to the instructions to interrogatories to the extent that they purport to impose upon the Plaintiff obligations in addition to or different than those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

## Response to Interrogatories

1. State your full name, current address, social security number, date of birth, marital status, and all names previously used by you.

Answer: George S. Banks, 7705 Georgia Avenue, NW, Apt. 212, Washington, DC 20012. Social Security number is 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. Date of Birth September 24, 1956. Marital Status: Single. Plaintiff has used no other names.

2. Beginning with your present address, list in chronological order the address of each of your previous residences for the past ten years including the dates of residence.

Answer: Current Address: 1317 Bryant Street, NE, Washington, DC. Previous Addresses: 112 N. First Street, Hampton, Virginia; 8806 Manchester Pl., Silver Spring, Maryland; 94 Pontiac Avenue, Cranston, RI 02910; 455 Potters Ave., Providence, RI: 48 Jallah Town Rd., Monrovia Liberia; and 27 Broadway Rd., Brewersville, Liberia.

3. Beginning with your current employer, list in chronological order your employment history for the past ten (10) years, including the name, address, and telephone number of your current and previous employer(s), your job title(s), and description of your duties.

Answer: See attached resume.

4. State whether you have ever been a named party in a civil or criminal suit, and if your answer is in the affirmative, state the nature of the suit(s), the name of the court(s) and court docket reference(s), the current disposition of the case and state whether you were represented by counsel at the time.

Answer: <u>George Banks v. District of Columbia, et al.</u>; case number 1:02CV02304; United States District Court for the District of Columbia; False Arrest, Police Brutality. Plaintiff obtained legal representation in that case. The matter was disposed through settlement. District of Columbia

brought criminal charges against Plaintiff; however, the charges were nolle prosequied on July 23, 2002.

5. Identify all persons who are likely to have personal knowledge of any fact alleged in the complaint, and state the subject matter of the personal knowledge possessed (or which you believe may be possessed) by each such person.

Answer: None known at this time.

6. Identify each person and /or witness, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position you have taken or intend to take in this action, including your claims for damages and class certification, and state the subject matter of the information possessed (or which you believe may be possessed) by each such person and or witness.

Answer: None known at this time.

7. Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify and a summary of the grounds for each opinion, and, with respect to an expert whose findings and opinions were acquired in anticipation of litigation or for trial, summarize the qualifications of the expert, state the terms of the expert's compensation, and attach your Answers any written report made by the expert concerning the expert's findings and opinions.

Answer: None known at this time.

8. If you indeed to reply upon any documents or other tangible things to support any position that you have taken or intend to take in this action, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody or control of them.

Answer: See attached.

9. Set forth the substance of any and all declarations or admissions against interest that you contend were made by any party to this litigation, or its agents and employees, and set forth the date on which it was made, the person making the declaration or admission, and the name, and address of each and every person who witnessed the same, and identify any and all documents which set forth, describe or relate to such declarations or admissions.

Answer: Not applicable.

10. Describe in detail your physical condition, including any diagnosis or prognosis, stemming from the incident described in the Complaint.

Answer: See Answer to Interrogatory 19.

11. Identify the persons providing medical treatment in your response to Interrogatory No. 10, including their full name, address of their office, and telephone number and the treatment rendered by each person for each of the conditions.

Answer: See Answer to Interrogatory 19.

12. Identify and describe all communications and correspondence between you and the Bank referring or relating to any fact or issue missed in your complaint.

Answer: Not applicable.

13. State in detail the manner in which you assert that the incident referred to in the Complaint occurred, specifying the position and location of each person involved at the time of and immediately after the incident.

Answer: See complaint.

14. State the full name and last known address of the person(s) or agencies with whom you contacted or reported any of the facts alleged in your complaint, and the substance of the

conversation, including the date of the conversation and location.

Answer: Not Applicable.

15. State the name and job titles of any Bank employees involved in the incident alleged in the complaint.

Answer: See answer to interrogatory 16.

16. State your purpose in coming into Bank of America on the day of the alleged incident described in your Complaint, describe how often you used the Bank branch at issue on a weekly basis and list the address of the addresses of other Bank branches used by you to conduct bank transactions on your account(s) with the Bank.

Answer: On June 15, 2002, I went to Bank of America at 1835 Columbia Road, NW to conduct a business transaction. I was withdrawing $1,000.00 from one of my accounts and transferring $700.00 of that $1,000.00 to another account and keeping the remaining $300.00. The teller processed my request and was about to give me the amount I requested, when another teller told her not to complete my transaction. I inquired why. She then replied that she would have to check and verify that I owned the business. The second teller said that I did not look like I owned the business, even though I produced two forms of identification. Mr. Jordan alleged that I provided only one form of identification to the teller. At this point, an off duty Metropolitan Police Officer Johnny Tubbs ("Tubbs") approached me with pepper spray and pointed it at me. Officer Tubbs asked Mr. German Jordan ("Jordan"), the bank manager, if he should throw me out of the bank. Mr. Jordan said no and that he could resolve this matter. Mr. Jordan asked me to go and sit by his desk while he resolved the issue. I then proceeded to Mr. Jordan's desk.

