IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **George Banks**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**Bank of America**<br><br>　　　　Defendant. | Case No. 05-CV-01688<br>Judge: Henry Kennedy<br>Deck Type: Civil |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Plaintiff, George Banks by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure Rule 34, hereby responds to Defendant Bank of America's ("BOA") Request for Production of Documents. Subject to the objections and responses as set forth below, Plaintiff:

1. States that the information supplied in these Responses is not based solely on the knowledge of the executing party, but includes the knowledge of the party and attorneys, unless privileged.

2. States that the word usage and sentence structure may be that of the attorneys assisting in the preparation of these Responses, and thus, does not necessarily purport to be the precise language of the executing party.

3. Reserves the right to amend these Responses after discovery is served upon Defendant, as further information becomes available to the Plaintiff.

EXHIBIT 2

## **GENERAL OBJECTIONS**

Plaintiff objects to Defendant's Request for Production of Documents to the extent they seek information beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. Plaintiff also makes the following General Objections to Defendant's Document Requests. General Objections are made to all Request for Documents and are not necessarily repeated after each Request to which an objection is asserted. The assertion of the same, similar or additional objections in the individual objections and responses to these Requests, or the failure to assert any additional objections, does not waive any of Plaintiff's General Objections as set forth below.

1.  Plaintiff objects to any attempt by Defendant, through definitions, instructions or otherwise, to impose any obligation on Plaintiff beyond the obligations imposed by the Federal Rules of Civil Procedure.

2.  Plaintiff objects to all instructions and requests to the extent the instructions and requests seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to the instructions set forth in Defendant's requests to the extent that they require or purport to require information or detail beyond that to which Defendant is entitled under the applicable rules.

3.  Plaintiff objects to all instructions and requests to the extent that the instructions and requests seek information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable legal privilege, protection or rule of confidentiality. Inadvertent disclosure of any privileged information in response to the Requests shall not be deemed a waiver of the applicable privilege.

4. Plaintiff objects to all instructions and requests that seek confidential and private information. Such documents will be produced only pursuant to a court order.

5. Plaintiff objects to all instructions and requests that seek information that is beyond Plaintiff's control or is in the control of entities or individuals other than Plaintiff's.

6. Plaintiff objects to all instructions and requests for information that is readily available to Defendant from its own records or is in the possession of third parties. Production of such information would, therefore, be unduly burdensome.

7. Plaintiff objects to all instructions and requests to the extent that they use the phrase "any and all" relating to or referring to a certain matter or event. Such instructions and requests are overly broad and unduly burdensome, not within the practical capabilities of the Plaintiff and beyond the requirements of the applicable rules. In each case where some answers or production is provided, such answer or production is based upon all of a logically directed search through the records of this Plaintiff. Plaintiff has not undertaken or completed a review of every document it retains and objects to any purported requirement to do so.

8. Plaintiff objects to all instructions and requests that are unreasonably vague, broad, repetitious, or unduly burdensome.

9. Plaintiff reserves the right to challenge the competency, relevancy, materiality, and admissibility at trial, or any subsequent proceeding, of any information it provides in response to these instructions and requests.

10. Plaintiff's responses are based upon information known or reasonably believed by Plaintiff or its agents at the time of its response to these instructions and requests. It is anticipated that further discovery, independent investigation, and analysis may supply additional

facts, give new meaning to known facts, or entail new factual conclusions. Plaintiff therefore reserves the right to amend and/or supplement these responses if new information relevant hereto is learned, through discovery or otherwise.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION 1:**

All documents identified or referred to in your Answers to the Bank's First Set of Interrogatories, and all document used in the preparation of your Answers to the Bank's First Set of Interrogatories.

**RESPONSE:**

See documents attached.

**REQUEST FOR PRODUCTION 2:**

All documents relating to any communications between you and the Bank regarding the subject matter, issues or allegations in the Complaint.

**RESPONSE:**

See documents attached.

**REQUEST FOR PRODUCTION 3:**

All documents relating to any admissions or statements against interest by any party of this litigation, or any third party.

**RESPONSE:**

Plaintiff is unaware of any such documents at this time.

**REQUEST FOR PRODUCTION 4:**

All documents relating to any person with knowledge relevant to this case or whom you

4

intend to call as fact witnesses in this case.

**RESPONSE:**

Plaintiff is unaware of any such documents at this time.

**REQUEST FOR PRODUCTION 5:**

The curriculum vitae of any expert witness you plan to use at trial.

**RESPONSE:**

No such expert is known at this time.

**REQUEST FOR PRODUCTION 6:**

All documents of any sort reviewed by supplied to, or relied upon by any expert witness retained by you in this action.

**RESPONSE:**

No such documents known at this time.

**REQUEST FOR PRODUCTION 7:**

All reports, summaries, complications, or other documents of any sort prepared or generated by any expert witness retained by you in this action.

**RESPONSE:**

No such documents known at this time.

**REQUEST FOR PRODUCTION 8:**

All correspondence to or from any expert witness retained by you to testify at the trial of this case.

**RESPONSE:**

No such correspondence is known at this time.

**REQUEST FOR PRODUCTION 9:**

All documents relating to the damages you allegedly suffered as a result of the allegations in this case, including, but not limited to, actual damages and statutory damages and any claim for attorneys' fee or costs.

**RESPONSE:**

Document(s) to be provided.

**REQUEST FOR PRODUCTION 10:**

All documents relating to your contention in paragraphs 17-21 of your Complaint that the Bank was negligent.

**RESPONSE:**

Document(s) to be provided.

**REQUEST FOR PRODUCTION 11:**

All documents relating to your contention in paragraphs 22-24 of your Complaint that the Bank violated 42 U.S.C. Section 1981.

**RESPONSE:**

Document(s) to be provided.

**REQUEST FOR PRODUCTION 12:**

All documents related to the criminal charges brought against you in the District of Columbia stemming from the incident described in the Complaint.

**RESPONSE:**

Plaintiff has attached herein copies of documents from the Criminal Court file.

**REQUEST FOR PRODUCTION 13:**

All documents related to any civil lawsuit against the D.C. Metro Police or any other party, other than Bank of American, including, but not limited to pleadings, motions, discovery requests and responses, deposition transcripts expert opinions and reports, and settlement agreements and/or releases.

**RESPONSE:**

See documents attached.

**REQUEST FOR PRODUCTION 14:**

All videotapes, photographs or any other physical or documentary evidence of the incident alleged in the Complaint.

**RESPONSE:**

Plaintiff has no such physical evidence in his possession.

**REQUEST FOR PRODUCTION 15:**

Documentation of the banking transaction you claim that you attempted to make at the Bank at the time of the alleged incidents described in the Complaint.

**RESPONSE:**

See attached document.

**REQUEST FOR PRODUCTION 16:**

All medical records pertaining to any injuries sustained by you as a result of the incident described in the Complaint.

**RESPONSE:**

<u>See</u> documents attached.

Respectfully submitted,

_____
Donald M. Temple # 408749
Temple Law Offices
1229 15th Street NW
Washington, DC 20005
202-628-1101

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __24th__ day of May 2006, a copy of the forgoing Plaintiff's Responses to Defendant's Request for Production of Documents was mailed via first class mail, postage prepaid to:

Tessa Laspia Frederick, Esq.
Miles & Stock bridge P.C.
10 Light Street
Baltimore, MD 21201
(410) 727-6464

Jefferson V. Wright, Esq.
Miles & Stock bridge P.C.
10 Light Street
Baltimore, MD 21202
(410) 727-6464

Attorneys for Defendant

_____
Donald M. Temple, Esq.