# MILES & STOCKBRIDGE P.C.

Tessa L. Frederick
(410) 385-3765
tfrederick@milesstockbridge.com

February 28, 2006

Donald M. Temple, Esquire
1229 15th Street, N.W.
Washington, D.C. 20005

Re:   **George Banks vs. Bank of America, N.A.**

Dear Donald:

I am writing with regard to Bank of America's Interrogatories and Request for Production of Documents directed to your client. Those discovery documents were mailed out from my office on November 3, 2005. The Scheduling Order in this case was entered on January 18, 2006 and it has been over 30 days since the entry of that Order. Thus, your discovery responses are long overdue and I would appreciate your notifying me of when I can expect your response. Please consider this a first attempt to resolve this discovery dispute.

On a related matter, I will be out on maternity leave beginning next week. As you should know by now, I have entered the appearance of Jessica duHoffmann of my firm who will be managing this case while I am on leave. Her contact information is as follows:

Jessica A. duHoffmann, Esquire
Associate
Miles & Stockbridge P.C.
10 Light Street
Baltimore, MD 21202-1487
Phone (410) 385-3782 (Direct Dial)
E-mail: jduhoffm@milesstockbridge.com

Thank you.

Very truly yours,

*[signature]*

Tessa Laspia Frederick

::ODMA\PCDOCS\BALT01\1060439\1

EXHIBIT A

## Makar-Markov, Jeanne M.

**From:** duHoffmann, Jessica
**Sent:** Tuesday, May 16, 2006 11:40 AM
**To:** 'dtemplelaw@aol.com'; 'dmt@templelawoffices.com'
**Cc:** Makar-Markov, Jeanne M.
**Subject:** Banks v. Bank of America, N.A.; Case No.: 05-1688

Dear Mr. Banks,

This is to confirm our conversation today that you will be providing complete discovery responses to the interrogatories and document requests served upon your client by Bank of America in November of 2005. Since these responses are well overdue despite written and verbal requests from this office, I will have no choice but to file the appropriate motion with the Court if you do not provide complete and proper responses by Friday. Naturally, I would like to avoid having to file such a motion and involving the Court in such an unnecessary discovery dispute.

Please do not hesitate to telephone me with any questions. Otherwise, I look forward to your responses on Friday.

Very truly yours,


Jessica A. duHoffmann
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
Telephone: 410-727-6464
Facsimile: 410-385-3700

EXHIBIT B

1



# MILES & STOCKBRIDGE P.C.

Jessica A. duHoffmann
Direct dial: 3410-385-3782
Email: jduhoffm@milesstockbridge.com

June 13, 2006

**VIA FACSIMILE & FIRST CLASS MAIL**
Donald M. Temple
1229 15th Street, NW
Washington, DC 20005

Re:   <u>Banks v. Bank of America, N.A.</u>,
      Plaintiff's Response to Defendant's Interrogatories

Dear Mr. Temple,

We have received and reviewed your client's answers to Bank of America's Interrogatories. Despite the fact that the plaintiff was served over four (4) months ago, answers to several interrogatories are so utterly unresponsive as to constitute a complete failure of discovery. If we cannot obtain a firm commitment from you by tomorrow that your client will provide supplemented answers within 5 days, we have no choice but to pursue a motion for immediate sanctions.

**Unresponsive Answers to Specific Interrogatories**

As you know, under the Federal Rules of Civil Procedure, a responding party has the obligation to answer each interrogatory separately and fully. An evasive or incomplete answer is a failure to disclose. If a party happens to object to a particular interrogatory, the party must state the basis for its objections with specificity and answer to the extent not objectionable. A party that fails to either fully answer an interrogatory or state the specific grounds for not answering, may be subject to various remedies imposed by the court including an order to compel, the payment of expenses and sanctions. As set forth below, several of your client's answers are completely non-responsive to the interrogatories of Bank of America, N.A. (the "Bank"). Specifically:

Interrogatory No. 9

Plaintiff was served with the following interrogatory:

> Set forth the substance of any and all declarations or admissions against interest that you contend were made by any party to this litigation, or its agents and employees, and set forth the date on



EXHIBIT C

10 Light Street, Baltimore, MD 21202-1487 • 410.727.6464 • Fax: 410.385.3700 • www.milesstockbridge.com

Cambridge, MD • Columbia, MD • Easton, MD • Frederick, MD • McLean, VA • Rockville, MD • Towson, MD

MILES & STOCKBRIDGE P.C.

which it was made, the person making the declaration or admission, and the name, and address of each and every person who witnessed the same, and identify any and all documents which set forth, describe or relate to such declarations or admissions.

