IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE BANKS, | * | |
|     Plaintiff, | * | |
| v. | * | Case No. 05-CV-01688- HHK-AK |
| BANK OF AMERICA, N.A., | * | |
|     Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendant, Bank of America, N.A. ("BOA"), by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 15, hereby files this Opposition to Plaintiff's Motion for Leave to File Amended Complaint and states as follows.

**BACKGROUND**

On June 15, 2005, Plaintiff, George Banks ("Plaintiff"), filed this action against the Bank in the Superior Court for the District of Columbia. The case was removed to this Court on August 24, 2005. The Scheduling Order was entered by this Court on January 18, 2006. Discovery closed in this case on July 1, 2006 and dispositive motions were due by August 1, 2006. This Court granted BOA's Motion to Compel on July 19, 2006 and on July 20, 2006, ordered that Plaintiff comply with this Court's Order by August 1, 2006. BOA still disputes Plaintiff's responses as to damages.

Plaintiff now seeks leave from this Court to file an amended complaint (the "Motion"). Because Plaintiff's proposed amendments will severely prejudice BOA, and because Plaintiff has failed to follow Local Rules in filing its Motion, the Motion should be denied.

## ARGUMENT

**A.     Plaintiff's Motion is Not in Compliance with Local Civil Rule 7(i).**

Pursuant to Local Civil Rule 7(i), a "motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended."  As is evidenced by this Court's docket, a copy of the proposed amended complaint was not filed with the Motion.  Indeed, although Plaintiff's Motion states that its counsel served BOA's counsel with a copy of the Motion and proposed amended complaint by mail, BOA's counsel never received any mailings regarding the Motion or proposed amended complaint.  BOA's counsel has twice requested that Plaintiff's counsel forward a copy of the proposed amended complaint, but Plaintiff's counsel has not responded to such requests and a copy of that document has not yet been received.

Thus, because Plaintiff failed to attach a copy of the amended complaint to his Motion, and such proposed amended complaint has not been seen by BOA, the Motion should be denied.

**B.     Leave to Amend the Complaint Should Not be Granted.**

It is clear that leave to amend is within the discretion of the trial court.  Gordon v. Raven Systems & Research, Inc., 462 A.2d 10, 13 (D.C. 1983).  Generally, leave to amend is freely granted.  Johnson v. Fairfax Village Condo. IV Unit Owners Ass'n, 641 A.2d 495, 501 (D.C. 1994).  However, in considering a motion to amend, a court can analyze several factors to guide its exercise of discretion.  Those factors are "(1) the numbers of requests to amend; (2) the length of time that the trial has been pending; (3) the presence of bad faith or dilatory reasons for the request; (4) the merit of the proffered amended pleading; and (5) any prejudice to the non-moving party."  Id., citing Bennett v. Fun & Fitness of Silver Hill, Inc., 434 A.2d 476, 478-79 (D.C. 1981).

In this case, several of these factors weigh in favor of denying Plaintiff's Motion for leave

to file an amended complaint. The first applicable factor is the length of time this case has been pending. This matter has been pending for over a year. Discovery closed on July 1, 2006 and dispositive motions were to be filed on August 1, 2006. Plaintiff has waited until August 11, 2006 to attempt to amend his complaint to add new claims - - after all major deadlines in this case have expired.

The second applicable factor is the presence of bad faith or dilatory reasons for the request. As demonstrated by the Court's docket in this case, although the discovery cutoff was July 1, 2006, BOA was forced to move to compel discovery responses from Plaintiff, which responses were supposed to be propounded by August 1, 2006. BOA still disputes Plaintiff's responses regarding damages. In addition, Plaintiff did not serve any written discovery on BOA. Finally, Plaintiff did not take any depositions until after discovery had closed. However, Plaintiff's counsel had already deposed the same BOA corporate representative in a related case he filed against the D.C. Metro Police for the arrest which occurred at a BOA banking center, which incident is at issue in this case. Thus, Plaintiff's counsel has been dilatory in his prosecution of this case due to his failure to serve discovery, provide complete discovery responses and take timely depositions. Moreover, Plaintiff has been aware of the same basic facts relating to BOA in this case, and the same allegations of negligence, which were discovered through a deposition of the same witness in the prior related case.[1]

---

[1] Without having had the opportunity to review the specific allegations being made in the proposed amended complaint, BOA is prevented from submitting a thorough Opposition to the Motion. However, the Motion indicates that Plaintiff intends to add claims for negligent supervision and training and gross negligence, both of which could have been brought under the facts alleged in the original complaint. Thus, Plaintiff was clearly on notice of such claims and should have presented them in their original complaint.

