**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GEORGE BANKS,                    *

     Plaintiff,                    *

v.                    *    Case No. 05-CV-01688 – HHK – AK

BANK OF AMERICA, N.A.,                    *

     Defendant.                    *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MOTION FOR SANCTIONS

Defendant, Bank of America, N.A. ("BOA"), by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 37, hereby moves this Court for sanctions regarding Plaintiff's failure to comply with its Court Order dated July 17, 2006 and July 20, 2006. BOA hereby incorporates its Memorandum in Support hereof, which is filed contemporaneously herewith.

Respectfully submitted,

          /s/
_____
Tessa Laspia Frederick (#465519)
Jessica A. duHoffmann (#476383)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland  21202
Tel:  (410) 727-6464
Fax:  (410) 385-3700

Counsel for Defendant,
Bank of America, N.A.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GEORGE BANKS,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No. 05-CV-01688 – HHK – AK** |
| **BANK OF AMERICA, N.A.,** | * | |
| **Defendant.** | * | |

*    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS

Defendant, Bank of America, N.A. ("BOA"), by its undersigned attorneys and pursuant to Federal Rule of Civil Procedure 37, hereby files this Memorandum in Support of Motion for Sanctions, and states as follows.

## INTRODUCTION

The Bank has tried, unsuccessfully, to obtain complete discovery responses from Plaintiff since December 2005.  As of the date of the filing of this Motion, Plaintiff has not produced sufficient evidence of damages and, pursuant to this Court's Order of July 19, 2006, the Bank requests that it be granted reasonable attorney's fees for the time and expense associated with the preparation of this Motion, a dismissal of this action or in the alternative, an Order directing Plaintiff to produce evidence of damages pursuant to the discovery requests and allow the Bank to file a dispositive motion on or before September 8, 2006.

## ARGUMENT

On June 26, 2006, BOA filed a Motion to Compel Discovery and for Sanctions against Plaintiff, George Banks ("Plaintiff").  On July 19, 2006, this Court entered an Order granting the motion in part and denying the motion in part.  Specifically, the Court ordered that Plaintiff

provide the requested discovery.  In addition, the Court denied BOA's request for fees and to

preclude the introduction of evidence without prejudice to renew pending Plaintiff's compliance

with the Order.

      After Plaintiff filed an untimely reply to the motion to compel, this Court entered a Minute

Order striking Plaintiff's reply from the record and ordering Plaintiff to comply with its previous

Order.  In another effort to resolve Plaintiff's discovery deficiencies without involving the Court,

on July 19, 2006, BOA's counsel sent a letter to counsel for Plaintiff regarding outstanding

discovery, which letter included a copy of this Court's Order.  A true and correct copy of that

letter is attached hereto as **Exhibit A** and is incorporated herein by reference.  On July 21, 2006,

Plaintiff responded to the letter and agreed that documentation of damages was still an issue.  A

true and correct copy of that letter is attached hereto as **Exhibit B**.  Indeed, although Plaintiff

testified at deposition on July 17, 2006 that his business suffered as a direct result of the incident

which is the subject of the Complaint, Plaintiff's counsel's letter of July 21 indicates that actual

damages would not include economic losses.  The letter also stated that an estimation of expenses

would be provided.

      On July 24, 2006, Plaintiff's counsel sent supplemental answers to interrogatories to

counsel for the Bank.  Plaintiff's supplemental answer regarding damages (Plaintiff's Answer to

Interrogatory No. 29) states that "compensatory damages in excess of $400,000.00 are claimed

for embarrassment, humiliation, fear, mental anguish, ongoing trauma and depression suffered by

Plaintiff.  Actual damages are _____."  Clearly, such a response is unacceptable at this late

stage of the case.

      On July 31, 2006, BOA received supplemental document responses from Plaintiff.  The

response consisted largely of documents that were already produced to the Bank or by the Bank.

The only new documents produced were (1) a handwritten piece of paper purporting to list the

names of prescription medication prescribed to Plaintiff and (2) a series of bills from Reginald D.

Randolph at Wisdom Ministries for counseling services rendered to Plaintiff, which person was

not identified in Plaintiff's discovery responses. At this point, BOA is unable to quantify Plaintiff's

damages from the documents produced. In any event, it is Plaintiff's burden to prove damages

and he has been unable to provide adequate information documenting the basis for such damages.

Counsel for BOA sent a letter on August 11, 2006 highlighting BOA's outstanding

objections to Plaintiff's discovery responses. A true and correct copy of that letter is attached

hereto as **Exhibit C** and is incorporated herein by reference. The letter requested a response

within five business days; however, no response was received.

### A.    Plaintiff Should Pay Reasonable Attorneys' Fees.

As demonstrated by its previous Motion to Compel and the instant motion and

attachments, counsel for BOA has made a good faith effort to resolve the outstanding discovery

dispute and by signing this motion certifies as such. In light of the fact that Plaintiff has failed to

produce evidence of all damages and quantify it damages, Plaintiff should be barred from

presenting evidence of such damages. Had Plaintiff's counsel provided a simple breakdown of the

actual damages and confirmed what the actual damages entailed, as requested in BOA's August

11 letter, this Motion may have been avoided. BOA has been seeking this information since

November 2005, when the discovery responses were served on Plaintiff.

### B.    Plaintiff Should be Barred from Seeking Damages Disclosed After the Close of Discovery.

Due to Plaintiff's failure to adequately disclose and quantify actual damages, Plaintiff

should be barred from introducing at trial evidence of actual damages, which evidence was not

disclosed in written discovery prior to the discovery deadline; including all medical bills not

produced and bills from counseling received from Wisdom Ministries, which information was not

3

disclosed in written discovery and which documentation was not produced until July 31, 2006,

leaving BOA no time to depose the counselor from Wisdom Ministries to verify and authenticate

such damages.

## **CONCLUSION**

For the foregoing reasons, Defendant, Bank of America, respectfully requests that this

Court enter an Order issuing sanctions against Plaintiff for BOA's reasonable attorneys' fees in

preparing and filing its Motion to Compel and the instant Motion for Sanctions.  BOA also

requests that this Court enter an Order barring Plaintiff from introducing at trial evidence of actual

damages, which evidence was not disclosed in written discovery prior to the discovery deadline;

including all medical bills not produced and bills from counseling received from Wisdom

Ministries.

Respectfully submitted,


_____/s/_____
Tessa Laspia Frederick (#465519)
Jessica A. duHoffmann (#476383)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland  21202
Tel:  (410) 727-6464
Fax:  (410) 385-3700

Counsel for Defendant,
Bank of America, N.A.

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, pursuant to LCvR 5.4 that on the 22nd day of August 2006, Counsel for Plaintiff, Donald Temple, Esquire, should receive electronic notice of the filing the foregoing **Memorandum in Support of Motion for Sanctions** at TemplePC@aol.com, which e-mail address has been designated by Plaintiff's counsel to receive notices of electronic filings in this case.


_____/s/_____
Tessa Laspia Frederick


::ODMA\PCDOCS\BALT01\1113052\1