IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE BANKS, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 05-CV-01688 |
| BANK OF AMERICA, N.A., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

# EXHIBIT A
## (MOTION FOR SANCTIONS)

# MILES & STOCKBRIDGE P.C.

Tessa L. Frederick
(410) 385-3765
tfrederick@milesstockbridge.com

July 19, 2006

Donald M. Temple, Esquire
1229 15th Street, N.W.
Washington, D.C. 20005

Re:   **George Banks vs. Bank of America, N.A.**

Dear Donald:

I am writing to follow-up on several requests for documents and information that I made during the deposition of your client, George Banks in the above-reference matter. The requests that I made are listed as follows:

   1.   the full name, address and telephone number of the counselor/reverend from whom Mr. Banks has received counseling. Please provide whatever monetary damages, if any, are associated with your client attending counseling sessions with this person.
   2.   the name or names of any prescription medication, specifically the painkillers, which have been prescribed by Dr. Nana. I also request that your client provide me with the name of the pharmacy in which he fills these prescriptions.
   3.   the gross sales and revenue for Sentry Security International, Inc. for 2002, 2003, 2004 and 2005.
   4.   a breakdown of your client's damages and whatever documentation you have in support of such damages.

   I note that all of this information should have been provided in discovery.

   After the depositions were concluded on Monday afternoon, you asked whether the Bank would be withdrawing its Motion to Compel. In reviewing the Motion and the supplemental answers you provided on June 27, 2006, I believe that your client's discovery responses are still deficient as noted below:

   1.   Your Supplemental Answer to Interrogatory No. 20 regarding punitive damages provides absolutely no information with regard to the facts supporting a claim for punitive damages.

   2.   Your Supplemental Answer to Interrogatory No. 24 states, "See above answers", none of which would be sufficient enough to answer Interrogatory No. 24.

Donald M. Temple, Esquire
July 19, 2006
Page 2

MILES & STOCKBRIDGE P.C.

      3.     Your client's Supplemental Answers to Interrogatory Nos. 25 and 27 are also still objectionable. Your new objection in your Supplemental Answers appears to be based on your belief that providing factual and legal basis of your contentions made in paragraphs 17 through 21 of the Complaint regarding negligence and paragraphs 22 through 24 of the Complaint regarding §1981 somehow violates the attorney work-product privilege. I am sure you are well aware that we are entitled to discover what facts and what the legal basis is of your claims for negligence and the alleged violation of Section 1981, which are encompassed in paragraphs 17 through 21, and 22 through 24; respectively.

      4.     You failed to supplement your client's Answer to Interrogatory No. 27;

      5.     Your client's Answer to Interrogatory No. 29, which requests that you itemize all damages, ***provides absolutely no information on damages***, which are in any way helpful to the Bank. Indeed, your supplemental answer states that "Plaintiff will provide additional information as to medical expenses and business losses." Discovery has been over for nearly a month and we still do not have this information. As noted above, I have also requested this information during Mr. Banks' deposition, which information he apparently could not testify to.

Finally, the Motion to Compel also compels you to produce documents under Document Request Nos. 9, 10 and 11. Document Request No. 9 seeks documents related to your client's damages, which has already been discussed in detail in this letter and those documents were also requested at deposition. Request No. 10 seeks documents related to your contention in paragraph 17 through 21 of the Complaint that the Bank was negligent, and your response was that "Documents to be provided." Similarly, with regard to Request No. 11, we sought documents in connection with your contention that the Bank violated Section 1981 as described in paragraphs 22 through 24 of your Complaint. Again, your response was "Documents to be provided." However, nothing has been provided.

Obviously, the Bank is not willing to withdraw its Motion to Compel. In any event, I received this morning an Order of the Court granting my Motion. That Order is attached for your reference. I am currently seeking clarification from the Court as to how long you will have to submit proper responses.

I trust that this letter makes the Bank's position clear with regard to this case. The scheduling order in this case was entered on January 18, 2006. Surely, both you and your client have had ample opportunity to respond to discovery, which was served in November of 2005.

Very truly yours,

*[signature]*

Tessa Laspia Frederick

TLF/jmm
Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE BANKS, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 05-CV-01688 |
| BANK OF AMERICA, N.A., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

# EXHIBIT B
(MOTION FOR SANCTIONS)



1229 15TH STREET, N.W.
WASHINGTON, D.C. 20005

TELEPHONE (202) 628-1101
FACSIMILE (202) 628-1149

July 21, 2006

By Facsimile
Tessa L. Frederick, Esq.
10 Light Street
Baltimore, MD 21202-1487

Re:   **George Banks vs. Bank of America, N.A.**

Dear Tessa:

I am in receipt of your letter of July 19, 2006. We are concerned that you did not make us aware sooner that the supplemented responses to your client's interrogatories were insufficient or objectionable. We submitted our supplemented responses in mid-June, and we expressly asked you after the depositions of July 17, 2006, whether there were any further concerns regarding the discovery responses we submitted to you, to which you replied in the negative with the exception of the estimation of actual damages. The decidedly hostile tone of your letter conflicts with your aforementioned response, to say the least.

