IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **George Banks** | ) |
| | ) |
| Plaintiff, | ) Case No.: 05-CV-01688 |
| | ) |
| v. | ) Judge: Henry Kennedy |
| | ) |
| | ) Deck Type: Civil Rights |
| **Bank of America** | ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

COMES NOW Plaintiff, George Banks, by and through undersigned counsel, and files this Complaint for damages against Defendant, Bank of America.

### JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to the court's jurisdiction over the state law claims and under D.C. Code §11-921 (1981). Venue is proper within the jurisdiction of the District of Columbia as the alleged events occurred in the District of Columbia.

### PARTIES

2. Plaintiff, George Banks ("Banks"), is a citizen and resident of the District of Columbia. He is a licensed private detective and owner of Sentry Security International.

3. Defendant, Bank of America ("BOA) is a business operation in the District of Columbia. The BOA branch at issue here is located at 1835 Columbia Road, NW, Washington, D.C. 20005.

**FACTS COMMON TO ALL COUNTS**

4. On June 15, 2002, Banks entered the above described BOA branch where he maintained both a company payroll account and a checking account.

5. Banks approached the teller, a Hispanic woman, to complete several transactions involving his accounts.

6. The teller asked Banks to produce two (2) forms of identification, including driver's license, to which Banks complied.

7. The teller had authority to complete a transaction up to $750- when a depositor could not produce two forms of i.d.. After producing his identification, which accurately depicted Plaintiff photographically, the teller began to study them and thus determined that they were satisfactory. She then proceeded to complete the transaction.

8. Subsequently, her supervisor Valentina Elebesunu examined Banks's identification, asked no questions, and then immediately and rudely refused to complete the transaction, stating that Plaintiff "did not look like he owned the business." The transaction was then reversed and the tellers refused to completed Banks's transaction.

9. Notwithstanding Plaintiff's depositor relationships with the Bank and compliance with the request to produce his two (2) forms of identification, Defendant's agents (two tellers) refused to conduct a standard business transaction with him.

10. Upon Banks's protest of the tellers' actions, the BOA branch manager, a Hispanic male, intervened but took no steps to examine or verify Plaintiff's identification. He admitted that the two (2) forms of identification provided by the Plaintiff were acceptable.

11. Instead of proceeding with the transaction, at the branch manager's direction to

"get him out of here," an off-duty police officer and a BOA security guard forcefully detained Banks- and was assisted in the process by an off-duty D.C. police officer.

12.     After being handcuffed, Banks was required to wait outside of the bank in public view for nearly one hour.

13.     Plaintiff was arrested and taken to the Third Police District, where he was charged with disorderly conduct and detained for four (4) hours.

14.     Plaintiff, who had never before been arrested, was embarrassed, humiliated, frustrated and was treated inappropriately.

15.     After his release, Plaintiff was taken by the police to George Washington University Hospital, but opted to be seen by his own physician.

16.     A criminal trial in this matter took place in D.C. Superior Court for July 23, 2002, at which time the U.S. Attorney's Office dismissed all charges against Banks.

17.     The BOA's failure to complete Banks's transaction, as well as BOA's conduct in causing Banks's arrest and the imposition of criminal charges were caused by BOA's intentional and grossly negligent treatment of Banks, a BOA customer. Said treatment was based on Banks's race and ratified by Bank Management.

18.     BOA's actions herein were malicious, willful and evil.

## COUNT I

### VIOLATION OF CIVIL RIGHTS, 42 U.S.C. SECTION 1981

19.     Plaintiff incorporates by reference all the allegations in paragraphs 1 through 18.

20.     Plaintiff further alleges that the Defendant interfered with the enjoyment of his contract rights and benefits, as well as his rights as a customer, by imposing a different and

greater standard upon him as a depositor than that imposed upon other non-Black Americans.

21. As a direct and proximate result of Defendant's actions, Plaintiff suffered physical injury, embarrassment, humiliation, loss of liberty, loss of reputation, loss of self-esteem and mental anguish.

**WHEREFORE,** Plaintiff respectfully prays this Honorable Court enters:

(a) Judgment against Defendant for compensatory damages in an amount in excess of two hundred and fifty thousand dollars ($250,000);

(b) Judgment against Defendant for punitive damages in an amount in excess of two hundred and fifty thousand dollars ($250,000).

(c) Judgment against Defendant for reasonable attorney's fees, cost and such other relief as this Court deems just and proper.

## COUNT II

## GROSS NEGLIGENCE

22. Plaintiff incorporates, by reference, paragraphs 1 through 21 as if fully set herein.

23. The BOA branch manager summarily ignored Mr. Banks's concerns by failing to speak with Mr. Banks, review his transaction or obtain information in order to properly address the customer's concerns.

24. Defendant's employees had a duty of care to provide Mr. Banks customer service as provided for in BOA's policies and procedures.

