UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE BANKS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BANK OF AMERICA, N.A.,<br><br>　　　　　Defendant. | Civil Action No. 05-1688<br>(HHK) (AK) |

### MEMORANDUM ORDER

Pending before this Court is Plaintiff's Motion for Leave to File Amended Complaint ("Motion") [21] and Defendant's Opposition to Motion for Leave to File Amended Complaint ("Opposition") [18].[1]  For the reasons set forth below, the Court has concluded that Plaintiff's Motion shall be **GRANTED**.

### Background

Plaintiff George Banks ("Plaintiff") filed his original complaint in this action on June 15, 2005 in the Superior Court for the District of Columbia, alleging one count of Negligence and

---

[1] Plaintiff originally filed a Motion for Leave to File Amended Complaint [17] ("Original Motion") on August 11, 2006. Defendant directed its Opposition [18], filed on August 22, 2006, towards the Original Motion. However, a proposed amended complaint did not accompany the Original Motion, as is required by LCvR 15.1. Plaintiff subsequently filed a corrected Motion for Leave to File Amended Complaint [21] containing the required attachment, and the Original Motion was withdrawn. Defendant did not file a second Opposition addressing the proposed amended complaint. The Court will thus read Defendant's Opposition as against Plaintiff's corrected Motion.

one count of Violation of Civil Rights under 42 U.S.C. § 1981. Defendant Bank of America, N.A. ("Defendant" or "BOA") subsequently filed Notice of Removal [1] with this court, and then filed a timely Answer [4] to the complaint. The Trial Court issued a Scheduling Order [8] on January 18, 2006, setting the discovery completion deadline for July 1, 2006 and the dispositive motions deadline for August 1, 2006.

On August 22, 2006, more than a month past the discovery deadline, Plaintiff filed its corrected Motion for Leave to File Amended Complaint.[2] Plaintiff's proposed amended complaint would add two new counts: one count of Gross Negligence and one count of Negligent Training and Supervision. *See generally* Mot. Defendant opposes Plaintiff's Motion, asserting several grounds for denying Plaintiff leave to amend his complaint. In pertinent part, those grounds fall into the following categories: undue delay; bad faith or dilatory motive on the part of Plaintiff; and undue prejudice to Defendant. *See generally* Opp'n. In the alternative, Defendant requests that the discovery deadline and dispositive motions deadline be extended "so that BOA can conduct limited discovery on the new claims and be allowed to file a dispositive motion after such additional discovery is continued." Opp'n at 5.

**Analysis**

Federal Rule 15(a) states that a party may amend a pleading by leave of court and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has explained that, although granting or denying leave to amend surely falls within the discretion of the court, denying leave without any justification is an abuse of discretion and "inconsistent

---

[2]*See* note 1, *supra*.

with the spirit of the rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Justifications for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*

Because Rule 15(a) aims to provide for a resolution of the case on its merits, there is a strong policy for allowing amendments at any point in the litigation. *See* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1488 (2d ed. 1990). In keeping with this spirit, however, a party should request an amendment as soon as the need for it becomes apparent. *Id.* Even if a party is guilty of delay in seeking an amendment, delay alone does not justify denying leave. *Wilson v. ABN AMRO Mortgage Group*, No. 05-CV-0108, 2005 WL 3508658, at *2 (D.D.C. Dec. 21, 2005) (citation omitted). Rather, the delay should be weighed in conjunction with other factors, such as prejudice to the opposing party, and the reason given for the delay. *See* WRIGHT ET AL., *supra*, at § 1488.

**I. Undue Delay**

When Plaintiff moved for leave to amend his complaint, this case had been pending for over a year, and the discovery deadline and dispositive motions deadline had already passed. As stated above, however, passage of time alone is not a sufficient reason for denying leave to amend. The Court will therefore inquire into the reasons for the delay and any prejudice that may result from granting Plaintiff leave to amend.

**II.  Reasons for Plaintiff's Delay**

Plaintiff claims that he has made his request to amend in good faith, soon after the necessity to amend became apparent: "discovery and depositions have revealed additional facts to substantiate additional claims." Mot. at 3. Defendant disagrees, stating that Plaintiff's delay is due to bad faith and dilatory motive. In support of its position, Defendant argues that Plaintiff could have brought these two new claims under the facts alleged in the original Complaint. Opp'n at 3. Defendant also points to Plaintiff's overall delay in the prosecution of this case. *Id.*

Though the claims of Gross Negligence and Negligent Training and Supervision may have been evident from the facts of the original complaint, it is not apparent to the Court that bad faith played any part in Plaintiff's delay. Nor does the Court find any strong connection between Plaintiff's overall delay in litigating his case, and the alleged delay in requesting to amend his complaint.

**III.  Undue Prejudice to Defendant**

Plaintiff also argues that he should be allowed to amend his complaint because Defendant will suffer no prejudice. Mot. at 1. Defendant, in opposition, claims that it will suffer "severe[] prejudice" should Plaintiff be allowed to amend his complaint. Opp'n at 1. In support of its position, Defendant cites delay in the resolution of the case and the burden of additional discovery, which may necessitate an expert. *Id.* at 4.

The Court disagrees that granting Plaintiff leave to amend will severely prejudice Defendant. Prejudice to Defendant can be mitigated by extending the discovery deadline. The lack of a set trial date in this case affords the Court flexibility in granting such an extension. It

also precludes any conjecture by the Court as to whether resolution of the *case* will necessarily be delayed.

## Conclusion

The Court concludes in this case that the strong policy of Rule 15(a) in favor of granting leave to amend prevails despite any remaining prejudice to Defendant. Accordingly, it is on this ___ day of September, 2006, hereby

**ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint is **GRANTED**; and it is further

**ORDERED** that Defendant's request to extend the deadline for completion of all discovery is **GRANTED**. The Court extends the discovery deadline to December 1, 2006; and it is further

**ORDERED** that Defendant's request to extend the dispositive motions deadline is **GRANTED**. The Court extends the deadline for the filing of any dispositive motions to January 5, 2007; any opposition to any dispositive motion shall be filed by January 25, 2007; and any reply shall be filed by February 9, 2007.

**SO ORDERED**.

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE