# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| George Banks ) | |
| ) | |
| Plaintiff, ) | Case No. 05-CV-01688 |
| ) | Judge: Henry Kennedy |
| v. ) | Deck Type: Civil |
| ) | |
| Bank of America ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES**

COMES NOW Plaintiff, George Banks by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure hereby responds to Defendant Bank of America's ("BOA") Interrogatories.

Subject to the objections and responses as set forth below, the Plaintiff says:

(a) The information supplied in these Answers to Interrogatories is not based solely on the knowledge of the executing party, but includes the knowledge of the party and attorneys, unless privileged.

(b) The word usage and sentence structure may be that of the attorneys assisting in preparation of these Answers and, thus, does not necessarily purport to be the precise language of the executing party.

(c) Plaintiff reserves the right to amend these answers after discovery from the Defendant, with further information as it may come to the party prior to hearing dates.

## GENERAL OBJECTIONS

(d) **Relevance**: Plaintiff objects to these interrogatories to the extent they seek information or documentation not relevant to the issues raised in this lawsuit, and to the extent that the interrogatories are not reasonably calculated to lead to the discovery of admissible evidence. Nothing herein should be construed as an admission by Plaintiff of the admissibility or relevance of any fact or document. An objection that an interrogatory is overboard includes the concern that it seeks irrelevant information.

(e) **Vague, ambiguous and Overly-Broad**: Plaintiff objects to these interrogatories to the extent that they are vague, ambiguous, overly-broad, unduly burdensome, oppressive or fail to identify with sufficient particularity the information requested and, thus, are not susceptible to response.

(f) **Excessive Burden**. Plaintiff objects to these interrogatories that require an unduly burdensome search for documents that have little or no relevance to this lawsuit. The value of producing such responses, if the documents could be found, would be far outweighed by the time, expense, and effort involved in searching for them.

(g) **Repetitive**. Plaintiff objects to these interrogatories to the extent that they are repetitive of other requests.

(h) Plaintiff objects to each interrogatory to the extent that it purports to request information protected from disclosure by the attorney-client privilege, the accountant-client privilege or the attorney work-product doctrine.

(i) Plaintiff objects to the instructions to interrogatories to the extent that they purport to impose upon the Plaintiff obligations in addition to or different than those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

conversation, including the date of the conversation and location.

Answer: Not Applicable.

15. State the name and job titles of any Bank employees involved in the incident alleged in the complaint.

Answer: See answer to interrogatory 16.

16. State your purpose in coming into Bank of America on the day of the alleged incident described in your Complaint, describe how often you used the Bank branch at issue on a weekly basis and list the address of the addresses of other Bank branches used by you to conduct bank transactions on your account(s) with the Bank.

Answer: On June 15, 2002, I went to Bank of America at 1835 Columbia Road, NW to conduct a business transaction. I was withdrawing $1,000.00 from one of my accounts and transferring $700.00 of that $1,000.00 to another account and keeping the remaining $300.00. The teller processed my request and was about to give me the amount I requested, when another teller told her not to complete my transaction. I inquired why. She then replied that she would have to check and verify that I owned the business. The second teller said that I did not look like I owned the business, even though I produced two forms of identification. Mr. Jordan alleged that I provided only one form of identification to the teller. At this point, an off duty Metropolitan Police Officer Johnny Tubbs ("Tubbs") approached me with pepper spray and pointed it at me. Officer Tubbs asked Mr. German Jordan ("Jordan"), the bank manager, if he should throw me out of the bank. Mr. Jordan said no and that he could resolve this matter. Mr. Jordan asked me to go and sit by his desk while he resolved the issue. I then proceeded to Mr. Jordan's desk.

As Mr. Jordan and I spoke, Officer Tubbs interrupted and told me that if I spoke again, he would handcuff me. I told him that I was conducting my business. Officer Tubbs told

Mr. Jordan that it was now out of the hands of the bank and that this was now a Metropolitan Police Department matter. Mr. Jordan told Officer Tubbs that the Bank could handle the situation. Mr. Jordan then turned to the Bank's Special Police Officer ("SPO"), Winfred Wrice ("SPO Wrice") and said "get him out of the Bank" (Dep. German Jordan at 40). Officer Tubbs then placed me in handcuffs and he double locked the handcuffs. Officer Tubbs dragged me by the handcuffs out of the bank, while holding the handcuffs up in the air. I was bent over because Officer Tubbs was holding the handcuffs up while he was dragging me out of the bank backwards approximately 100 feet. Officer Tubbs over tightened the handcuffs. Officer Tubbs told the special police officer to call Third District, so I could be transported to the Third District police department. I was arrested for disorderly conduct and transported to Third District, even though I did not do anything wrong.

