## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **GEORGE BANKS,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BANK OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

**Case No. 05-CV-01688**
**Judge: Henry Kennedy**

### STIPULATED PROTECTIVE ORDER

Plaintiff has brought an action for negligence, gross negligence, negligent supervision and violation of plaintiff's civil rights under 42 U.S.C. 1981. In the course of discovery, Plaintiff will submit numerous tax and wage earnings records in response to Defendant's Request for Production of Documents.

While acknowledging that Defendant is entitled to review and examination of tax and earnings records which are at issue, Plaintiff believes that his Privacy Rights may be implicated by any use of this information for purposes unrelated to this litigation.

Thus, in order to permit Defendant to discover information that may be relevant to this case without undermining Plaintiffs' substantive and Privacy Rights, the parties, pursuant to Federal Rule of Civil Procedure 26(c), and subject to the Court's approval, hereby stipulate and agree by the undersigned attorneys to the following provisions governing the exchange of confidential information in this case:

1.    Counsel for either party may designate information as "Confidential" subject to this Stipulated Protective Order ("Stipulation") which they reasonably believe

the public disclosure of which may pose a threat to the Privacy Rights of the subject of the information so designated. "Confidential Information" includes all records pertaining to mental health and medical treatment of any party; all material or information which a party in good faith considers and reasonably believes to contain or to constitute trade secrets, proprietary business information, confidential employee or customer information, or other commercially sensitive information which has been so designated by any party; and any copies, abstracts, excerpts, or summaries of such information.

2.      Plaintiff expressly designates as "Confidential" and subject to this Stipulation, any reports provided by Plaintiff's accountant or other persons in preparation of any tax reports of Plaintiff.

3.      Each non-party producing documents in this matter shall be treated as a party producing documents in all respects herein and shall have all the rights such a party may have.

4.      Any party to the above-captioned civil action ("Civil Action"), and any non-party producing documents in this case, may designate as Confidential Information any document, material or testimony (and copies thereof), by designating such documents, material, or testimony as "CONFIDENTIAL." The provisions of this Order shall be applicable to any documents or material marked "CONFIDENTIAL," the information contained therein, testimony related thereto, and to any abstracts, summaries, or similar materials prepared from, or based upon, such documents or material which shall also be considered Confidential Information.

5.      Except as hereinafter provided, Confidential Information shall be used only in this Civil Action for purposes necessary to the litigation of claims by Plaintiff and

defenses of Defendant. Confidential Information shall not be used for any commercial, business, competitive, or other purposes of any kind, or for any purposes in any other judicial or administrative proceedings, disputes, or cases, unless a court order is issued to the contrary.

6.    For purposes of the inspection, and any subsequent inspection of the original documents, all documents produced for inspection shall be treated as if they were marked "CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by the inspecting party, the person producing the documents may mark copies of such documents "CONFIDENTIAL" at the time the copies are produced to the inspecting party.   If either party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth therein any information that is designated as subject to this Stipulation pursuant to paragraphs one or two, that party shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact only the specific information designated pursuant to paragraphs one or two of this Stipulation and shall be filed on the public record.   Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title and civil action number of this action, a brief description of the contents of such sealed envelope or container, the words "under seal," and a statement substantially in the following form:

> "This envelope contains documents which have been filed in this case by [name of party] and is not to be opened except pursuant to order of the Court."

7.    All confidential Information filed with the Court shall be filed in sealed

3

envelopes bearing the caption of this action, a brief description of the general nature of the contents of the sealed envelope, the word "CONFIDENTIAL," and a statement in substantially the following form:

> THIS ENVELOPE IS SEALED PURSUANT TO
> AN ORDER OF THE COURT AND CONTAINS
> CONFIDENTIAL INFORMATION. IT IS NOT
> TO BE OPENED OR THE CONTENTS THEREOF
> TO BE DISPLAYED OR REVEALED BY ANYONE
> EXCEPT UPON ORDER OF THE COURT.

8. No person shall make or permit the making of more copies of any Confidential Information than are reasonably necessary for the litigation of this Civil Action.

9. Confidential Information may be disclosed only to "Qualified Persons," defined as follows:

   a. The Stipulating Parties, including their respective current and former officers, directors, partners, principals, or employees who are assisting the Stipulating Parties in this Civil Action;

   b. Inside or outside counsel for the Stipulating Parties in this Civil Action, including members of such attorneys' staff (e.g. paralegals, legal secretaries, and law clerks);

   c. Consultants and experts retained by the Stipulating Parties in this Civil Action to assist in this Civil Action, and their respective staff, provided that such individual agrees to maintain the confidentiality of the information disclosed in accordance with the terms of this Protective Order by execution of the Confidentiality Pledge attached hereto as Exhibit A which shall be kept by the party retaining the

4

consultant or expert;

      d.    The Court and Court personnel; and

      e.    Court reporters selected by the parties

The right of access to all materials designated as subject to this Stipulation shall be limited to the parties, counsel for the parties, paralegals and expert witness in their employ, and any other person mutually authorized by all counsel to examine such materials. Any person having access to materials or information subject to this Stipulation shall have access only for purposes of proceeding in *this* action, and shall be informed that the materials and information are confidential, subject to a nondisclosure order of the Court, and to be used only for purposes of proceeding in this action. Nothing contained herein should be construed as limiting the federal government's ability to use any records subject to this proposed protective order in *this* litigation.

