## IN THE UNITED STATES DISTRICT COURT FOR THE COLUMBIA
## CIVIL DIVISION

|  |  |  |
|---|---|---|
| George Banks | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 05-CV-01688 |
| | ) | |
| **Bank of America** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## MOTION FOR LEAVE TO FILE OPPOSITION *NUNC PRO TUNC*
## AND TO STRIKE

COMES NOW Plaintiff, by and through undersigned counsel, and respectfully files Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Leave to File Opposition *Nunc Pro Tunc* and to Strike.

Defendant in its motion implies that its hands are absolutely clean relative to Plaintiff's most recent delayed filing. That is not the case. Nor is this delay as simple as Defendant would have this court believe.

Briefly, the undersigned operates a very small civil rights practice. In August, 2006 the undersigned suffered a major illness and experienced major surgery, which required a six (6) weeks recovery period. Recuperation continued even after Plaintiff returned to work. As result of this six (6) week hiatus, the undersigned experienced a major backlog in cases, which he sought to address as vigorously as possible upon his return. Since then, the undersigned was also required to address a health related family crisis in Philadelphia. Defendant is well aware of these matters. Only as of late has this counsel required extension to address serious and comprehensive pleadings, such as

defendant's..

Putting these various personal, but not insignificant, factors aside, Plaintiff's Opposition has attempted to provide for this court a detailed and comprehensive response to Defendant's Motion for Summary Judgment, including an analysis of Defendant's pertinent policies and procedures. What Defendant fails to state in its Opposition is that Plaintiff did not receive a copy of Defendant's policies and procedures until Tuesday, February 20, 2007 (one day before the extended deadline).

This court should also keep in mind that Defendant's motion strongly argues that Plaintiff's case fails in absence of proof as to the content of these very policies and procedures. Once received, Plaintiff was thus required to carefully review those policies and procedures in the context of the discovery record, especially since Defendant did not discuss its policies in the slightest in its papers and to explain their significance in terms of negligence and liability.

Moreover, as a result of the confidentiality agreement, Plaintiff was required to file these policies and procedures with certain redactions and to submit scanned exhibits. In doing so, Plaintiff unfortunately and repeatedly experienced technical problems with its vendor and had to use a different vendor for final scanning purposes. This further delayed this filing, through no fault of Plaintiff.

Against this backlog, Defendant suggests that this court should rule on other than the parties' substantive arguments. Such reasoning flatly contradicts the preference of D.C. courts, which is to determine cases on their merits. This case has been substantially litigated and the record before the court is factually and legally instructive. There have not been any intentional or calculated delays by Plaintiff. Furthermore, the opposition at hand is only three (3) business days later than the most

recent agreed upon extension, which is minimal in nature.

Accordingly, for reasons herein stated this court should grant Plaintiff's motion and rule on the actual substantive arguments.


_____Respectfully submitted,


_____


_____     _____/s/_____
                                                    Donald M. Temple #408749
                                                    1229 15th  Street, N.W.
                                                    Washington, D.C. 20005
                                                    (202) 628-1101
                                                    *Attorney for Plaintiff*