IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE BANKS, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 05-CV-01688-HHK |
| BANK OF AMERICA, N.A., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**SURREPLY TO PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR LEAVE
TO FILE OPPOSITION NUNC PRO TUNC AND MOTION TO STRIKE**

Defendant, Bank of America, N.A. ("Defendant"), by its undersigned attorneys hereby files this Surreply to Plaintiff's Reply to Defendant's Opposition to Motion for Leave and Motion to Strike and states as follows.

Plaintiff filed a Reply to Defendant's Opposition to Plaintiff's Motion for Leave which absolutely mandates a response due to Plaintiff's blatant misstatements of facts and events which have occurred in this case, which misstatements place Defendant and its counsel in an unfair light.

A.   <u>Defendant Has Agreed to TWO Extensions of Time</u>.

First, there is no question that Defendant has been more than patient and courteous to Plaintiff's numerous requests for extensions of time to file his Opposition to Defendant's Motion for Summary Judgment, even though the deadline for the filing of Plaintiff's Opposition was set by an Order of Magistrate Judge Kay which was entered on September 29, 2006.

B.   Plaintiff's Failure to Obtain Necessary Documents Needed for His
     <u>Opposition in a Timely Manner is not the Fault of Defense Counsel</u>.

In the Reply, Plaintiff makes the statement that "what Defendant fails to state in its Opposition is that Plaintiff did not receive a copy of Defendant's policies and procedures until Tuesday, February 20, 2007 (one day before the extended deadline)." Reply at p. 2. However, the

date on which Plaintiff received these documents is by no means any fault of Defendant or its counsel. In reality, Plaintiff <u>never</u> served Defendant with discovery requests in this case. If he had, Plaintiff would have received these documents in discovery. Plaintiff's counsel made an oral request for these documents. Defendant agreed to produce the documents, even though it received no timely written request for the documents, but requested that the parties enter into a Stipulated Protective Order before producing the confidential polices and procedures. Defendant's counsel in fact drafted one version of the Stipulated Order and sent it to Plaintiff's counsel on September 28, 2006. It was not until November 6, 2006 that Plaintiff sent Defendant a final draft of the Order.

On November 17, 2006, Defendant's counsel sent via Federal Express to Plaintiff's counsel an executed copy of the agreed upon Stipulated Protective Order. Defendant's counsel offered to file the Order and Plaintiff's counsel declined. In point of fact, Plaintiff did not file the Stipulated Protective Order until January 23, 2007, about two months after Plaintiff received the signed copy of the Stipulated Order from Defendant. This Court entered an Order accepting the Stipulated Protective Order on January 24, 2007.

Pursuant to this Court's Order, on January 31, 2007 and again on February 15, 2007, Defendant's counsel sent copies of the policies and procedures to Plaintiff, which Plaintiff originally claimed he did not receive, but later learned that he had in fact received the documents. By submitting this Response, the undersigned counsel certifies that the dates and events stated above are accurate. Thus, Plaintiff's failure to obtain documents he believes are necessary to respond to the Defendant's dispositive motion is clearly by no means due to any dilatory conduct of Defendant or its counsel. Plaintiff could have had the documents months ago if he had filed the Stipulated Protective Order in a timely manner or if he had served Defendant with written discovery.

Plaintiff has had <u>seven</u> weeks to file a response and has been given <u>two</u> extensions of time in which to file a response. Plaintiff has simply failed to file a timely response to Defendant's Motion for Summary Judgment. Defendant filed a timely dispositive motion two months ago and Plaintiff, after being given TWO extensions of time to file that response, failed to file any documents on or before the extended deadline. Therefore, this Court should strike the Opposition as untimely filed for all the reasons stated above.

                                            Respectfully submitted,

                                            /s/
                                        Tessa Laspia Frederick (#465519)
                                        Jessica A. duHoffmann (#476383)
                                        MILES & STOCKBRIDGE P.C.
                                        10 Light Street
                                        Baltimore, Maryland  21202
                                        (410) 727-6464

                                        Counsel for Defendant,
                                        Bank of America, N.A.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, pursuant to LCvR 5.4 that on the 2nd day of March 2007, Counsel for Plaintiff, Donald Temple, Esquire, should receive electronic notice of the filing the foregoing **Surreply to Plaintiff's Reply to Opposition to Plaintiff's Motion for Leave** at TemplePC@aol.com, which e-mail address has been designated by Plaintiff's counsel to receive notices of electronic filings in this case.

                    /s/
                Tessa Laspia Frederick (#465519)