IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE BANKS, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 05-CV-01688 |
| BANK OF AMERICA, N.A. | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT**

Defendant, Bank of America, N. A. ("Defendant") by and through its undersigned attorneys hereby files this Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment and states as follows.

**Introduction**

Plaintiff's Opposition to Defendant's Motion for Summary Judgment fails to demonstrate what evidence he has in support of each and every element of the claim made in his Amended Complaint. Plaintiff merely argues that certain disputed facts existing in the case prevent this Court from entering summary judgment. On the contrary, although there are disputed facts in this case, none of these facts are material to the case. However, the undisputed facts demonstrate that Plaintiff has absolutely no legal basis for any of his claims against Defendant in this case.

**Argument**

    **A.    Defendant's Motion Provides a Statement of Undisputed Material Facts,
            Which are Based Completely Upon Plaintiff's Discovery Responses.**

Plaintiff's Opposition first asserts that the Motion for Summary Judgment (hereinafter, the "Motion") did not provide a statement of undisputed material facts as required by the Rules.

On the contrary, page three (3) of the Motion contains a statement of the undisputed facts in this case, which are taken <u>directly from Plaintiff's Answers to Interrogatories</u>. Indeed, although Plaintiff does a superior job of arguing that there are some disputed facts in this case, the crux of Defendant's Motion is that there are only a few key undisputed material facts which demonstrate the Plaintiff has absolutely no basis for any of his claims. Finally, Defendant's Motion also contains a statement of Plaintiff's own factual allegations which, for the purposes of the Motion, Defendant accepted as true even though Defendant disputes some of the facts as alleged by the Plaintiff. Even on the basis of Plaintiff's version of the "facts," such facts are simply insufficient to prove any element of any of the claims against Defendant.

     **B.**     **Plaintiff Cannot Create a Material Issue of Fact By Filing a Self-Serving Affidavit that Contradicts Prior Sworn Testimony.**

Plaintiff's Opposition contains it own "factual statement" which is either based upon portions of the record taken out of context or an Affidavit attached to the Opposition which only serves to attempt to create a genuine issue of material fact by contradicting his own prior sworn testimony. For example, the Motion contains lengthy recitations of Plaintiff's discovery responses and prior sworn testimony in support of the argument that summary judgment should be granted in the face of Plaintiff's complete lack of evidence of any of the claims asserted in the Amended Complaint. In order to circumvent this, Plaintiff attaches a new affidavit to his Opposition in support of his factual statement and in support of various hollow arguments made in opposition to the Motion, which Affidavit directly contradicts his prior sworn testimony about the incident. However, "courts have long held that a party may not create a material issue of fact simply by contradicting it prior sworn testimony." *Pyramid Securities Ltd v. IB Resolution, Inc., 924 F.2d 1114, 1123 (D.C. Cir. 1991)*, citations omitted; *Kalekiristos v. CTF Hotel Management Corp, 958 F. Supp. 641, 669 (D.D.C. 1997)* (plaintiff "cannot in the 11th hour, faced with a properly supported motion for summary judgment, generate a sworn

affidavit to contradict his own prior sworn testimony in order to create a genuine issue of material fact."); *Thompson v. Islam*, 2005 WL 3262926 at *3 (D.D.C. July 29, 2005) ("plaintiff cannot create or resurrect a genuine issue of material fact and thereby defeat summary judgment by filing a self-serving affidavit that contradicts previous sworn testimony.")

The reasons for this are because "the objectives of summary judgment would be seriously impaired if the district court were not free to disregard such an affidavit." *Pyramid Securities Ltd.*, 924 F.2d at 1123; *Thompson*, 2005 WL 3262926 at *3. Therefore, the portions of Plaintff's Opposition which refer to Plaintiff's Affidavit, attached as Exhibit E to the Opposition, should be disregarded by this Court because the statements made in the Affidavit are in direct contradiction to Plaintiff's prior sworn statements. This is simply an attempt by Plaintiff to create a dispute of material fact which does not exist.

