IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **George Banks,** ) | |
| ) | |
| Plaintiff, ) | Civil Action 05-01688 |
| ) | (HHK) |
| ) | |
| v. ) | |
| ) | |
| ) | |
| **Bank of America, N.A.,** ) | |
| ) | |
| **Defendant** ) | |
| ) | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER GRANTING IN PART AND DENYING IN PART PORTIONS OF PLAINTIFF'S COMPLAINT IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**COMES NOW PLAINTIFF,** by and through undersigned counsel, and respectfully moves this honorable court to reconsider the order granting dismissal of certain causes of action set forth in Plaintiff's complaint: negligence, gross negligence, and negligent supervision. The reasons therefore are set forth more fully in the accompanying Memorandum of Points and Authorities. Opposing counsel does not consent to this motion.

Respectfully submitted,

_____/s/_____
**Donald M. Temple (#408749)**
1229 15th Street, NW
Washington, DC 20005
(202) 628-1101 Phone
(202) 628-1149 Fax
Dtemplelaw@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **George Banks,** )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>)<br>**Bank of America, N.A.,** )<br>)<br>Defendant )<br>) | Civil Action 05-01688<br>(HHK) |

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER GRANTING IN PART AND DENYING IN PART PORTIONS OF PLAINTIFF'S COMPLAINT IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**COMES NOW PLAINTIFF,** by and through undersigned counsel, and moves this Honorable Court to reconsider the order granting dismissal of certain causes of action set forth in Plaintiff's complaint: negligence, gross negligence, negligent supervision, and for cause states the following:

The Federal Rules of Civil Procedure provide that the granting of summary judgment requires there must be no genuine issue as to any material fact. Fed.R.Civ..56(a). Thus if liability is dependent on any disputed questions of fact, the party opposing the motion has the right to have those questions determined on a trial. If there is a genuine issue as to material facts, a case cannot be tried and determined on affidavits in support of a motion for summary judgment, and the motion for summary judgment must be denied.

2

1. **Genuine Issues and Material Facts in Dispute**

In the case at bar, there are several genuine issues as to the material facts and those issues should be resolved at trial because they are relevant to liability. In this court's memorandum and order granting partial summary judgment, the court incorrectly misstated several rather material facts thus leading the court to an incorrect conclusion, to wit that said facts were not in dispute. One such disputed material fact revolves around whether Mr. Banks proffered one or two forms of identification. According to the court, after the teller requested a second form of identification, "Each party's version of what happened thereafter differs substantially." *Banks v Bank of America*, *N.A.*, C.A. No 05-01688, Memorandum Opinion and Order, September 6, 2007, at 2. ("Opinion and Order").

In footnote 5 of this court's order, the court unequivocally states "*[Bank of America] disputes that [Plaintiff] Banks provided two forms of identification. For present purposes, the court will assume that Banks did in fact produce two I.D.s. However, Banks repeatedly asserts that the type of transaction in which he was involved required only one form of identification. This assertion is simply incorrect.*" (Emphasis added). Plaintiff submits and has argued that he did nonetheless produce two forms of identification. *See* Plaintiff's Opposition to Defendant BoA's Motion for Summary Judgment at Exhibit F. By the court's own words, the court assumes certain facts to be true which are in dispute: did Plaintiff submit two forms of identification? The court in relying upon certain deposition statements and exhibits in an effort to resolve the facts in dispute erroneously determined that critical facts were undisputed. Such analysis and strained interpretation particularly of credibility however is beyond the power of the court

3

in a summary judgment context and is a matter of fact more appropriately decided by the jury.  Credibility determinations, weighing of evidence, and drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether his ruling is on motion for summary judgment or for directed verdict; evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. Fed.R.Civ.P.50(a), 56(c).

