IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE BANKS, | * | |
|     Plaintiff, | * | |
| v. | * | Case No. 05-CV-01688-HHK |
| BANK OF AMERICA, N.A., | * | |
|     Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>DEFENDANT, BANK OF AMERICA, N.A.'S PRETRIAL STATEMENT</u>**

Defendant, Bank of America, N.A. (hereinafter, "BOA"), by and through its attorneys, Tessa L. Frederick and Jessica A. duHoffmann and Miles & Stockbridge P.C., hereby submits its Pretrial Statement pursuant to Local Civil Rule 16.5, and states as follows:

**I.    Statement of the Case.**

Plaintiff, George Banks ("Plaintiff") filed this action against BOA on June 15, 2005 in the Superior Court for the District of Columbia. BOA removed the case to this Court on the basis of diversity jurisdiction. The case pertains to an incident that occurred on June 15, 2002 in which Plaintiff attempted to transfer and withdraw funds in connection with two business accounts maintained at BOA, which accounts were owned by Sentry Security International. After BOA determined that it could not complete Plaintiff's transaction due to his failure to produce the appropriate identification, Plaintiff became enraged and embarked on a tirade which involved screaming and yelling inside the banking center. As a result of his conduct, Plaintiff was arrested by an off duty D.C. Metropolitan Police Officer who was present in the bank and charged with disorderly conduct – loud, boisterous, and offensive behavior in a public building. Plaintiff's

lawsuit is based on his claim that BOA discriminated against him because of his race because it could not process the transaction that he requested.

## II.     Statement of Claims Made by Plaintiff.

Plaintiff's Amended Complaint originally contained four claims against BOA, three of which were dismissed pursuant to this Court's Memorandum Opinion and Order dated September 6, 2007. The only remaining claim in this case is Plaintiff's claim against BOA under Title 42 of the United States Code § 1981, which claim is apparently based upon Plaintiff's belief that he was subject to discrimination when attempted to make a bank transaction at BOA on June 15, 2002.

## III.    Statement of Defenses Raised by BOA.

BOA's defense to Plaintiff's §1981 claim is simply that it did not discriminate against him on the basis of his race when it did not process Plaintiff's banking transaction on June 15, 2002. Rather, BOA asserts that Plaintiff failed to provide a second form of identification which is required to process this transaction based upon its policies and procedures which are designed to protect not only the bank but also the customer. BOA also contends that Plaintiff cannot state a claim under § 1981 claim unless he has, or would have, rights under an existing, or proposed, contract that he wishes "to make and enforce." A § 1981 claim arising from the interference with contract rights must identify injuries flowing from a racially motivated breach of Plaintiff's own contractual relationship with BOA, not of someone else's, i.e. Sentry Security's account contract. In this case, the transaction at issue involved business accounts of Sentry Security International, not the personal accounts of Plaintiff. Finally, Plaintiff's own actions were the primary cause of his arrest by D.C. police and alleged injuries incurred as a result of the arrest.

## IV.    Schedule of Witnesses to be Called by BOA.

BOA intends to call the following witnesses:

Roxana Fuentes, Bank of America, 1835 Columbia Road, NW, Washington, D.C. 20009. Ms. Fuentes was the BOA teller attempting to assist Plaintiff with his banking transaction on the date of the incident. She is expected to testify with regard to her interaction with the Plaintiff on the day of the incident giving rise to this case. Her testimony should take approximately one hour on direct examination.

Valentina Elebesunu, Bank of America, 7520 Marlboro Pike, Forest Hill, Maryland 20747. Ms. Elebesunu was the head teller on the date of the incident in question. She is expected to testify with regard to her interaction with Plaintiff on the date of the incident. Her testimony should take approximately one hour on direct examination.

German Jordan, Bank of America, 6802 Richmond Highway, Alexandria, Virginia 22306. Mr. Jordan was the BOA branch manager on the date of the incident at issue in this case. He is expected to testify with regard to his interaction with Plaintiff on the date of the incident. His testimony should take approximately one hour on direct examination.

Sergeant Johnny Tubbs, Metropolitan Police Department, Third District Headquarters, 1620 V Street, NW, Washington, D.C. 20009. Sgt. Tubbs is the off duty police officer who was present in the BOA branch at the date and time of the incident involving Plaintiff and who arrested Plaintiff. He is expected to testify with regard to his observations while present in the bank branch on June 15, 2002 and his decision to arrest the Plaintiff. His testimony on direct should take approximately one and a half hours.

BOA may also call if need arises the Plaintiff, George Banks as well as a Bank of America employee in charge of training for Bank of America tellers.

### V.     List of Exhibits to be Offered in Evidence by BOA:

1.  Bank of America's Policies and Procedures (BOA-001 through 030);

2.  Copy of Bank of America Counter Debit Slip for Sentry Security International in the amount of $1,000;

3.  Bank of America Deposit Ticket dated 06/15/02;

4.  Bank of America Corporate Security – Security Incident Report completed by German Jordan;

5.  Bank of America Corporate Security – Security Incident Report completed by Security Officer Winford Wrice;

6.  Bank of America Corporate Security – Security Incident Report prepared by Valentina Elebesunu;

7.  Wackenhut Incident Report prepared by Winford Wrice;

8.  Plaintiff's Arrest Records regarding June 15, 2002 arrest from D.C. Metropolitan Police Department, including Plaintiff's written statement;

9.  Sentry Security International's BOA Corporate Signature Cards and Corporate Resolutions for the accounts associated with the banking transaction at issue in this case;

10. BOA Deposit Agreement and Disclosures;

11. BOA reserves the right to introduce the videotape/video still photos taken at the time of the incident, if such videotape/video still photos can be recovered from the District of Columbia or Plaintiff's former attorney prior to trial.

**VI.    Designations of Depositions to be Offered Into Evidence by BOA:**

Deposition of Winford Wrice dated January 7, 2004 in the matter of *George Banks v. The District of Columbia*, U.S.D.C. for D.C.; Case No. 02-2304: Mr. Wrice, the Wackenhut security guard working at the BOA branch where the incident occurred on June 15, 2002, is currently residing in Cleveland, Ohio and is an unavailable witness pursuant to Federal Rule of Evidence 804 and F.R.C.P. 45.

Deposition of George Banks dated November 6, 2003 in the matter of *George Banks v. The District of Columbia*, U.S.D.C. for D.C.; Case No. 02-2304.

Deposition of George Banks dated July 17, 2006 in the instant matter, *Banks v. Bank of America*.

**VII.   Itemization of Damages** – Not applicable to this party.

**VIII.  Request for Other Relief Sought by BOA** – Judgment in favor of BOA.

Respectfully submitted,

/s/
Tessa Laspia Frederick (#465519)
Jessica A. duHoffmann (#476383)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland  21202
(410) 727-6464

Counsel for Defendant,
Bank of America, N.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, pursuant to LCvR 5.4 that on the 14th day of March 2008, Counsel for Plaintiff, Donald Temple, Esquire, should receive electronic notice of the filing of the foregoing ***Defendant, Bank of America, N.A.'s Pretrial Statement*** at TemplePC@aol.com, which e-mail address has been designated by Plaintiff's counsel to receive notices of electronic filings in this case.

      /s/
Tessa Laspia Frederick (#465519)