# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| George Banks | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. 05-CV-01688 |
| | ) | Judge: Henry Kennedy |
| **v.** | ) | Deck Type: Civil |
| | ) | |
| **Bank of America** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES

COMES NOW Plaintiff, George Banks by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure hereby responds to Defendant Bank of America's ("BOA") Interrogatories.

Subject to the objections and responses as set forth below, the Plaintiff says:

(a) The information supplied in these Supplemental Responses to Interrogatories is not based solely on the knowledge of the executing party, but includes the knowledge of the party and attorneys, unless privileged..

(b)The word usage and sentence structure may be that of the attorneys assisting in preparation of these Answers and, thus, does not necessarily purport to be the precise language of the executing party.

(c) Plaintiff reserves the right to amend these answers after discovery from the Defendant, with further information as it may come to the party prior to hearing dates.

## GENERAL OBJECTIONS

(d) **Relevance**: Plaintiff objects to these interrogatories to the extent they seek information or documentation not relevant to the issues raised in this lawsuit, and to the extent that the interrogatories are not reasonably calculated to lead to the discovery of admissible evidence. Nothing herein should be construed as an admission by Plaintiff of the admissibility or relevance of any fact or document. An objection that an interrogatory is overboard includes the concern that it seeks irrelevant information.

(e) **Vague, ambiguous and Overly-Broad**: Plaintiff objects to these interrogatories to the extent that they are vague, ambiguous, overly-broad, unduly burdensome, oppressive or fail to identify with sufficient particularity the information requested and, thus, are not susceptible to response.

(f) **Excessive Burden**. Plaintiff objects to these interrogatories that require an unduly burdensome search for documents that have little or no relevance to this lawsuit. The value of producing such responses, if the documents could be found, would be far outweighed by the time, expense, and effort involved in searching for them.

(g) **Repetitive**. Plaintiff objects to these interrogatories to the extent that they are repetitive of other requests.

(h) Plaintiff objects to each interrogatory to the extent that it purports to request information protected from disclosure by the attorney-client privilege, the accountant-client privilege or the attorney work-product doctrine.

(i) Plaintiff objects to the instructions to interrogatories to the extent that they purport to impose upon the Plaintiff obligations in addition to or different than those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

### Response to Interrogatories

INTERROGATORY NO. 9:Set forth the substance of any and all declarations or admissions

against interest that you contend were made by any party to this litigation, or its agents and

employees, and set forth the date on which it was made, the person making the declaration or

admission, and the name, and address of each and every person who witnessed the same, and

identify any and all documents which set forth, describe or relate to such declarations or

admissions.

ANSWER: Plaintiff objects to Interrogatory No. 9 as overly broad and unduly burdensome.

Additionally, Plaintiff objects to Interrogatory No. 9 as it calls for legal theory, and is therefore

subject to the work product privilege.  Subject to and without waiving the foregoing objections,

Plaintiff provides the following response:

See Mr. Jordan's deposition transcript.  Mr. Jordan stated during his deposition that the tellers

told him that Mr. Banks only produced one form of identification for the transaction.  But after

Ms. Henry (attorney) showed Mr. Jordan the transaction slip (see plaintiff's exhibit document for

Interrog. #2 ) which indicated that Mr. Banks had presented two forms of identification to the

teller (a valid driver's license and a valid Metropolitan Police Department Private Detective

License) stamped and recorded by the bank teller, Mr. Jordan then stated that (based on this

transaction slip) Mr. Banks should have received his transaction request.  Mr. Jordan stated that

according to him the transaction was complete.

INTERROGATORY NO. 12: Identify and describe all communications and correspondence

between you and the Bank referring or relating to any fact or issue missed in your complaint.

ANSWER: Plaintiff objects to Interrogatory 12 as overly broad, unduly burdensome, and vague

and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff provides the

following response: On Monday June 17, 2002, Mr. Banks informed his Bank of America

(BOA) Branch Manager Mrs. Brenda Burrell about the incident. She immediately said she

apologized for the incident and telephoned her boss, the BOA Regional Vice President for the

District of Columbia to inform him about the incident. The BOA Regional Vice President then

called Mr. Banks by telephone and said he was sorry about the incident and that he would look

into it.

