## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GEORGE BANKS,                    *

     Plaintiff,                    *

v.                                *    Case No. 05-CV-01688-HHK

BANK OF AMERICA, N.A.,            *

     Defendant.                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY OF CERTAIN DAMAGES AND TO EXCLUDE TESTIMONY FROM VINCENT JONES OR ANY OTHER HEALTH CARE PROFESSIONAL NOT DISCLOSED IN DISCOVERY

Defendant, Bank of America, N.A. (hereinafter, "BOA"), by its undersigned counsel and pursuant to this Court's Order dated March 17, 2008, hereby files this Motion in Limine to exclude evidence and testimony of certain damages claimed by the Plaintiff and to bar any testimony by Dr. Vincent Jones or any other medical or mental health care professional not disclosed in discovery, and states as follows:

1.     In discovery, Plaintiff produced an itemization of alleged damages. Most of those damages are for physical injuries that flow from and are directly related to Plaintiff's arrest by an off duty D.C. Metropolitan Police Officer. However, this Court has already found that BOA rightfully asked Plaintiff to leave the bank, which revoked his invitee status, and Plaintiff then had no right to remain on the premises. The Court also found that BOA did not request or otherwise cause Plaintiff to be arrested. Therefore, BOA is not liable for any damages incurred by Plaintiff stemming from his at BOA. Any testimony or evidence of damages stemming from the arrest are not relevant to this case, and will do nothing more than confuse the issues and mislead the jury and should be excluded accordingly.

2.      Defendant also moves in limine to bar Plaintiff from calling Dr. Vincent Jones, a witness named, for the first time, in the joint pretrial statement by Plaintiff, or other any medical or mental health care professional whose identity was not previously revealed in Plaintiff's discovery responses in this case.

3.      A Memorandum in Support of this Motion in Limine has been filed contemporaneously herewith and is incorporated herein by reference.

WHEREFORE, based on the foregoing, Defendant, Bank of America, N.A. respectfully requests that this Court enter an Order:

a)      Granting this Motion in Limine;

b)      Barring Plaintiff from offering any testimony and/or evidence of damages which flow from any physical or mental injuries or damages sustained by the Plaintiff as a result of his arrest by an off duty D.C. police officer;

c)      Barring Plaintiff from offering any testimony and/or evidence from Dr. Vincent Jones or any other medical or mental health care professional not previously been identified in discovery in this case; and

d)      Granting any further relief that the nature of this cause and justice require.

Respectfully submitted,


_____/s/_____
Tessa Laspia Frederick (#465519)
Jessica A. duHoffmann (#476383)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland  21202
(410) 727-6464

Counsel for Defendant,
Bank of America, N.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, pursuant to Local Rule 5.4 that on the 20th day of March 2008, Counsel for Plaintiff, Donald Temple, Esquire, should receive electronic notice of the filing the foregoing *Motion in Limine* at TemplePC@aol.com, which e-mail address has been designated by Plaintiff's counsel to receive notices of electronic filings in this case.

_____/s/_____
Tessa Laspia Frederick (#465519)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GEORGE BANKS, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 05-CV-01688-HHK |
| BANK OF AMERICA, N.A., | * | |
| Defendant. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE EVIDENCE AND TESTIMONY OF CERTAIN DAMAGES
AND TO EXCLUDE TESTIMONY OF DR. VINCENT JONES, OR ANY
HEALTH CARE PROFESSIONAL NOT DISCLOSED IN DISCOVERY**

Defendant, Bank of America, N.A. (hereinafter, "BOA"), by its undersigned counsel and pursuant to this Court's Order dated March 17, 2008, hereby files this Memorandum in Support of Motion in Limine to exclude evidence and testimony of certain damages claimed by the Plaintiff and to exclude any testimony from Dr. Vincent Jones or from any other medical or mental health care professional not properly disclosed in discovery, and states as follows:

**I.    INTRODUCTION**

In discovery, Plaintiff produced an itemization of alleged damages. Most of those damages are for physical injuries that flow from and are directly related to Plaintiff's arrest by an off duty D.C. Metropolitan Police Officer. However, this Court has already found that BOA rightfully asked Plaintiff to leave the bank, which revoked his invitee status, and Plaintiff then had no right to remain on the premises. The Court also found that BOA did not request or otherwise cause Plaintiff to be arrested. Therefore, BOA is not liable for any damages incurred by Plaintiff stemming from the arrest and any testimony or evidence of damages stemming from the arrest are not relevant to this case and should be excluded.

