IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **GEORGE BANKS** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>**BANK OF AMERICA, N.A.** )<br>)<br>Defendant. )<br>) | Civil Action No.  05-01688 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE AND TESTIMONY OF CERTAIN
DAMAGES AND TO EXCLUDE TESTIMONY FROM
VINCENT JONES OR ANY OTHER HEALTH
CARE PROFESSIONAL NOT DISCLOSED
<u>IN DISCOVERY</u>**

Comes Now Plaintiff, George Banks, and respectfully opposes Defendant's Motion in Limine to Exclude Evidence and Testimony of Certain Damages and to Exclude Testimony from Vincent Jones or any other Health Care Professional not disclosed in discovery.

In its motion Defendant argues that Plaintiff failed to disclose Dr. Vincent Jones as his psychologist, until said disclosure was made in the Joint Pretrial Statement. Defendant suggests that if "BOA had been notified of this witness and provided with his contact information BOA would have deposed this individual." Memorandum in Support of its Motion at page 9.

Defendant's contentions are erroneous. First and foremost, Plaintiff did not begin to see Dr. Jones until the fall/winter of 2006. Secondly, Plaintiff's treatment was revealed to BOA in Reginald Randolph's deposition dated November 30, 2006. Reverend Randolph at that time disclosed Doctor Vincent Jones's identity and treatment of Plaintiff and further that Doctor Jones' treatment of Plaintiff began approximately in October, 2006. (Exhibit 1). Thirdly, on December 20, 2006 Plaintiff transmitted to Defendant Responses to Defendant's Second Request for Production of Documents, which specifically identified Dr. Jones and also provided Defendant with a copy of his resume. (Exhibit 2).

Thus, Defendant had ample opportunity to review Dr. Jones' credentials, take his deposition and otherwise explore his testimony as a witness prior to trial.

Plaintiff did in fact timely identify Dr. Jones as treating psychologist in this case. To the extent that Dr. Jones treated Plaintiff, he should be allowed to testify as his treating psychologist.

                                                Respectfully submitted,
                                                **TEMPLE LAW OFFICES**

                                                _____/S/_____
                                                Donald M. Temple, Esq. 408749
                                                1229 15th Street, NW
                                                Washington, D.C. 20005
                                                (202) 628-1101
                                                dtemplelaw@aol.com

_____