As Mr. Jordan and I spoke, Officer Tubbs interrupted and told me that if I spoke again, he would handcuff me. I told him that I was conducting my business. Officer Tubbs told

Mr. Jordan that it was now out of the hands of the bank and that this was now a Metropolitan Police Department matter. Mr. Jordan told Officer Tubbs that the Bank could handle the situation. Mr. Jordan then turned to the Bank's Special Police Officer ("SPO"), Winfred Wrice ("SPO Wrice") and said "get him out of the Bank" (Dep. German Jordan at 40). Officer Tubbs then placed me in handcuffs and he double locked the handcuffs. Officer Tubbs dragged me by the handcuffs out of the bank, while holding the handcuffs up in the air. I was bent over because Officer Tubbs was holding the handcuffs up while he was dragging me out of the bank backwards approximately 100 feet. Officer Tubbs over tightened the handcuffs. Officer Tubbs told the special police officer to call Third District, so I could be transported to the Third District police department. I was arrested for disorderly conduct and transported to Third District, even though I did not do anything wrong.

17. State the name(s), business and home addresses of the off-duty police officer and security guard you alleged were involved in the incident described in the Complaint.

Answer: Officer John Tubbs, Jr., Metropolitan Police Department, Badge Number 2799. Winfred Wrice, SPO, Bank of America, 1835 Columbia Road, NW, Washington, DC.

18. Describe in complete detail how you were transported to the police station, the location of the police station, the charges brought against you in any charging document or other complaint filed by the police department and the current status or disposition of such charges.

Answer: The District of Columbia brought charges of disorderly conduct against me in the Superior Court of the District of Columbia. The case was charges were nolle **prosequied** on July 23, 2002.

19. State the date and location that you first sought medical attention for the injuries that you allege in your Complaint and identify and describe all facts in support of your claim in paragraph

14 of the Complaint that you visited your "personal physician," listing in your Answer the name, telephone number and address of such physician and the date(s) on which you visited this physician as a result of the incident described in the Complaint.

Answer: Washington Adventist Hospital, 7600 Carroll Avenue, Takoma Park, MD 20912 - June 16, 2002 - Diagnosis - Shoulder pain and a contusion. I was prescribed medication for both pain and inflammation and a muscle relaxant. Cedric Poku-Dankwah, MD. 2139 Georgia Ave. NW, Suite 3E, Washington, DC 20001 - June 17, 2002 thru August 29, 2002 - Diagnosis - Shoulder sprain/pain and a contusion. Comprehensive Rehabilitation Services 8121 Georgia Ave, 701A, Silver Spring, MD 20910 - August 14, 2002 through August 22, 2002 - Diagnosis - arm pain, pain in right and left shoulder, pain radiates from right shoulder to wrist pain radiates from left shoulder to wrist, diffuse strain/sprains of shoulder soft tissue.

20. List all facts in support of your claim for punitive damages.

Answer: To be provided.

21. Describe in complete detail and list all facts in support of each of your allegations that you suffered embarrassment, humiliation, fear, loss of self-esteem, loss of reputation and mental anguish as described in paragraph 21 and 24 of the Complaint.

Answer: See Complaint

22. After the incident in question, was an investigation conducted on your behalf? If so, state the name and address of the organization or individual who conducted the investigation and whether a written report was submitted as a result of the investigation. Please attach copies of those reports to your answers to interrogatories.

Answer: No.

23. State where you, your attorney, or anyone acting on your behalf or there behalf obtained

statements in any form from any persons regarding any of the events that occurred at the scene of the incident referred to in the Complaint immediately before, at the time of or immediately after the incident.

If so, state:

    a. name and address of the person from whom any statements were taken;

    b. the dates on which the statements were taken;

    c. the name and addresses of the persons and employers of the persons who took the statements;

    d. the name and addresses of the persons having custody of the statements; and

    e. whether the statements were written or recorded by recording device, court reporter or stenographer.

Answer: See attached deposition transcripts.

24. Identify every act and/or omission on the part of the Bank upon which you rely to support the claims set forth in your Complaint.

Answer: Not Applicable.

25. Explain the factual and legal basis of your contention in Paragraphs 17-21 of the Complaint that the Bank was negligent.

Answer: The Bank breached their policies of serving and protecting Plaintiff as a customer.

26. Explain the factual and legal basis of your contention in Paragraphs 22-24 of the complaint that the Bank violated 42 U.S.C. Section 1981.

Answer: Plaintiff was treated differently on the basis of his race and impeded from the enjoyment of his contract as a customer—and specifically denied from making withdrawals from his accounts.

27. If you contend that your arrest as described in the complaint was due to any fault on the part of the Bank, describe in detail the factual basis for such a contention.

Answer: See answer to number 25.

28. Identify any and all lawsuits or claims filed by you against any other party in connection with the same incident described in your Complaint, including in your Answer the name of the party(ies) against whom you filed a claim or complaint, the name of the court and case or claim number, the current status of the claim or complaint and the amount of any settlement you received as a result of the filing of such claim or complaint.

Answer: <u>George Banks v. D.C. et al.</u>, U.S. District Court for the District of Columbia, CA-02-2304, $29,000.

29. Described in detail and itemize all damages allegedly suffered by you as a result of the allegations in the Complaint. If you contend that you have suffered actual damages, state whether you seek an award of actual damages in this lawsuit and identify and quantify each and every element of such actual damages.

Answer: Compensatory damages for emotional pain and suffering. Plaintiff also demands punitive damages.

_____  
George Banks

APRIL 20, 2006  
Date

Respectfully submitted,

_____  
Donald M. Temple (Bar# 407849)  
1229 15th Street, NW  
Washington, DC 20005  
Phone: 202-628-1101  
Fax: 202-628-1149

Attorney for Plaintiff