Plaintiff responded to this interrogatory by stating "[n]ot applicable." In his complaint, plaintiff alleges that he was damaged by the Bank's negligence and discriminatory actions. Plaintiff alleges such damages arose from his interaction with two Bank tellers, the branch manager and the Bank's special police officer. Yet, when the Bank requested plaintiff to provide details as to any declarations or admissions against the Bank's interest, he responded that such a question was not applicable. This is a non-responsive answer and a complete failure of discover. The Bank is entitled to know, through discovery, whether plaintiff will rely on any alleged admissions of the Bank. Plaintiff's answer must be supplemented in order to comply with his obligations under the discovery rules. Plaintiff must provide the detail requested in the interrogatory or answer "no" to the question since plaintiff did not object to this interrogatory on any specific grounds.

Interrogatory No. 12

Plaintiff was served with the following interrogatory:

> Identify and describe all communications and correspondence between you and the Bank referring or relating to any fact or issue raised in your Complaint.

Plaintiff responded to this interrogatory by stating "[n]ot applicable." As stated above, plaintiff's causes of action are based on his interaction with a number of Bank employees and the Bank is entitled to know which communications or comments, if any, he will rely upon to attempt to prove his case. Furthermore, plaintiff has misquoted the Bank's original interrogatory in his response. Plaintiff's response quotes the Bank's interrogatory as:

> Identify and describe all communications and correspondence between you and the Bank referring or relating to any fact or issue [missed] in your Complaint.

If plaintiff has misinterpreted this interrogatory, he is obligated to correct it now that he has been made aware of his mistake. If plaintiff intended to answer "not applicable," he has completely failed to response to the interrogatory and must supplement his answer with the requested information.

Interrogatory No. 13

Plaintiff was served with the following interrogatory:

> State in detail the manner in which you assert that the incident referred to in the Complaint occurred, specifying the position and

> location of each person involved at the time of and immediately after the incident.

Plaintiff responded by referring the Bank to the complaint. The complaint filed by plaintiff is completely devoid of specific details concerning the essential elements of the alleged causes of action. The Bank has a right to know, specifically and in detail, plaintiff's side of the story. A simple, off-handed reference to the, at best, general description of events set forth in the complaint is a complete failure to comply with the plaintiff's obligation under the discovery rules. Therefore, this answer must be supplemented.

Interrogatory No. 14

Plaintiff was served with the following interrogatory:

> State the full name and last known address of the person(s) or agencies with whom you contacted or reported any of the facts alleged in your Complaint, and the substance of the conversation, including the date of the conversation and location.

Plaintiff responded to this interrogatory by stating "[n]ot applicable." As stated above, plaintiff must respond to this question, specifically object or reply none, as applicable. Plaintiff's "not applicable" response is, at the very least ambiguous. If plaintiff has not contacted or reported any of the facts of this case to another party, he must say so, on the other hand, if plaintiff objects to this interrogatory, he must specifically state his grounds. Plaintiff must supplement his answer to this interrogatory.

Interrogatory No. 20

Plaintiff was served with the following interrogatory:

> List all facts in support of your claim for punitive damages.

Plaintiff responded to this interrogatory by stating "[t]o be provided." This is an unresponsive answer. Plaintiff had enough details and, one assumes, factual basis to allege punitive damages in the amount of $250,000 when he filed the complaint. The Bank is entitled to know the basis of this request for punitive damages so it may investigate and defend itself. Plaintiff must supplement this response with complete details and list of facts that he will rely on to prove punitive damages. Furthermore, interrogatories were served on plaintiff on or about November 3, 2005, plaintiff's response was due on or about December 3, however, plaintiff did not respond until April 21, 2006. Plaintiff's response, "to be provided," issued four (4) months after the due date for the interrogatories prejudices the Bank's ability to formulate its defense. Plaintiff must supplement his answer or strike his request for punitive damages.

Interrogatory No. 21

MILES & STOCKBRIDGE P.C.

Plaintiff was served with the following interrogatory:

> Describe in complete detail and list all facts in support of each of your allegations that you suffered embarrassment, humiliation, fear, loss of self-esteem, loss of reputation and mental anguish as described in paragraphs 21 and 24 of the Complaint.

Plaintiff responded by referring the Bank to the complaint. In the complaint, plaintiff simply states the conclusion that he suffered certain emotional injuries. Plaintiff does not provide any facts upon which these alleged damages are based. To refer the Bank to the very conclusionary statements to which it seeks detail is unresponsive. The Bank is entitled to this information so that it may defend itself. Plaintiff must supplement this answer with the requested factual detail or strike his allegations of emotional injuries.