3

The third applicable factor is the lack of merit to Plaintiff's request to amend the complaint. The Motion for Leave to Amend contains absolutely no information or explanation as to why he should be allowed to amend his complaint other than the statement that the amendment is proper "based upon facts and information that were revealed in the course of discovery in this case." Memo. in Supp. of Motion for Leave, p. 1. First, Plaintiff fails to state what facts and information were learned such that the need to amend the complaint arose. Second, interestingly enough, Plaintiff never served the Bank with discovery in this case and also did not take any depositions during the course of the discovery period set in this case. Thus, it is unclear how Plaintiff gained any knowledge of "facts and information …revealed in the course of discovery in this case." In addition, as stated in footnote 1 above, Plaintiff was clearly on notice of such claims prior to, or at the very least, at the time the original complaint was filed.

The last applicable factor is prejudice to the non-moving party, BOA. First, BOA has had no opportunity to review a copy of the proposed amended pleading because Plaintiff has failed to provide this Court or opposing counsel with a copy of the proposed amended complaint. However, without providing supporting facts, Plaintiff's Memorandum in Support of the Motion indicates that Plaintiff intends to add claims for negligent supervision and training as well as gross negligence. At this stage of the case, with discovery closed and the dispositive motions deadline having passed, it would be unfair to allow Plaintiff to add completely new claims, which claims have not been investigated or litigated thus far. In addition, BOA may need an expert to assist with the defense of these new claims. Finally, BOA has had no opportunity in discovery to explore the basis of such claims. Allowing an amendment at this time would only extend the time for the resolution of this case and would simply reward Plaintiff for his dilatory conduct by providing him with additional time to conduct discovery.

C. **The Bank did not Consent to any Amendments.**

The Motion for Leave contains an unfinished sentence, which also cites to an inapplicable Superior Court local rule, regarding Plaintiff's counsel's attempt to obtain BOA's consent to an amendment. The incomplete sentence does not indicate whether or not BOA gave consent to the Motion. On August 11, 2006, counsel for BOA received a telephone call from Plaintiff's counsel seeking consent to file an amended complaint. Counsel for BOA responded in writing on the same day informing Plaintiff that consent would not be given for such an amended pleading.

D. **In the Alternative, if This Court Grants Leave to Amend, BOA Requests That the Discovery Deadline and Dispositive Motions Deadline be Extended.**

If this Court should grant Plaintiff's Motion, BOA requests that the discovery deadline be extended so that BOA can conduct limited discovery on the new claims and be allowed to file a dispositive motion after such additional discovery is conducted.

## CONCLUSION

For the foregoing reasons, Defendant, Bank of America, respectfully requests that this Court deny Plaintiff's Motion for Leave to File Amend Complaint.

Respectfully submitted,

_____/s/_____
Tessa Laspia Frederick (#465519)
Jessica A. duHoffmann (#476383)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland  21202
Tel:  (410) 727-6464
Fax:  (410) 385-3700

Counsel for Defendant,
Bank of America, N.A.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY, pursuant to LCvR 5.4 that on the 22nd day of August 2006, Counsel for Plaintiff, Donald Temple, Esquire, should receive electronic notice of the filing the foregoing **Opposition to Motion for Leave to File Amended Complaint** at TemplePC@aol.com, which e-mail address has been designated by Plaintiff's counsel to receive notices of electronic filings in this case.

                                                                                                     /s/
                                                                         Tessa Laspia Frederick

::ODMA\PCDOCS\BALT01\1112607\1