To your concern regarding the actual damages, we responded that they would not entail economic losses. Our client's losses include his expenses for hospital and doctor's visits, and psychological counseling costs he has incurred as a result of harm he suffered in the incident of June 15, 2002. We will provide you with an estimation of expenses in our supplemented Responses to Defendant's Requests for Production of Documents of the doctor's visits and counseling costs as soon as we receive the same from Dr. Eric Nana and Rev. Reginald Randolph.

Moreover, following your deposition of our client on July 17, 2006, we acknowledged that we needed to provide you with additional information regarding the exact interrogatories you mention in your letter of July 19, 2005. We are in the process of further supplementing our client's interrogatory responses, and we will both fax and e-mail you the supplemented responses on the 21st of this month. The additional documents in response to your client's Request for Production of Documents will be sent to you by first class mail.

Thank you in advance for your cooperation. Should you have any questions, please feel free to call me at (202) 628-1101.

Respectfully,

Donald M. Temple

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE BANKS, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 05-CV-01688 |
| BANK OF AMERICA, N.A., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

# EXHIBIT C
(MOTION FOR SANCTIONS)

# MILES & STOCKBRIDGE P.C.

Tessa L. Frederick, Esquire
410-385-3765
tfrederick@milesstockbridge.com

August 11, 2006

**VIA FACSIMILE & FIRST CLASS MAIL**
Donald M. Temple, Esquire
Alicia Hudson, Esquire
Temple Law Offices
1229 15th Street, N.W.
Washington, D.C. 20005

Re:   **George Banks vs. Bank of America, N.A.**

Dear Donald and Alicia:

I wanted to bring to your attention several outstanding matters in this case. First, there is the matter of Plaintiff's responses to Bank of America's ("BOA") discovery requests. We are in receipt of your second supplemental responses to the BOA's Interrogatories which are dated July 24, 2006. We are also in receipt of your supplemental responses to the BOA's Request for Production of Documents, which was received by this office on July 31, 2006. With regard to your second supplemental Interrogatory Answers, at this point, the only serious objection BOA has regarding your client's responses is the Answer pertaining to damages. Specifically, Plaintiff's Answer to Interrogatory No. 29 states that "compensatory damages in excess of $400,000.00 are claimed for embarrassment, humiliation, fear, mental anguish, ongoing trauma and depression suffered by Plaintiff. Actual damages are _____." It is unclear as to how leaving a blank space where a number for the actual damages are supposed to appear within your document constitutes an acceptable response. If you cannot provide us with a breakdown of your actual damages within the next five (5) business days, I will consider moving the Court for sanctions and dismissal of your case.

In your letter to me dated July 21, 2006, you state that Plaintiff's actual damages "would not entail economic losses." Thus, please confirm that although Mr. Banks testified at deposition that the incident resulted in economic losses to his company, he will not be seeking any damages for such losses. I note that your July 21st letter also specifically states that you would provide us with "an estimation of expenses in our supplemental responses to Defendant's Request for Production of Documents of the doctor's visits and counseling costs..." However, other than producing what little documentation you have, you have not provided us with such estimation of such expenses.

With regard to your supplemental document responses received on July 31, 2006, the response consisted largely of documents that were already produced to the Bank or by the Bank. The only new documents appear to be (1) a handwritten piece of paper purporting to list the names of prescription medication prescribed to Plaintiff and (2) a series of bills from Reginald D.

MILES & STOCKBRIDGE P.C.

Donald M. Temple, Esquire
Alicia Hudson, Esquire
August 11, 2006
Page 2

Randolph at Wisdom Ministries. I would like a confirmation that other than documents already produced, you are not in possession of any other responsive documents.

Finally, there was a yellow post-it note attached to some of the documents we received on July 31, 2006. The handwritten note stated the following: "Mr. Banks' tax records showing earnings for 2002-04 are forthcoming pending obtaining of protective order." First of all, if you needed a protective order in this case, it is your duty to file a motion for such protective order. Discovery in this case closed over a month ago. I am happy to treat any financial records provided by Mr. Banks as confidential and subject to limited disclosure. However, if you insist at this point in the case to seek a protective order, send me a draft of your motion for protective order within the next five (5) business days. Assuming you seek a standard order, we will consent after reviewing the draft. Otherwise, provide me with copies of Mr. Banks' tax records immediately.

I understand that Ms. Hudson telephoned me this morning seeking my consent, presumably pursuant to Rule 15, to the Plaintiff's filing of an amended complaint. The Bank does not give its consent to the filing of an amended complaint at this stage of the case. Considering that discovery is closed, it would clearly be unfair to amend your complaint at this time.

I look forward to your response and the resolution of the outstanding discovery issues.

Very truly yours,

Tessa L. Frederick

TLF/jmm

::ODMA\PCDOCS\BALT01\1110166\1