25. By refusing to process Mr. Banks's transactions, Plaintiff breached its duty of care of customer service, violated its policies, customs, and practices and further violated Plaintiff's rights as a Bank customer.

26. The BOA branch manager recklessly and/or willfully disregarded Mr. Banks's rights as a bank customer by summarily dismissing Mr. Banks and directing the BOA security officer to handcuff and forcibly remove Mr. Banks from the bank. These actions were outrageous and in contravention of BOA's policies and procedures.

27. The Bank's failure to complete Mr. Banks's transactions, as well as BOA's conduct in causing his arrest and the imposition of criminal charges, were based on Banks's race and ratified by Bank Management and therefore constituted grossly negligent treatment of Mr. Banks.

28. As a further direct and proximate result of Defendant's actions, Plaintiff suffered significant mental anguish, including but not limited to physical injury, embarrassment, humiliation, fear, loss of liberty, loss of self-esteem, and loss of reputation.

29. In so doing, the BOA manager failed to properly supervise Bank staff and to provide equal and proper treatment of Plaintiff.

**WHEREFORE,** Plaintiff respectfully prays this Honorable Court enters:

(a) Judgment against Defendant for compensatory damages in an amount in excess of two hundred and fifty thousand dollars ($250,000);

(b) Judgment against Defendant for punitive damages in an amount in excess of two hundred and fifty thousand dollars ($250,000).

(c) Judgment against Defendant for reasonable attorney's fees, cost and such other relief as this Court deems just and proper.

## COUNT III

### NEGLIGENCE

30. Plaintiff incorporates, by reference, paragraphs 1 through 29 as if fully set forth herein.

31. Defendant's employees had a duty of care to provide Mr. Banks customer service as provided for in BOA's policies and procedures.

32. By improperly refusing to process Mr. Banks's transactions, Plaintiff breached its duty of care of customer service, violated its stated policies, customs, and practices and further violated Plaintiff's rights as a Bank customer.

33. In so doing, the BOA manager failed to properly supervise Bank staff and to provide equal and proper treatment of Plaintiff.

34. As a direct and proximate result of Defendant's acts and omissions, Plaintiff was refused services and wrongfully and unlawfully arrested.

35. As a further direct and proximate result of Defendant's actions, Plaintiff suffered significant mental anguish, including but not limited to physical injury, embarrassment, humiliation, fear, loss of liberty, loss of self-esteem, and loss of reputation.

**WHEREFORE,** Plaintiff respectfully prays this Honorable Court enters:

(a) Judgment against Defendant for compensatory damages in an amount in excess of two hundred and fifty thousand dollars ($250,000);

(b) Judgment against Defendant for punitive damages in an amount in excess of two hundred and fifty thousand dollars ($250,000).

(c) Judgment against Defendant for reasonable attorney's fees, cost and such other

relief as this Court deems just and proper.

## COUNT IV

### NEGLIGENT TRAINING AND SUPERVISION

32. Plaintiff incorporates, by reference, paragraphs 1 through 18 as if fully set forth herein.

33. At all times relevant herein, Defendant's employees had a duty of care to provide Mr. Banks customer service as provided for in BOA's policies and procedures.

34. By refusing to process Mr. Banks's transactions, Plaintiff breached its duty of care of customer service, violated its policies, customs, and practices and further violated Plaintiff's rights as a Bank customer.

35. Defendant Bank of America Branch Manager German Jordan was acting under the direction and control, and pursuant to the rules, regulations, policies and procedures, of Defendant Bank of America (BOA).

36. Acting within the scope of employment of his position as Branch Bank Manager and pursuant to BOA's policies, customs and practices, said Manager, without any legal justification directed bank security to unlawfully eject Plaintiff from the bank premises.

37. Defendant BOA acted negligently, carelessly, recklessly and deliberately indifferent by failing to properly train, supervise, control, direct and monitor its tellers in their duties and responsibilities.

38. As a further direct and proximate result of the actions of the Defendant, Plaintiff suffered physical injury, discomfort, distress and loss of liberty; and has suffered and will

continue to suffer psychological harm, ongoing physical injury, loss of self-esteem, fear, mental anguish, including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested, taken into custody and grossly mistreated..

**WHEREFORE,** Plaintiff respectfully prays this Honorable Court enters:

(a)     Judgment against Defendant for compensatory damages in an amount in excess of two hundred and fifty thousand dollars ($250,000);

(b)     Judgment against Defendant for punitive damages in an amount in excess of two hundred and fifty thousand dollars ($250,000).

(c)     Judgment against Defendant for reasonable attorney's fees, cost and such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial as to all issues.

Respectfully submitted,

_____
Donald M. Temple # 408749
1229 15th Street, NW
Washington, D.C. 20005
(202) 628-1101
(202) 628-1149 facsimile
Attorney for Plaintiff

BOA3rdcomplaint