17. State the name(s), business and home addresses of the off-duty police officer and security guard you alleged were involved in the incident described in the Complaint.

Answer: Officer John Tubbs, Jr., Metropolitan Police Department, Badge Number 2799.

Winfred Wrice, SPO, Bank of America, 1835 Columbia Road, NW, Washington, DC.

18. Describe in complete detail how you were transported to the police station, the location of the police station, the charges brought against you in any charging document or other complaint filed by the police department and the current status or disposition of such charges.

Answer: The District of Columbia brought charges of disorderly conduct against me in the Superior Court of the District of Columbia. The case was charges were nolle **prosequied** on July 23, 2002.

19. State the date and location that you first sought medical attention for the injuries that you allege in your Complaint and identify and describe all facts in support of your claim in paragraph

statements in any form from any persons regarding any of the events that occurred at the scene of the incident referred to in the Complaint immediately before, at the time of or immediately after the incident.

If so, state:

    a. name and address of the person from whom any statements were taken;

    b. the dates on which the statements were taken;

    c. the name and addresses of the persons and employers of the persons who took the statements;

    d. the name and addresses of the persons having custody of the statements; and

    e. whether the statements were written or recorded by recording device, court reporter or stenographer.

Answer: See attached deposition transcripts.

24. Identify every act and/or omission on the part of the Bank upon which you rely to support the claims set forth in your Complaint.

Answer: Not Applicable.

25. Explain the factual and legal basis of your contention in Paragraphs 17-21 of the Complaint that the Bank was negligent.

Answer: The Bank breached their policies of serving and protecting Plaintiff as a customer.

26. Explain the factual and legal basis of your contention in Paragraphs 22-24 of the complaint that the Bank violated 42 U.S.C. Section 1981.

Answer: Plaintiff was treated differently on the basis of his race and impeded from the enjoyment of his contract as a customer—and specifically denied from making withdrawals from his accounts.

27. If you contend that your arrest as described in the complaint was due to any fault on the part of the Bank, describe in detail the factual basis for such a contention.

Answer: See answer to number 25.

28. Identify any and all lawsuits or claims filed by you against any other party in connection with the same incident described in your Complaint, including in your Answer the name of the party(ies) against whom you filed a claim or complaint, the name of the court and case or claim number, the current status of the claim or complaint and the amount of any settlement you received as a result of the filing of such claim or complaint.

Answer: George Banks v. D.C. et al., U.S. District Court for the District of Columbia, CA-02-2304, $29,000.

29. Described in detail and itemize all damages allegedly suffered by you as a result of the allegations in the Complaint. If you contend that you have suffered actual damages, state whether you seek an award of actual damages in this lawsuit and identify and quantify each and every element of such actual damages.

Answer: Compensatory damages for emotional pain and suffering. Plaintiff also demands punitive damages.

_____
George Banks

APRIL 20, 2006
Date

Respectfully submitted,

_____
Donald M. Temple (Bar# 407849)
1229 15th Street, NW
Washington, DC 20005
Phone: 202-628-1101
Fax: 202-628-1149

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **George Banks** ) | |
| ) | |
| Plaintiff, ) | Case No. 05-CV-01688 |
| ) | Judge: Henry Kennedy |
| v. ) | Deck Type: Civil |
| ) | |
| **Bank of America** ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES

COMES NOW Plaintiff, George Banks by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure hereby responds to Defendant Bank of America's ("BOA") Interrogatories.

Subject to the objections and responses as set forth below, the Plaintiff says:

(a) The information supplied in these Answers to Interrogatories is not based solely on the knowledge of the executing party, but includes the knowledge of the party and attorneys, unless privileged.

(b) The word usage and sentence structure may be that of the attorneys assisting in preparation of these Answers and, thus, does not necessarily purport to be the precise language of the executing party.

(c) Plaintiff reserves the right to amend these answers after discovery from the Defendant, with further information as it may come to the party prior to hearing dates.

## GENERAL OBJECTIONS

(d) **Relevance**: Plaintiff objects to these interrogatories to the extent they seek information or documentation not relevant to the issues raised in this lawsuit, and to the extent that the interrogatories are not reasonably calculated to lead to the discovery of admissible evidence. Nothing herein should be construed as an admission by Plaintiff of the admissibility or relevance of any fact or document. An objection that an interrogatory is overboard includes the concern that it seeks irrelevant information.