    10.    Except as provided herein, no person having access to material designated as subject to this Stipulation shall make public disclosure of those materials without further order of the Court or stipulation of the parties.

    11.    All documents and copies of documents designated as subject to this Stipulation shall be destroyed or returned to counsel for the providing party within sixty (60) days after the conclusion of all trial and appellate proceedings in this case.

    12.    The parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Stipulation, and nothing contained herein or in the Privacy Act shall be construed as precluding plaintiff or defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or

necessary at that time in order to protect the privacy of the individual(s) involved.

13.    Counsel for any Stipulating Party may designate deposition testimony or exhibits as Confidential Information by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as confidential.    In addition, within 10 days after the receipt of the transcript of the deposition, counsel shall be entitled to designate specific pages and lines of the transcript and the exhibits as confidential.    To maintain the confidentiality of any deposition testimony or exhibits designated as confidential in accordance with the terms of this Order, the parties' counsel and the court reporter who transcribes the deposition testimony shall make reasonable arrangement, which may include the making of transcript pages, covers, or exhibits, and other measures to limit the availability of Confidential Information to Persons other than Qualified Persons.    However, pleadings containing brief quotations from deposition testimony need not be filed with the Court in accordance with paragraph 7 unless such pleadings otherwise contain Confidential Information.

14.    Within 30 days of the final determination of this Civil Action, whether by judgment, settlement, or otherwise, and including any appeal from a final judgment, any person who is in possession of Confidential Information shall return such Confidential Information (except for that contained in the pleading files of counsel or counsel's work product) to the person who produced it or the person's counsel at the producing party's expense, or shall destroy it.    Written confirmation of such return or destruction shall be forwarded to the person producing such Confidential Information or the person's counsel. Confidential Information contained in counsels' pleadings, files, or work product, which

counsel may retain notwithstanding any other provision of this Order, shall not thereafter be disclosed to any person or used for any purpose without a Court Order to the contrary.

15.    If a document, material, or testimony related thereto, which a person intends to designate as confidential, is inadvertently disclosed without being marked as "Confidential" in accordance with paragraph 4 of this Order, then the failure to so mark the document or other material shall not be deemed a waiver of its confidentiality. If it is understood by the person receiving the document or other material that confidential treatment was intended, then the document or other material or testimony should be treated as the person receiving it understands production was intended. When the document, material, or testimony is designated as confidential, all recipients thereof shall take prompt steps to assure that it is marked "Confidential," or returned to the person who disclosed it for confidential designation pursuant to paragraph 4 of this Order.

16.    If any document or other material subject to any privilege or legal prohibition against disclosure is inadvertently disclosed to a party, then the fact of disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure. Upon notification by the person who inadvertently disclosed such document or material, the person to whom it was disclosed shall immediately return it, including any copies thereof, to the person who inadvertently disclosed it, and shall destroy any notes or work product concerning the material; however, the return of such document or material by a party shall not be construed as an admission that a privilege with respect to such document or material in fact exists. If the person to whom such document or material was inadvertently disclosed disagrees with the other person's claim of privilege of legal prohibition against disclosure, then that person shall not use such

document or material for any purpose until allowed to do so by Court order. However, the party seeking the return of the document or material shall have the burden of making the motion to establish entitlement to its return. Unless otherwise agreed, the motion shall be made within ten (10) days of the time of the party who inadvertently made the disclosure first gives notice of the inadvertent production to the party to which inadvertent disclosure was made. Any specific part or parts of the restrictions imposed by this Stipulation may be terminated at any time by an order of the Court. This Stipulation is without prejudice to the rights of any party to make any objection to discovery pertained by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

17.    Prior to the use at any pretrial hearing in this Civil Action of any Confidential Information, counsel who desires to use such Confidential Information shall take reasonable steps to afford opposing counsel the opportunity to object to disclosure of Confidential Information in open Court.

18.    This Order shall survive the final conclusion of this Civil Action and shall continue in full force and effect. The Court shall retain jurisdiction over the parties and any other person bound by this Order to enforce this Order.

19.    All persons bound by this Order are hereby notified that if this Order is in any manner violated, then the person or entity who commits such violation shall be subject to such sanction as the Court, on motion and after a hearing, deems just.

**SIGNATURES ON NEXT PAGE**

8

**STIPULATING PARTIES**

On behalf of Plaintiff,
George Banks

By: _____

Donald M. Temple, Esq.
1229 15th St., N.W.
Washington , D.C. 20005
(202) 628-1101


On behalf of Defendant,
Bank of America, N.A.

MILES & STOCKBRIDGE, P.C.

Dated: 11/15/06

By: _____

Tessa L. Frederick, Esq.
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, MD 21202
(410) 727-6464


APPROVED AND SO ORDERED ON THIS _____ Day of _____
_____ , 2006


_____
Judge,
United States District Court for
the District of Columbia

9