  **C.**  **Plaintiff's Claims for Negligence and Gross Negligence Must Fail as a Matter of Law.**

    **(1)**  **Negligence**

In the Motion, Defendant sets forth the elements of a claim for negligence under the law of the District of Columbia. The Motion demonstrates that Plaintiff failed to allege a duty and failed to demonstrate that Defendant breached that duty. In the Opposition, Plaintiff first makes an argument that he was a business invitee and that Defendant somehow violated its own policies and procedures in dealing with Plaintiff. However, Plaintiff fails to identify **any** policies and procedures which were allegedly violated by Defendant. In addition, he mischaracterizes the testimony of one of the tellers, Ms. Fuentes, arguing that Ms. Fuentes testified that Plaintiff only needed one form of identification to process his transaction in the Defendant's bank center that day. Opp. at p. 11. In reality, on the deposition pages cited to by Plaintiff in support of this argument, Ms. Fuentes clearly states that if a person was withdrawing less than $500, she needed only one form of identification. However, if the

3

person was withdrawing more than $500, she needed a second form of identification. Opp. at Exh. C, pp. 14-16. There is no dispute in this case that Plaintiff was withdrawing $1,000 and that two forms of identification were required.[1]

Moreover, Plaintiff merely argues his version of the facts of the case, but fails to go through the elements of its negligence claim and prove the existence of such elements. For example, Plaintiff argues that "based upon its own testimony, Defendant deviated from its own policies and procedures and took no steps whatsoever to protect Plaintiff from the possibility of arrest." Opp. at p. 15. However, Plaintiff fails to cite to any evidence from the record in support of this statement. With regard to his negligence claim, Plaintiff fails to prove that (1) Defendant had a duty to Plaintiff, (2) that the duty was breached; (3) that Plaintiff's losses or injuries were proximately caused by Defendant and that (4) Plaintiff suffered actual damages. The Motion sets for large portions of Plaintiff's testimony in which he places the blame for the incident and damages on an off duty police officer who was waiting in line behind him at the banking center. Plaintiff's self-serving affidavit which contradicts his prior sworn testimony cannot be used to create a genuine issue of material fact. *Pyramid Securities Ltd., 924 F.2d at 1123.* Therefore, because Plaintiff can not satisfy all of the elements of negligence claim based upon the record in this case, this claim should be dismissed.

**(2) Gross Negligence.**

As stated in the Motion for Summary Judgment, the claim for gross negligence is based upon the same elements as ordinary negligence except that gross negligence requires such an

---

[1] In his Interrogatory responses in this case, Plaintiff explains the incident as follows: On June 15, 2002, I went to Bank of America at 1835 Columbia Road NW to conduct a business transaction. I was withdrawing $1,000.00 from one of my accounts and transferring $700.00 of that $1000.00 to another account and keeping the remaining $300.00. The teller processed my request and was about to give the amount that I requested, when another teller told her not to complete my transaction. I inquired why. She then replied that she would have to check and verify that I owned the business. The second teller said that I did not look like I owned the business, even though I produced two forms of identification.
*Motion for Summary Judgment, Exhibit A, Answer No. 16.*

extreme deviation from the ordinary standard of care as to support a finding of wanton, willful, and reckless disregard, or conscious indifference for the rights and safety of others. *District of Columbia v. Henderson*, 710 A.2d 874, 876 (D.C. 1998). In support of his argument that gross negligence occurred in this case, Plaintiff again makes numerous a factual statements that contain no citation to the record in this case and thus must be disregarded by this Court. *See* Opp. pp. 19-20. Specifically, Plaintiff argues that he was "refused the right to make a deposit and withdrawal, despite being a bank customer with money in his accounts, was then isolated and castigated without any communication or management inquiry, and was forcefully evicted from the bank and arrested." Opp. at p. 20. However, this statement directly contradicts Plaintiff's prior sworn testimony. *See* Motion for Summary Judgment, pp. 4-7. As the Motion demonstrates, in Plaintiff's prior lawsuit against the District of Columbia and the Metropolitan Police Department, Plaintiff made it clear that it was bank customer, an off-duty police officer, who made the decision to arrest him, and that the Defendant's banking center manager actually intervened on his behalf and tried to help Plaintiff. *Id.*

Therefore, because the Opposition fails to illuminate and prove by accurate citation to any specific portions of the record that gross negligence occurred in this case, the claim should be dismissed.

### D.    Plaintiff Concedes That He Has No Claim for Negligent Training.

In footnote 13 on page 17 of the Opposition, Plaintiff concedes that it has no evidence to support a claim for negligent training. Thus, based upon this concession, this Court should dismiss any claim against Defendant for negligent training.

### E.    Plaintiff's Negligent Supervision Claim Must Fail.

Again, Plaintiff fails to provide any proof or support from the record in this case that he demonstrate a *prima facie* claim against Defendant for negligent supervision. In the Opposition, Plaintiff alleges that Defendant's "policies and procedures, together with other

5

evidence in the record, show that Plaintiff has stated a claim [ ] of negligent supervision. Opp., p. 17. In the Opposition, Plaintiff attempts to argue that the teller or tellers that allegedly refused to process his transaction were not properly supervised in accordance with the Defendant's policies and procedures. Interestingly enough, Plaintiff merely attaches all of the policies and procedures that were produced by Defendant and cites to those polices and procedures in their entirety. However, Plaintiff <u>fails to cite to any specific policy and/or procedure</u> which he believes is the source of his negligent supervision claim.