Further, in footnote 4, the court again points out the existence of a material fact in dispute as to what specifically happened between Plaintiff Banks and the Bank of America teller, Ms Fuentes.  According to the court, "Fuentes provides a *substantially different* version of what happened.  She maintains (along with Elebesunu and Jordan) that **Banks never provided a second form of I.D**…..[W]hen she explained to Banks that [the transactions] required a second I.D., 'he started getting upset and cursing, [and] being disrespectful.'" Opinion and Order Footnote 4. (emphasis added). This is a disputed fact; in his deposition, Banks' testified that he first tendered his driver's license and when asked for a second form of identification, he gave the teller his private detective license, **both** of which Ms. Fuentes included on the Bank of America counter document tendered by Mr. Banks for his transaction.  Further the evidence verifies that both forms of identification were recorded on bank documents. See Plaintiff's Opposition to Defendant BoA's Motion for Summary Judgment at Exhibit F.  Hence, contrary to the court's ruling, that fact is also disputed.

Another material fact in dispute is whether who, if anyone, stereotypically profiled Mr. Banks and stated "he did not look like he owned the business", which led to the termination of his transaction.  The court cites pp. 23-24 of Mr. Banks deposition

4

testimony as follows: "According to Banks, *Elebesunu* stated that 'he did not look like he owned the business and [Elebesunu] 'ordered Fuentes to "reverse the transaction which she did."'" Opinion and Order at 2 (emphasis added).  However in reviewing that segment of Mr. Banks' deposition at pp. 23, 24 relied upon by the court, Mr. Banks thought the woman was "one of the tellers"… possibly "Hispanic", but nowhere in his deposition does he identify this person as Ms. Elebesunu or as the head teller.  Of note, Ms. Elebesunu, who denied making the stereotypical statement described above, appears to be of African descent, and is in fact a native of Nigeria. Deposition of Valentina Elebesunu, July 17, 2006, page 4.

Ms. Elebesunu's deposition testimony arguably supports Mr. Banks statement that he saw a woman he believed to be "Hispanic" who uttered the discriminatory statement. According to Ms. Elebesunu, her assistant manager, Ms. Gutierrez (an Hispanic woman), was in the immediate vicinity: "I saw the security walking right behind her [Gutierrez], coming with her to the teller line." *Id* at 15-18.  So one can reasonably conclude that another party of "Hispanic" descent was involved.  Further, Ms. Elebesunu's deposition testimony describing the Bank of America withdrawal counter document as having two forms of identification, very clearly and unequivocally supports Mr. Banks' assertion that he did provide two forms of identification. Id at 57-59.  Hence this fact is also disputed.

**2. Issues in Dispute are Material**

Disputes must be as to material facts and the issue thus resulting must be genuine. "An issue of fact is 'material' if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suite." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994,998 (11th Cir.

5

1992) (citing *Anderson,* op cit.). The mere existence of an issue of fact is not sufficient to preclude a summary judgment unless such issue is a controlling one. Fed.R.Civ.P.56(a).

Both issues raised herein are material and controlling issues. Whether Mr. Banks in fact presented one or two forms of identification is material and controlling because if he provided sufficient identification thereby fulfilling Bank of America' policies as regards counter transactions, the question arises as to how and why the subsequent actions of Bank of America's employees caused the transaction to be terminated and whether Bank of America's employees met the standard of care expressly set forth as their own company's policy regarding bank counter transactions.

As to whether the racially motivated profiling statement was uttered is material and controlling as to both Plaintiff's § 1981 and negligence claims. For example, such a statement would run afoul of Bank of America's policies regarding how to handle "disgruntled" customers. It is settled case law that the mere existence of an issue of fact is not sufficient to preclude a summary judgment unless such issue is a controlling one. See *Fuller v J.P. Morgan Chase & Co. Benefits Appeal*, 2003 WL 21531005, quoting *Anderson, op cit* at 248 ("*As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.*")

Aside from the fact that this court weighted the evidence and reached, in our opinion, erroneous conclusions as to factually disputed issues, those issues are material and controlling in nature. Whether Mr. Banks presented one or two forms of identification is controlling because if he provided sufficient identification, the subsequent actions of Bank of America's employees in failing to conclude the transaction is probative as to

6

whether those employees acted negligently and breached the standard of care set forth in the company's policy. Consequently Plaintiff has met its burden to come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,587, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