INTERROGATORY NO. 13: State in detail the manner in which you assert that the incident

referred to in the Complaint occurred, specifying the position and location of each person

involved at the time of and immediately after the incident.

RESPONSE: On June 15, 2002, the Plaintiff entered the above described BOA branch where he

maintained both a company payroll and a checking account. Plaintiff approached the teller, a

Hispanic woman, to engage in a business transaction involving his accounts. The teller asked

Banks to produce two(2) forms of identification to which Banks complied. After producing his

identification which accurately depicted Plaintiff photographically, the teller began to study them

and determined that they were satisfactory and proceeded to complete the transaction.

Subsequently, another bank employee approached the window, examined Plaintiff's

identification, asked no questions, and then immediately and rudely refused to complete the

transaction stating that Plaintiff "did not look like he owned the business." This employee then

reversed the transaction and refused to give Plaintiff money. A BOA branch manager, a

Caucasian male, Mr. Jordan, intervened but took no steps to examine or verify Plaintiff's

identification. Mr. Jordan stated that Plaintiff should have received his money because according

to him, the transaction was complete. As Plaintiff vocalized his dissent, an off-duty

Metropolitan police officer and a BOA security guard jointly detained Plaintiff and further

precluded him from obtaining his money. Plaintiff was arrested and taken to the Third Police

District, where he was charged with disorderly conduct and detained

INTERROGATORY NO. 14:  State the full name and last known address of the person(s) or

agencies with whom you contacted or reported any of the facts alleged in your complaint, and the

substance of the conversation, including the date of the conversation and location.

ANSWER: Dr. Nana at 1160 Varnum St., NE. Rm. 217 Washington DC 20017  Dr. Cedric

Pokie- Dankwah physicians' office  Attorney Lisa Jones 1200 G St., NW, Washington DC.

Security Officers Management Branch of te Metropolitan Police Department 2000 14th St.

Washington, DC 20002; Mrs. Brenda Burrell, BOA Branch Manager, 730 15th Street, NW

Washington DC.  The nature of the conversation with each of the aforementioned individuals is

as follows: they were all informed about the incident on June 17, 2006 at their various places of

buisness, except for Plaintiff's doctor who sent him to Washington Adventist Hospital

Emergency room and continues.

INTERROGATORY NO. 20:  List all facts in support of your claim for punitive damages.

ANSWER: As a direct and proximate cause of Defendant's actions (see interrog. #13)

constituting a violation of Civil Rights 42 USC 1981, Defendant interfered with the enjoyment of

his contract rights and benefit by imposing a different and greater standard upon him as a

depositor than that imposed upon other non-African Americans.  As a direct and proximate result

of Defendant's actions, Plaintiff suffered embarrassment, humiliation, loss of liberty, loss of

reputation, loss of self-esteem and mental anguish.

INTERROGATORY NO. 21:  Describe in complete detail and list all facts in support of each of

your allegations that you suffered embarrassment, humiliation, fear, loss of self-esteem, loss of

reputation and mental anguish as described in paragraph 21 and 24 of the Complaint.

ANSWER: Plaintiff objects to Interrogatory No. 21 to the extent that it request information

protected by the work-product doctrine. Subject to and without waiving the foregoing objections,

Plaintiff states the following: Plaintiff worked very hard to establish his business Sentry Security

International, Inc. , and chose Defendant Bank of America from his business's inception in 1999.