In addition, BOA moves in limine to bar any testimony by (1) Dr. Vincent Jones because he was never identified during the course of discovery (and was just listed as a witness for Plaintiff in the pretrial statement) or (2) any medical or mental health care professional whose identity was not revealed in Plaintiff's discovery responses in this case.

## II.    ARGUMENT

### A.    Testimony or Evidence of Damages Incurred by Plaintiff as a Result of his Arrest are not Relevant and are not Admissible at Trial.

Plaintiff's Damages.

In discovery, Plaintiff submitted an itemization of damages which is attached hereto as **Exhibit A**.  As is clearly evident from document, Plaintiff seeks to claim as damages in this lawsuit his out of pocket costs for hospital/emergency room visits, prescriptions, physical therapy, doctor's visits and "transportation expenses" to doctor's visits for alleged physical injuries incurred as a direct result of his arrest by an off duty D.C. Metropolitan police officer on the day of the incident at issue in this case.  Plaintiff does not claim any physical injuries stemming from BOA's refusal to process his business banking transaction.

This Court's Memorandum Opinion.

On September 6, 2007, this Court entered a Memorandum Opinion and Order (the "Opinion") (Paper No. 39) granting dismissal of three of the four counts in Plaintiff's Amended Complaint.  In this reported Opinion (*Banks v. Bank of America, N.A.*, 505 F. Supp. 2d 159 (2007)), the Court reviewed in detail the undisputed facts presented and found that BOA did not arrest Plaintiff nor did it effectuate the arrest of Plaintiff.  The Opinion provides, in pertinent part, that,

> it is worth noting again that at no point did defendant's employees request the off-duty officer's assistance in the matter.  Rather, the officer took it upon himself to get involved and subsequently arrest plaintiff.  Second, Banks admits that he while he was being handcuffed, the Bank manager asked the MPD officer to stop.

Opinion at p. 7. The Court further found that,

> "although [German] Jordan [the branch manager] instructed the *security guard* to escort plaintiff out of the bank, it is undisputed that no such instruction was given to the *MPD Officer* – the person who actually effected the ejection – to assist in that process or to arrest plaintiff. The court also notes that when defendant's employees (justifiably) 'asked Banks to leave,' Banks's invitee status was revoked and he had no right to remain on the premises....To be clear, the court is not implying that BOA's duty of care to Banks ended when it requested that he leave the bank. Rather, the court finds no negligence in BofA's decision to ask Banks to leave."

Opinion at p. 7, n.7 (internal citations omitted). This Court also found that that assuming that the "officer's actions were tortious, Jordan's request supports BofA's position that – once aware of plaintiff's arrest – BofA exercised reasonable care by *attempting to control the MPD officer's conduct* and advocated for Banks.... At that point, however, it is apparent that the MPD officer was resolute about arresting Banks, despite the objections from Jordan." Opinion, p. 8. Finally, this Court found that "[t]o the extent Banks suggests that BofA is also liable under a *respondeat superior* theory because the bank's security guard was allegedly 'aggressively involved in the arrest,' this suggestion fails. Banks describes – in great detail – the MPD officer's apparently solitary role in the arrest." Opinion, p. 8 (internal citations omitted).

Finally, in footnote 11 of the Opinion, the Court stated unequivocally that "BofA's actions after the intervention of the MPD officer were neither hostile nor unreasonable." Opinion, p. 13, n .11.

<u>Records and Testimony</u>.

The Plaintiff's itemization of damages (Exh. A), medical records and bills generated in this case clearly demonstrate that Plaintiff's chief complaint to his private physician, emergency room doctors and physical therapists was "sudden onset shoulder pain" due to his involvement in a physical alteration at Bank of America. The rehabilitation records specifically note that Plaintiff claimed to be involved in a physical altercation and that he had been experiencing pain

in his right and left shoulder which radiated from his shoulder to his wrist. In any event, there can be no dispute that the only physical altercation Plaintiff had on June 15, 2002 at the BOA bank branch was the one that occurred during his arrest by the off duty police officer.

Due to the fact that this Court has already found that BOA's request that Plaintiff leave the bank was not unreasonable and that it was not responsible for the actual arrest of the Plaintiff, any testimony and evidence pertaining to physical injuries which flow from the police officer's decision to arrest Plaintiff are not relevant to this proceeding against BOA.