Interrogatory No. 23

Plaintiff was served with the following interrogatory:

> State whether you, your attorney, or anyone acting on your behalf or their behalf obtained statements in any form from any persons regarding any of the events that occurred at the scene of the incident referred to in the Complaint immediately before, at the time of or immediately after the incident.
>
> If so, state:
> a. name and address of the person from whom any statements were taken;
> b. the dates on which the statements were taken;
> c. the names and addresses of the persons and employers of the persons who took the statements;
> d. the names and addresses of the persons having custody of the statements; and
> e. whether the statements were written or recorded by recording device, court reporter or stenographer.

In response to this interrogatory, the plaintiff refered the Bank to an attached deposition transcript. Contrary to the plaintiff's belief, it is not the Bank's obligation to sift through a deposition transcript to answer its own interrogatory. Unlike the specific exception in the federal rules concerning the production of business records to answer an interrogatory, no such exception applies to deposition transcripts. Plaintiff's answer is nonresponsive and needs to be supplimented.

Interrogatory No. 24

Plaintiff was served with the following interrogatory:

> Identify every act and/or omission on the part of the Bank upon which you rely to support the claims set forth in your Complaint.

Plaintiff responded to this interrogatory by stating "[n]ot applicable." As stated above, plaintiff must provide the detail requested by the Bank, object to the question with specificity or answer none. The plaintiff's "not applicable" answer is non-responsive.

Interrogatory No. 25

Plaintiff was served with the following interrogatory:

> Explain the factual and legal basis of your contention in Paragraphs 17-21 of the Complaint that the Bank was negligent.

Plaintiff responded by stating that the Bank breached its policies of serving and protecting plaintiff as a customer. As set forth above, plaintiff has asserted legal conclusions in its complaint and the Bank is entitled to know the facts that plaintiff will rely on to support those conclusions. A restatement of the same legal conclusions asserted in the complaint is completely non-responsive and must be supplemented.

Interrogatory No. 26

Plaintiff was served with the following interrogatory:

> Explain the factual and legal basis of your contention in Paragraphs 22-24 of the Complaint that the Bank violated 42 U.S.C. Section 1981.

For this interrogatory, as in Interrogatory No. 25, plaintiff simply restates his legal conclusions asserted in the complaint. The Bank, however, is entitled to the facts, which plaintiff will rely on to support his legal conclusions.

Interrogatory No. 29

Plaintiff was served with the following interrogatory:

> Describe in detail and itemize all damages allegedly suffered by you as a result of the allegations in the Complaint. If you contend that you have suffered actual damages, state whether you seek an award of actual damages in this lawsuit and identify and quantify each and every element of such actual damages.

MILES & STOCKBRIDGE P.C.

In response to this interrogatory, plaintiff stated "[c]ompensatory damages for emotional pain and suffering. Plaintiff also demands punitive damages." Plaintiff's answer is completely absent of the detail requested by the Bank. Plaintiff is seeking compensatory damages, yet has failed to provide any facts to support such claim. The same applies to his request for punitive damages, despite the fact that his answers were over four months late.

As clearly illustrated above, plaintiff's answers to the cited interrogatories generally lack the required detail and specificity set forth in the federal discovery rules. Unless the Bank recieves a firm commitment from you by tomorrow that these serious deficiencies in the plaintiff's answers to the Bank's interrorgatories will be rectified within 5 days we have no choice but to proceed with an appropriate motion. While plaintiff may protest that as being a short deadline, it is perfectly reasonable in the context of the amount of time that has already elapsed since the interrogatories were orginally served and the fact that plaintiff could not have possibly believed, in good faith, that his unresponsive answers fulfilled his obligation under the federal rules.

Please telephone me tomorrow to discuss when I can expect to receive appropriate discovery answers.

Very truly yours,

Jessica du Hoffmann

### Frederick, Tessa L.

| | |
|---|---|
| **From:** | duHoffmann, Jessica |
| **Sent:** | Friday, June 16, 2006 3:33 PM |
| **To:** | 'dtemplelaw@aol.com' |
| **Cc:** | Frederick, Tessa L.; 'william.udovich@bankofamerica.com'; 'george.j.sukatos@bankofamerica.com'; Makar-Markov, Jeanne M. |
| **Subject:** | Banks v. Bank of America, N.A. |

Donald,

Pursuant to our discussion, in light of your medical situation, I will not object to a motion by you to continue the discovery deadline by 30 days. In the meantime, I will still need the medical releases (sent to your office by Susan Lee) signed by your client and returned to my attention, as well as proper discovery responses pursuant to my last correspondence detailing the deficiencies of your answers. Please also provide me dates for your client's deposition. It is further my understanding that you would like to take the deposition of the Bank Teller present during the incident of which your client complains. I will have dates for you on Monday. If you would like to take a deposition of a corporate designee, you will need to prepare a 30(b)(6) notice.

I look forward to hearing from you.


Very truly yours,


Jessica A. duHoffmann
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
Telephone: 410-727-6464
Facsimile: 410-385-3700



EXHIBIT D

6/19/2006