(e) **Vague, ambiguous and Overly-Broad**: Plaintiff objects to these interrogatories to the extent that they are vague, ambiguous, overly-broad, unduly burdensome, oppressive or fail to identify with sufficient particularity the information requested and, thus, are not susceptible to response.

(f) **Excessive Burden**. Plaintiff objects to these interrogatories that require an unduly burdensome search for documents that have little or no relevance to this lawsuit. The value of producing such responses, if the documents could be found, would be far outweighed by the time, expense, and effort involved in searching for them.

(g) **Repetitive**. Plaintiff objects to these interrogatories to the extent that they are repetitive of other requests.

(h) Plaintiff objects to each interrogatory to the extent that it purports to request information protected from disclosure by the attorney-client privilege, the accountant-client privilege or the attorney work-product doctrine.

(i) Plaintiff objects to the instructions to interrogatories to the extent that they purport to impose upon the Plaintiff obligations in addition to or different than those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

INTERROGATORY NO. 24: Identify every act and/or omission on the part of the Bank upon which you rely to support the claims set forth in your Complaint.

RESPONSE: Defendant interfered with the enjoyment of his contract rights by imposing a different and greater standard upon him as an account holder than that imposed upon other non African-American account holders. Defendant should have been valued as a customer, having stayed with Bank of America since the inception of his highly successful business. Instead, Defendant suffered disparate treatment: he presented both forms of the required identification and yet was refused service for his transactions. Defendant had monies far beyond sufficient for processing his transactions, and was a loyal account holder. His only mistake was rightfully expecting to receive equal treatment and observation of his rights as afforded to non-African American customers.

INTERROGATORY NO. 25: Explain the factual and legal basis of your contention in Paragraphs 17-21 of the Complaint that the Bank was negligent.

RESPONSE: The Bank breached their policies of serving and protecting Plaintiff as a customer. Bank of America manager failed to supervise the Bank staff and to provide equal and proper treatment to the Plaintiff. Plaintiff despite complying fully with the teller's demand to see two forms of identification, was unlawfully arrested and his transactions were refused. The Bank Manager, instead of observing Bank of America's purported policies of customer service, summarily dismissed Mr. Banks's concerns as evidenced by his refusal to confer with Mr. Banks, or review the transaction. The Bank Manager and Bank security, at the Manager's order, breached the Bank's policies of serving and protecting the customer by arresting, and in the process injuring, Mr. Banks who posed no threat whatsoever to the Bank's security, and was, in fact, a highly valuable and loyal customer.

INTERROGATORY NO. 27: If you contend that your arrest as described in the complaint was due to any fault on the part of the Bank, describe in detail the factual basis for such a contention.

RESPONSE: See answer to number 25. In addition to the response provided to Interrogatory No. 25, Bank of America was negligent in its failure to properly supervise and train its employees to uphold its policies of customer service to protect and serve the customer. The Bank Manager's, tellers', and bank security's actions were all done in contravention of said policies as they refused to observe the Bank's own rules. Even more disturbing, is that Plaintiff did not receive any news of any investigation to date carried out by Bank of America to assess the conduct of its employees or the circumstances of the incident. Plaintiff provided the required forms of identification and was still refused service, mistreated and humiliated for expressing concerns and giving questions typical of any customer who has been refused service and does not know why.

INTERROGATORY NO. 29: Describe in detail and itemize all damages allegedly suffered by you as a result of the allegations in the Complaint. If you contend that you have suffered actual damages, state whether you seek an award of actual damages in this lawsuit and identify and quantify each and every element of such actual damages.

RESPONSE: As explained above, punitive damages in excess of $750,000 are demanded for racially discriminatory treatment resulting in violation of our client's civil rights. Compensatory damages in excess of $400,000 are claimed for embarrassment, humiliation, fear, mental anguish, ongoing trauma and depression suffered by Plaintiff. Actual damages are            (Please see documentation provided in supplemental responses to Requests for Production of Documents).

_____          7/24/06

George Banks

Date

Respectfully submitted,

_____
Donald M. Temple (Bar# 407849)
1229 15th Street, NW
Washington, DC 20005
Phone: 202-628-1101
Fax: 202-628-1149

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 24 day of ~~April,~~ July 2006, a true and correct copy of the foregoing Response to Defendant's Interrogatories was mailed, first class, postage prepaid to:

Tessa Laspia Frederick
Miles & Stock bridge P.C.
10 Light Street
Baltimore, MD 21201
(410) 727-6464

Jefferson V. Wright
Miles & Stock bridge P.C.
10 Light Street
Baltimore, MD 21202
(410) 727-6464

Attorneys for Defendant

_____
Donald M. Temple, Esq.