In addition, Plaintiff again recites alleged facts in which it has absolutely no support for in the record. The factual allegations made on the bottom of page 18 of the Opposition contain no citation to the record.[2] Again, in contrast to Plaintiff's own testimony, the bank manager, who was the person responsible for supervising the employees, did make numerous efforts to assist him before the police arrested Plaintiff. Motion for Summary Judgment, pp. 4-7 and Exh. B, pp. 30-31. Thus, Plaintiff's allegations of negligent supervision have absolutely no basis as is evident by Plaintiff's own testimony and Plaintiff's self-serving affidavit attached to his Opposition which contradicts his prior sworn testimony cannot be used to create a genuine issue of material fact in an attempt to avoid summary judgment. *Pyramid Securities Ltd., 924 F.2d at 1123*.

      **F.**     **Plaintiff has no Claim Under 42 U.S.C. § 1981.**

In the Motion for Summary Judgment, Defendant set forth the elements of a 1981 claim. Specifically, "to establish a *prima facie* case under § 1981, the Plaintiff must demonstrate a racially discriminatory purpose." *Brown v. District of Columbia, 251 F.Supp.2d 152, 163 (D.D.C. 2003)*. The Plaintiff's Opposition fails to demonstrate such a racially discriminatory purpose.

---

[2] Plaintiff's Opposition regarding the negligent supervision claim contains an entire paragraph that is crossed out and is illegible. *Id., p. 18.*

In the Opposition, Plaintiff alleges that Defendant intentionally discriminated against him. First, Plaintiff readily admits that he was already a bank customer with three (3) accounts at the bank. Opp., p. 24. Thus, there is no dispute that the parties have already entered into a bank and depositor relationship which is governed by a contract, the Deposit Agreement.[3] Plaintiff makes no allegation that Defendant refused to open an account or otherwise enter into a contract with him. Moreover, Plaintiff makes no allegation that Defendant violated the terms of the Deposit Agreement or that this agreement contains some type of racially discriminatory purpose. Thus, under the *McDonnell Douglass* test, Plaintiff has not demonstrated and in fact cannot demonstrate that he "was denied the opportunity to contract for goods or services that were otherwise afforded to persons outside of the protected class." *McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).*

Rather, Plaintiff's claim centers upon his treatment at Defendant's banking center when he tried to make a transaction pertaining to his account. Opp. at p. 24. Consistent with other arguments made in the Opposition, Plaintiff, in arguing that Defendant intentionally discriminated against him, makes numerous factual allegations, none of which contain any citation to the record, and thus are not supported by any evidence in this case. *See* Opp., pp. 24-25.

In addition, as stated above, to establish a *prima facie* case under § 1981, Plaintiff must demonstrate a racially discriminatory purpose for Defendant's actions. *Brown.* In the Opposition, Plaintiff merely sets forth numerous unsupported factual allegations which completely contradict Plaintiff's prior testimony about what happened in this case. For

---

[3] It is well established that the relationship between a bank and a depositor is a contractual relationship that is governed by the written agreement between the parties, which must be given effect. Geiger v. Crestar Bank, 778 A.2d 1085, 1090 (D.C. 2001). This contractual relationship is fixed by the account agreement consisting of the bank's rules and regulations for deposit accounts. Geiger, 778 A.2d at 1091. A signature card, coupled with rules and regulations of the bank, can constitute the terms and conditions of that contract. See Riggs Nat. Bank v. District of Columbia, 581 A.2d 1229, 1251 (D.C. 1990)

7

example, Plaintiff alleged that an off duty police officer came up to him and held tear gas over his head. *See* Motion for Summary Judgment, pp. 5-6; Exh. B, p. 28. Plaintiff also testified that "the manager walked in right away and came in from where he was sitting and said leave him alone; we will handle it. This is a bank issue and, Mr. Banks, go sit down at my desk." *Id.* When questioned as to whether the bank manager asked him to leave the bank, Plaintiff testified, "no not at all. He told me to go sit down at his desk so that he could inquire from the tellers what happened." *Id.* Plaintiff also testified that no one asked him to leave Defendant's banking center, but that the off-duty police officer handcuffed him, and told Defendant's security guard to call the police. In addition, Plaintiff testified that the bank manager told the off-duty police officer to stop. *Id.*