    3.    **Defendant Bank of America owed a Duty of Care to Plaintiff**

This court concluded "Banks failed to establish that BofA owed him a duty of care to comply with its internal policies regarding financial transactions involving its customers' account." In support of its conclusion, the court cited *Novak v. Capital Management & Development Corp.*, 452 F.3d902 (D.C. Cir. 2006). In *Novak*, plaintiffs asserted at the trial court that "the club's failure to abide by its own security policy was sufficient to establish *prima facie* negligence. In your honor's decision, it arguably misinterprets the appellate court's ruling: "Addressing this argument, the appellate court [in *Novak*] found that the trial court was correct when it determined that no such theory of liability exits." Memorandum and Order at 5.  *Au contraire.*  The court in *Novak* actually agreed with the lower court only to the extent that appellants offered insufficient evidence that such a policy existed, not that no such theory of liability existed. According to the Novak appeal: "Appellants only offered testimony that [appellees'] guards patrolled the alleys; *they did not present any evidence to show that that it was club policy to do so. Because there was no such evidence* [of a policy]*,* we affirm the District Court's grant of summary judgment on this claim." *Novak*, at 915 (emphasis added).

    Appellants in *Novak* failed to provide evidence of the business policy upon which to establish the duty of care owed by defendants. But the present case is distinguished

7

from *Novak* because Plaintiff here has offered written policies and procedures which clearly demonstrate a policy.  *See* Plaintiff's Opposition to Defendant BoA's Motion for Summary Judgment at Exhibit G.  Moreover, Defendant's employees testified Defendant Bank of America had provided training on how to handle upset customers but that this was the only occasion when a disgruntled and upset customer was forcibly removed from the premises and arrested by Metropolitan police.  *See* Depositions of German Jordan dated January 7, 2004 and Valentina Elebesunu, dated July 17, 2006.  Plaintiff submits that the allegedly demeaning statement profiling him and the subsequent failure to conclude his financial transaction represent a clear violation of the bank's policies and hence a breach of the duty which it owed Plaintiff as a customer and invitee, thereby supporting Plaintiff's assertions of negligence and negligent supervision.

In this regard, whether BoA's policies establish the standard of care is a matter for the jury to decide.  Case law in this jurisdiction recognizes that while a company's policies and rules are not necessarily "conclusive" or "wholly definitive" and their violation does not constitute negligence *per se* "they constitute some indication of the care required under the circumstances, *and may properly be considered by the jury in determining the question of negligence vel non.*"  *Washington Metropolitan Area Transit Authority v Young*, 731 A.2d 389,398 citing *Garrison v. D.C. Transit System, Inc.*, 196 A.2d 924 (D.C. 1964).

8

WHEREFORE, based upon the foregoing, Plaintiff respectfully requests that this Honorable Court reconsider its order dismissing Plaintiff's negligence, gross negligence and negligent supervision claims.

        Respectfully submitted,

        _____/s/_____
        **Donald M. Temple (#408749**)
        1229 15th Street, NW
        Washington, DC 20005
        (202) 628-1101 Phone
        (202) 628-1149 Fax
        Dtemplelaw@aol.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **George Banks,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action 05-01688** |
| ) | **(HHK)** |
| v. ) | |
| ) | |
| **Bank of America, N.A.,** ) | |
| ) | |
| **Defendant** ) | |

## PROPOSED ORDER

Upon consideration of Plaintiff's Motion for Reconsideration of this Court's ORDER granting in part and denying part portions of Plaintiff's Complaint in response to Defendant's Motion for Summary Judgment, any opposition thereto and the entire case file herein, it is this _____ day of _____ 2007

**ORDERED**, that the above-referenced Motion is GRANTED, and it is further

ORDERED, that Plaintiff's claims for negligence, gross negligence and negligent supervision are hereby reinstated..

   **SO ORDERED**.

                _____
                The Honorable Henry Kennedy
                United States District Judge

Copies to:

Tessa Frederick, Esq.
Jessica duHoffman, Esq.
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202-1487
Attorney for Defendant

Donald M. Temple, Esq.
1229 15th Street, NW
Washington, D.C. 20006
**Attorney for Plaintiff**