Plaintiff states that by the time the incident in question occurred, his company revenue cash

deposit into his bank had risen from $1500 to almost a half million dollars.  Plaintiff states that

despite his obvious stature as a highly valuable customer for any bank establishment, he was

treated in a degrading and discriminatory manner.  He was handcuffed in the same bank, placed

in front of the bank for the entire public to see for approximately an hour on June 15, 2002, and

then was arrested and incarcerated at  the third District MPD for four hours during which time he

was refused his right to see his attorney. Defendant's actions interfered with Plaintiff's business

and his management thereof.   Plaintiff continues to suffer trauma from the incident and is in

psychological counseling as a direct result of the embarrassment, humiliation, fear, psychological

trauma and mental anguish he suffers from the incident. Due to being unlawfully detained and

incarcerated, Plaintiff has incurred a drastic reduction in his company's annual revenues which

have dropped below $200,000.  Plaintiff has been traumatized by the incident. He remains

embarrassed, humiliated and scared.  Plaintiff states that he continues to suffer mental anguish

and his self-esteem has been damaged since the Defendant, which had at one point refused to

give him a small business loan, decided to deprive him of use of his company funds even though

he had provided the two forms of identification required to withdraw funds from his business

account.

INTERROGATORY NO. 23:  State where you, your attorney, or anyone acting on your behalf or

their behalf obtained statements in any form from any persons regarding any of the events that

occurred at the scene of the incident referred to in the Complaint immediately before, at the time

of or immediately after the incident.

                  If so, state:

      a.  name and address of the person from whom any statements were taken;

      b.  the dates on which the statements were taken;

      c.  the name and addresses of the persons and employers of the persons who took the

         statements;

      d.  the name and addresses of the persons having custody of the statements; and

      e.  whether the statements were written or recorded by recording device, court reporter or

         stenographer.

ANSWER:  Statements taken from following individuals in depositions: SPO Officer Winfred

Wrice of Wackenhut Security; Banking Center Manager German Jordan; Metropolitan Police

Department Officer Johnny R. Tubbs

Court Reporter Sharon Banks recorded the depositions. Her address is as follows: Sharon L.

Banks Reporting P.O. Box 44773 Fort Washington, MD 20744; (301)-372-6922.

Inv. Officer Am. Thomas of the Metropolitan Police Department took Mr. Banks's statement

(Complainant/Witness Statement) on 6/20/02 at 2000 14th St, NW Washington, DC.  No other

information known at this time in response to Interrogatory 23

INTERROGATORY 24:  Identify every act and/or omission on the part of the Bank upon which

you rely to support the claims set forth in your Complaint.

ANSWER: See factual allegation in the complaint; see also above answers.

INTERROGATORY NO. 25:  Explain the factual and legal basis of your contention in

Paragraphs 17-21 of the Complaint that the Bank was negligent.

ANSWER: Plaintiff objects to Interrogatory No. 25 since it asks for work product of the attorney and is protected from disclosure under Rule 26 (b)(3).

INTERROGATORY NO. 26: Explain the factual and legal basis of your contention in Paragraphs 22-24 of the complaint that the Bank violated 42 U.S.C. Section 1981.

ANSWER: Plaintiff objects to Interrogatory No. 26 since it asks for work product of the attorney and is protected from disclosure under Rule 26 (b)(3).

INTERROGATORY NO. 29: Describe in detail and itemize all damages allegedly suffered by you as a result of the allegations in the Complaint. If you contend that you have suffered actual damages, state whether you seek an award of actual damages in this lawsuit and identify and quantify each and every element of such actual damages.

ANSWER: The Plaintiff has offered evidence that the defendant's negligence (intentional conduct) caused the plaintiff to suffer personal injury, and that the effects of that injury still exist today, more than 4 years after the incident. Although no physician or other expert testified about how long the effects of the injury might last, you may still conclude from the facts and circumstances of the case and from the nature and duration of the injury, that plaintiff has suffered a permanent injury and damages can be awarded accordingly. Plaintiff is entitled to compensatory damages related to emotional and mental anguish. Plaintiff will provide additional information as to medical expenses and business losses.

_____
George Banks

6/27/06
Date

Respectfully submitted,

_____
Donald M. Temple (Bar# 407849)
1229 15th Street, NW
Washington, DC 20005
Phone: 202-628-1101
Fax: 202-628-1149

Attorney for Plaintiff