As set forth by this Court in *U.S. ex rel. El-Amin v. George Washington University*, 2008 WL 287983, at *3 (D.D.C. Feb. 4, 2008):

> Rule 401 of the Federal Rules of Evidence defines relevant evidence as 'having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' 'The Advisory Committee Notes to [the] Rule ... explain that 'relevant evidence' permits the use of evidence that is admitted as an aid to understanding.' 'The basic concept is that an item of proof is relevant if it tends to prove or disprove any material issue of fact in a case.' Because the rule is 'silent as to what factors the court must consider in determining whether an item of evidence is relevant [,] ... [c]ourts cannot employ a precise, technical, legalistic test for relevance; instead, they must apply logical standards applicable in every day life.'

*Id.* (internal citations omitted).

Under this Court's Opinion of September of 2006, BOA cannot be liable for alleged damages or injuries stemming from Plaintiff's arrest. Accordingly, BOA respectfully requests that this Court bar any testimony and evidence regarding any damages, including punitive damages, as a result of any alleged physical injuries related to, stemming from and/or caused by the arrest of Plaintiff on June 15, 2002 by an off duty police officer. Not only are those damages irrelevant to the claims against BOA, the introduction of the same will serve no purpose other than to confuse the issues in this case and mislead the jury.

### B.   Testimony of Dr. Vincent Jones or Any Other Treating Medical or Mental Health Care Professionals Should be Barred.

In discovery, Plaintiff only identified the following medical or mental health care providers and professionals: his personal treating physician, Dr. Poku-Dankwah, Comprehensive Rehabilitation Services (physical therapy), Washington Adventist hospital (emergency room), and Reginald Randolph of Wisdom Ministry. Although Plaintiff supplemented his Answers to Interrogatories several times, he _never_ identified Dr. Vincent Jones, who now appears as a witness on Plaintiff's witness list in the joint pretrial statement.

At his deposition, Plaintiff was asked if he was seeing any doctors other than his private physician and he responded,

> A.   Yes.  Not a doctor.
> Q:   Who were you seeing?
> A:   Counselor.
> Q:   Who is that?
> A;   Minister Reginald Randolf.
>
> *       *       *
>
> Q:   Other than Minister Randolf, are you seeing any other counselors, psychiatrists, doctors or anyone else with regard to any injuries that you might have incurred on June 15th of 2002?
> A:   No.

_See_ Deposition of Plaintiff, George Banks, pertinent portions of which are attached hereto as **Exhibit B**, at pp. 76-80.

Plaintiff had a duty to produce information relating to Dr. Jones under Rule 26(e) of the Federal Rules of Civil Procedure during discovery. Federal Rule 26(e) provides, in pertinent part:

> (e) Supplementing Disclosures and Responses. (1) _In General._ A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response.

*Id.* This Rule is designed to narrow the issues and eliminate surprise at trial. *See e.g., U.S. v. Philip Morris USA, Inc.*, 223 F.R.D. 1, 6 (D.D.C. 2004), citing, *Johnson v. H.K. Webster, Inc.* 775 F.2d 1, 7 (C.A.1 (N.H.) 1985). Nevertheless, Plaintiff made no attempt, whether formal, by supplementing written discovery responses, or informal, by letter to counsel, to supplement or otherwise notify BOA regarding the existence of Dr. Jones. If BOA had been notified of this witness and provided with his contact information, BOA would have deposed this individual. Therefore, any attempt to name this witness two weeks before trial should be barred by this Court as a flagrant discovery violation and an attempt to unfairly surprise BOA at trial.

To the extent that any other medical providers or medical evidence exist relative to Plaintiff's alleged injuries, Plaintiff should be precluded from offering any evidence of the same at trial. The introduction of such evidence is a violation of Plaintiff's discovery obligations and creates unfair surprise to BOA.

WHEREFORE, based on the foregoing, Defendant, Bank of America, N.A. respectfully requests that this Court enter an Order granting its Motion in Limine and barring Plaintiff from presenting any testimony and/or evidence of damages that flow from any physical or mental injuries or damages sustained by the Plaintiff as a result of his arrest by an off duty D.C. police officer on June 15, 2002.

In addition, BOA requests that this Court bar Plaintiff from calling as a witness Dr. Vincent Jones or any other medical or mental health care professional that has not previously been identified in discovery in this case.

Respectfully submitted,


_____/s/_____

Tessa Laspia Frederick (#465519)
Jessica A. duHoffmann (#476383)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

Counsel for Defendant,
Bank of America, N.A.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, pursuant to Local Rule 5.4 that on the 20th day of March 2008, Counsel for Plaintiff, Donald Temple, Esquire, should receive electronic notice of the filing the foregoing *Memorandum in Support of Motion in Limine* at TemplePC@aol.com, which e-mail address has been designated by Plaintiff's counsel to receive notices of electronic filings in this case.


_____/s/_____
Tessa Laspia Frederick (#465519)