In the Opposition, Plaintiff paints a very different picture of what happened that day. As discussed above, he attaches an Affidavit as Exhibit E to the Opposition which makes factual allegations that completely contradict his prior sworn testimony. on pages 24 and 25, which pertain to what the Plaintiff alleges happened at the bank have absolutely no citation to the record in this case. However, in the District of Columbia, courts have long held that a party cannot, when faced with a properly supported motion for summary judgment, generate a sworn affidavit to contradict his own prior sworn testimony in order to create a genuine issue of material fact. *Pyramid Securities Ltd v. IB Resolution, Inc., 924 F.2d 1114, 1123 (D.C. Cir. 1991), Kalekiristos v. CTF Hotel Management Corp, 958 F. Supp. 641, 669 (D.D.C. 1997); Thompson v. Islam, 2005 WL 3262926 at *3 (D.D.C. July 29, 2005).* This is exactly what Plaintiff has attempted to do in the case at bar. Thus, his Affidavit should be disregarded.

Plaintiff then argues that Defendant did not have a legitimate non-discriminatory reason for its racially discriminatory treatment of Plaintiff. Opp., pp. 26-28. First, as argued above and in the Motion for Summary Judgment, Plaintiff has not been able to identify that Defendant had a racially discriminatory purpose on the day of the incident. Second, Plaintiff takes the

8

testimony of the bank tellers completely out of context in attempting to show that Defendant did not have a reason for its treatment of the Plaintiff.  In fact, what the tellers actually testified to was that the Plaintiff did not show proper identification in order to complete the transaction under Defendant's policies and procedures.  In fact, it is undisputed that Defendant's head teller, Ms. Elebesunu, refused to process his transaction because she found Plaintiff's identification to be insufficient as a matter of bank policy.  Motion for Summary Judgment, Exh.  A, Ans. Interrog. No. 16; Exh. B, pp. 28-40; Exh. E, pp. 25-30; Exh. F, pp. 41-42; Exh. G, pp. 32-38. Even though the issue of whether or not the Plaintiff presented the appropriate identification is in dispute, Plaintiff cannot present any evidence that Defendant had any policy to discriminate against the Plaintiff.  Further, whether the teller's decision was right or wrong as to whether Plaintiff had showed proper identification, this would lend itself to a breach of contract or possibly a negligence claim, <u>but not a discrimination claim</u>.

      **G.**    **Certain Comments Made in the Opposition Should be Stricken from the Document and the Record in this Case.**

Last, Plaintiff's counsel has the audacity to suggest in the Opposition that Defendant (and by association its counsel, an officer of this Court), "could have" offered Ms. Elebesunu as a witness because she is African in the place of the real head teller who Plaintiff now contends was white. Opp., p. 28, at footnote 19.  The footnote reads that Defendant "could have presented this witness in lieu of another- given their same race defense.  Based upon this record, it simply appears that Elebesunu was not the intervenor."  Not only did Defendant offer for deposition the two tellers actually involved (Ms. Fuentes and Ms. Elebesunu), one of whom Plaintiff describes as the intervening teller or the head teller, but there is no dispute that Defendant's witnesses, incident reports and the police officer's testimony all corroborate and confirm the identity of Ms. Elebesunu, who is in fact African.  In fact, Defendant's witnesses confirmed in discovery that the banking center where the incident occurred did not have <u>any</u>

9

white employees at the time of the incident. Simply because Plaintiff does not like the fact that the witness is also African affords his counsel no reason to make a misstatement like this to the Court.

Because Plaintiff's suggestion is a complete fabrication and supported by absolutely no facts, the Court should disregard that portion of Plaintiff's Opposition. Moreover, because Plaintiff challenges the veracity of not only the Defendant, but its undersigned counsel, it is respectfully suggested that Plaintiff's counsel should be sanctioned pursuant to Federal Rule of Civil Procedure 11. This Court should simply not tolerate unsubstantiated and unjustified personal attacks upon the veracity of the members of the bar of this Court.

## **Conclusion**

For the foregoing reasons, Defendant, Bank of America, N.A. respectfully requests that this Court enter an Order granting its Motion for Summary Judgment and entering judgment as a matter of law in its behalf as to all claims contained in Plaintiff's Amended Complaint.

Respectfully submitted,

_____/s/_____
Tessa Laspia Frederick (#465519)
Jessica A. duHoffmann (#476383)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland  21202
(410) 727-6464

Counsel for Defendant, Bank of America, N.A.

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY, pursuant to LCvR 5.4 that on the 20th day of March 2007, Counsel for Plaintiff, Donald Temple, Esquire, should receive electronic notice of the filing the foregoing ***Defendant's Reply to Plaintiff's Opposition to Motion for Summary Judgment*** at TemplePC@aol.com, which e-mail address has been designated by Plaintiff's counsel to receive notices of electronic filings in this case.

                  /s/
                Tessa Laspia Frederick