# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **George Banks** <br><br> Plaintiff, <br><br> v. <br><br> **Bank of America** <br><br> Defendant. | Case No. 05-CV-01688 <br> Judge: Henry Kennedy <br> Deck Type: Civil |

### PLAINTIFF'S RESPONSES TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Plaintiff, George Banks, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure Rule 34, hereby responds to Defendant Bank of America's ("BOA") Request for Production of Documents. Subject to the objections and responses as set forth below, Plaintiff:

1. States that the information supplied in these Responses is not based solely on the knowledge of the executing party, but includes the knowledge of the party and attorneys, unless privileged.

2. States that the word usage and sentence structure may be that of the attorneys assisting in the preparation of these Responses, and thus, does not necessarily purport to be the precise language of the executing party.

3. Reserves the right to amend these Responses after discovery is served upon Defendant, as further information becomes available to the Plaintiff.

## **GENERAL OBJECTIONS**

Plaintiff objects to Defendant's Request for Production of Documents to the extent they seek information beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. Plaintiff also makes the following General Objections to Defendant's Document Requests. General Objections are made to all Request for Documents and are not necessarily repeated after each Request to which an objection is asserted. The assertion of the same, similar or additional objections in the individual objections and responses to these Requests, or the failure to assert any additional objections, does not waive any of Plaintiff's General Objections as set forth below.

1. Plaintiff objects to any attempt by Defendant, through definitions, instructions or otherwise, to impose any obligation on Plaintiff beyond the obligations imposed by the Federal Rules of Civil Procedure.

2. Plaintiff objects to all instructions and requests to the extent the instructions and requests seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to the instructions set forth in Defendant's requests to the extent that they require or purport to require information or detail beyond that to which Defendant is entitled under the applicable rules.

3. Plaintiff objects to all instructions and requests to the extent that the instructions and requests seek information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable legal privilege, protection or rule of confidentiality. Inadvertent disclosure of any privileged information in response to the Requests shall not be deemed a waiver of the applicable privilege.

2

4. Plaintiff objects to all instructions and requests that seek confidential and private information. Such documents will be produced only pursuant to a court order.

5. Plaintiff objects to all instructions and requests that seek information that is beyond Plaintiff's control or is in the control of entities or individuals other than Plaintiff's.

6. Plaintiff objects to all instructions and requests for information that is readily available to Defendant from its own records or is in the possession of third parties. Production of such information would, therefore, be unduly burdensome.

7. Plaintiff objects to all instructions and requests to the extent that they use the phrase "any and all" relating to or referring to a certain matter or event. Such instructions and requests are overly broad and unduly burdensome, not within the practical capabilities of the Plaintiff and beyond the requirements of the applicable rules. In each case where some answers or production is provided, such answer or production is based upon all of a logically directed search through the records of this Plaintiff. Plaintiff has not undertaken or completed a review of every document it retains and objects to any purported requirement to do so.

8. Plaintiff objects to all instructions and requests that are unreasonably vague, broad, repetitious, or unduly burdensome.

9. Plaintiff reserves the right to challenge the competency, relevancy, materiality, and admissibility at trial, or any subsequent proceeding, of any information it provides in response to these instructions and requests.

10. Plaintiff's responses are based upon information known or reasonably believed by Plaintiff or its agents at the time of its response to these instructions and requests. It is anticipated that further discovery, independent investigation, and analysis may supply additional

3

facts, give new meaning to known facts, or entail new factual conclusions. Plaintiff therefore reserves the right to amend and/or supplement these responses if new information relevant hereto is learned, through discovery or otherwise.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All documents identified or referred to in your Answers to the Bank's First Set of Interrogatories, and all documents used in the preparation of your Answers to the Bank's First Set of Interrogatories.

### RESPONSE:

Plaintiff timely submitted all documents currently within its possession to Defendant in its Supplemental Responses to Plaintiff's Request for Production of Documents, dated May 22, 2006. Plaintiff also informed Defendant by mail and fax that Plaintiff was in the process of receiving additional medical and/or psychological treatment, and would provide Defendant with information in reference to said treatment as soon as it became available.

### REQUEST FOR PRODUCTION NO. 2:

All documents relating to any communications between you and the Bank regarding the allegation of gross negligence and/or supervision and training as alleged in the Amended Complaint.

### RESPONSE:

Plaintiff objects on the basis that the question is unduly burdensome as Defendant is requesting information already within its possession and/or is equally accessible to Defendant as to the Plaintiff. Subject to and without waiving foregoing objection, Plaintiff answers as follows: Plaintiff has already submitted information per these claims in the submitted Supplemental

4

Responses to Banks's First Request for Production of Documents. Additionally, Plaintiff directs Defendant to See Civil Jury Instructions 16-01 and 16-02. Defendant is responsible for the grossly negligent actions of its employees, including the tellers and Bank Branch Manager who refused to provide service to which Plaintiff as he was rightly entitled and who acted with reckless and willful disregard for Plaintiff's rights and safety. Defendant was negligent in its supervision and/or training of said employees as it disregarded its own procedures and rules regarding processing of customer transactions. Defendant failed to hold its employees accountable for refusing to process Plaintiff's transaction despite Plaintiff's tender of all required identification. Documents showing Plaintiff properly tendered all required forms of identification and followed bank employees' instructions have been submitted in the Plaintiff's Responses (including the Supplemental Responses) to Defendant's Requests for Production of Documents dated May 22, 2006. Additionally, Plaintiff on October 10, 2006, subpoenaed the bank video recording of the transaction from the Office of the Attorney General (Office of Corporation Counsel), but it has not been delivered as per the subpoena. Plaintiff also notes here that Defendant notified Plaintiff by letter dated July 13, 2006, that it had also subpoenaed all documents of the Banks v. District of Columbia case, no. 02-cv-02304, from the Office of the Attorney General. Based on information and belief, said documents include the bank video recording of the incident.

**REQUEST FOR PRODUCTION NO. 3:**

The curriculum vitae of any expert witness you plan to use at trial.

**RESPONSE:**

Dr. Vincent Jones is the treating psychologist in this case and may give limited expert testimony in that capacity. His curriculum vitae is attached.

5

**REQUEST FOR PRODUCTION NO. 4:**

All reports, summaries, compilations, or other documents of any sort prepared or generated by any expert witness retained by you in this action.

**RESPONSE:**

See documents previously submitted in Plaintiff's Responses to Defendant's Requests for Production of Documents (including Supplemental Responses) dated May 22, 2006.

**REQUEST FOR PRODUCTION NO. 5:**

All correspondence to or from any expert witness retained by you to testify at the trial of this case.

**RESPONSE:**

Not applicable.

**REQUEST FOR PRODUCTION NO. 6:**

All documents relating to the damages you allegedly suffered as a result of the allegations in this case, including but not limited to actual damages and statutory damages and any claim for attorneys' fees or costs.

**RESPONSE:**

See Plaintiff's Response to Request for Production of Documents #4.

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to your contention in paragraphs 12-29 of your Amended Complaint that the Bank acted with gross negligence.

**RESPONSE**

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _30_ day of December 2006, a copy of the forgoing Plaintiff's Responses to Defendant's Request for Production of Documents was mailed via first class mail, postage prepaid to:

Tessa Laspia Frederick, Esq.
Miles & Stockbridge P.C.
10 Light Street
Baltimore, MD 21201
(410) 727-6464

Jessica duHoffman, Esq.
Miles & Stockbridge P.C.
10 Light Street
Baltimore, MD 21201
(410) 727-6464

Attorneys for Defendant

_____
Donald M. Temple, Esq.

VINCENT S. JONES, Ph. D.
CLINICAL PSYCHOLOGIST
2409 RAND PLACE, N.E.
WASHINGTON, D.C. 20002
(202) 398-8888  (202) 398-4848

EDUCATION

Ph.D. 1989 Clinical Psychology, American University, Washington, D.C.
M.A.  1978 Counseling Psychology, Bowie State University, The Adler-Dreikurs Institute, Bowie, Md.
B.S.  1972 Early Childhood Education, District of Columbia Teachers College, Washington., D.C.

CERTIFICATES OF COMPLETION

Certified Clinical Supervisor, 1994; Certified Prevention Professional, 1996, D.C. Certification Board for Professional Alcohol and Drug Counselors, Washington, D.C.
Substance Abuse Training, 1987, Department of Navy Alcohol and Drug Safety Action Program (36 hrs.)
Adlerian Family Counseling, 1983, Bowie State University (24 graduate semester hours)
Adlerian Psychotherapy, 1984, Bowie State University (30 graduate semester hours)
Psychodrama, Clinical Resident II, 1985-86, St. Elizabeth's Hospital, Washington, D.C. (full time)
Clinical Psychology Intern, 1982; Clinical Extern, 1981, Howard Univ. Counseling Service, Wash., D.C.
Introduction to Work With Hospital Groups, 1985, U.S. Dept. of Health & Human Services, Wash., D.C.
Youth Counselor Training, 1966, Howard Univ. Center for Youth Studies, D.C., Laurel, Md. (6 months, full time counseling practicum with youth offenders and learning disabled children
Violence Prevention Training, 1994, Oakland Mens' Project, D.C. (40 clock hours); Violence Interruption Project (TASC) Chicago, IL (32 clock hours); Alternatives to Violence Project, D.C. (75 clock hours)
Basic Corrections Training, 1992, District of Columbia Department of Corrections (160 clock hours)
Human Relations & Organizational Development, National Training Labs. Inst., Bethel, Maine, Wash.,D.C. one month residential training (Basic Human Interaction, Personal Growth & Development, Theory)
Tavistock Group Relations Conferences, A.K. Rice & Howard University, 1990, St. Elizabeths' Hospital, 1984, Georgetown University, 1982, George Washington University, 1982
National Board for Certified Counselors, 1984, Arlington, Virginia

UNIVERSITY TEACHING EXPERIENCE (GRADUATE)

Practicum I & II; Family Counseling, Family Counseling Practicum; Adlerian Theory & Practice; Principles & Practices of Adlerian Counseling; Psychodynamics of Psychopathology; Personality Theory; Group Counseling (Bowie State University, Full time and Adjunct Professor 1993-2000) Provided direct clinical supervision of 60 graduate students and served on thesis and dissertation committees.

UNIVERSITY TEACHING EXPERIENCE (UNDERGRADUATE)

Human Growth & Development I & II; Social Psychology; Basic Communications; Introduction to Psychology; Abnormal Psychology; Human Sexuality (American University, Howard University, University of the District of Columbia, Adjunct Professor and Teaching Assistant 1979-1999)

EMPLOYMENT EXPERIENCE

Private Practice Psychologist, Washington, D.C., 1996-present
Adjunct and Full Time Assistant Professor, Bowie State University, Bowie, Md., 1999-2000
Staff Psychologist, Psychiatry Department, Washington Hospital Center, D.C., 1995
Clinical Director for Foster Care and Adjudicated Youth, Residential Care, Inc., D.C., 1993-95
Chief Therapy Supervisor, D.C. Department of Corrections Substance Abuse Program, 1992-95
Career Counselor, D.C. Public Schools, Division of Career Development Programs, 1974-83
Training Specialist and Internal Compliance Officer, Mayor's Summer Youth Employment Program, 1983
Administrative Assistant to the President, D.C. Teachers College, 1971-73


CONSULTANT EXPERIENCE


EDUCATION

Univ. of the D.C., Dept. of Psychology and Dept. of Mass Media and Communications, Adjunct Professor
Trinity College, District of Columbia, Psychodrama Training
Howard Univ., Dept. of Human Development, Adjunct Professor
Howard Univ., Center for Substance Abuse Research, Adjunct Professor
Howard Univ., D.C., College of Medicine and Resident Life, human relations training, management-employee relations, hospitality training, stress management
Catholic Univ., D.C., psychodrama for School of Social Work, human relations for Counseling Services
George Mason Univ., Fairfax, VA., psychology conference lecturer
Bowie State Univ., psychology conference lecturer, psychology workshop facilitator
Washington Saturday College, D.C., psychology professor
D.C. Public Schools team building and teacher motivation human relations training
Montgomery County Maryland Public Schools, diversity training for teachers
New York City Library, leadership training for librarians
St. Francis DeSales Catholic School, D.C., human relations staff development
Jackie Robinson Center for Excellence, D.C., psychodrama with youth with developmental disabilities
Association of Black Psychologists, D.C., human relations conference lecturer
Maryland Assoc. for Multicultural Counseling and Development, diversity training conference lecturer
D.C. Commission on Mental Health, D.C. General Hospital, psychodrama with DD youth
The Human Experience Institute, D.C., substance abuse treatment and prevention training for professionals

LAW ENFORCEMENT AND CORRECTIONS

U.S. District Courts, D.C., Deputy United States Marshal
D.C. Metropolitan Police Dept., police-community relations training, family disturbance intervention, stress management training
FBI, Secret Service, US Park Police, Capitol Police, PG County Police Dept., hostage negotiations training
D.C. Department of Corrections, staff development training
Virginia Department of Corrections, Volunteers in Corrections, human relations training
Anne Arundel County Maryland Dept. of Corrections, parenting and substance abuse training for inmates
Maryland State Department of Corrections, diversity training for administrators

RESEARCH, SCHOLARLY PAPERS, CONFERENCE PRESENTATIONS

Jones, V.S. (1989) The effects of goal-oriented sociodrama on adolescents' locus of control, self concept and social skills development. Dissertation Abstracts International

Jones, V.S. (1978) Reducing verbal reticence in college students. Bowie State University Master's Thesis

Jones, V.S. (1982) The love game: A human relations group counseling board game

Jones, V.S. (1984) Stress management for hospital personnel: Howard University Hospital

Jones, V.S. (1986) A literature review of sex differences: American University

Jones, V.S. (1999) Race relations experiential workshop, Maryland Assoc. for Multicultural Counseling

Jones, V.S. (1995) A human interaction drama: An integration of traditional drama and psychodrama

Jones, V.S. (1996) A sports motivation workshop for Olympic athletes and coaches: Norfolk State Univ.

Jones, V.S. (1989) The fundamentals of psychodrama, American University Psychology Conference

THE HUMAN EXPERIENCE INSTITUTE FOR CHEMICAL ADDICTIONS, TRAINING, EDUCATION AND SUPERVISION, Washington, D.C.

Founded by Vincent Jones, the institute was incorporated in 1995 with psychologists, social workers, psychiatrists, nurses and substance abuse treatment counselors. The institute provided training and supervision to professionals completing certification in substance abuse treatment and prevention, as well as recertification and continuing education for mental health professionals.

PROFESSIONAL ASSOCIATION MEMBERSHIP

American Psychological Association, Association of Black Psychologists, American Society of Group Psychotherapy and Psychodrama, North American Society of Adlerian Psychology, John Carroll Society

BOARDS

D.C. Board of Higher Education; D.C. State Mental Health Planning Council; President's Advisory Council, D.C. Teachers College; College Curriculum Committee, D.C. Teachers College; College Committee on Middle States Accreditation, D.C. Teachers College; Washington Hospital Center Committee on Accreditation

AWARDS & LEADERSHIP

Who's Who in American Universities & Colleges; Stanley Anderson D.C. City Council Award; Outstanding Service to H.U. Upward Bound Programs; Outstanding Service to Washington Saturday College; Outstanding Service to D.C. Teachers College; Kappa Alpha Psi Fraternity Service Award; Certificate of Distinction, Maryland Association for Multicultural Counseling and Development; Service Award to the Bowie State University Student Adlerian Society; D.C. Dept. of Corrections Service Award; D.C. Public Schools Service Award; D.C. Community Service Award; D.C. Teachers College Drama Award; Operation Push Service Award; Association of Black Catholics Service Award; President of the Freshman Class; President of the Student Government Association; President of Kappa Alpha Psi Fraternity; member of college baseball and football teams (D.C. Teachers College)

# EXHIBIT 2

```
1    UNITED STATES DISTRICT COURT

2            DISTRICT OF COLUMBIA

3    - - - - - - - - - - - - - - X

4    GEORGES BANKS,                    :

5                                      :

6                                      :

7            Plaintiff,                :

8       v.                             : Case No.:

9    BANK OF AMERICA,                  : 05-CV-01688

10                                     :

11           Defendant.                :

12   - - - - - - - - - - - - - - X

13

14           The deposition of REGINALD RANDOLPH

15   was held on Thursday, November 30, 2006,

16   commencing at 2:07 p.m., at the law offices of

17   Hamilton & Hamilton, 1900 M Street, NW, before Kim

18   Brantley, Notary Public.

19

20

21   REPORTED BY: Kimberly Brantley
```

Page 2

```
 1    APPEARANCES:

 2    DHAMIAN BLUE, ESQUIRE, ESQUIRE

 3    Temple Law Offices

 4    1229 15th Street, NW

 5    Washington, DC  20005

 6    (202) 628-1101

 7       On behalf of the Plaintiff

 8

 9

10    JESSICA A. DuHOFFMAN, ESQUIRE

11    MILES & STOCKBRIDGE, PC

12    10 Light Street

13    Baltimore, MD  21202

14    (410) 385-3782

15       On behalf of the Defendant

16

17

18    ALSO PRESENT:   GEORGES BANKS, Plaintiff

19

20

21
```

1  Whereupon,

2              REGINALD RANDOLPH

3  called as a witness, and having been first duly

4  sworn to tell the truth, the whole truth and

5  nothing but the truth, was examined and testified

6  as follows:

7           EXAMINATION BY MS. duHOFFMAN:

8       Q.   Can you please state your name.

9       A.   My name is Reginald D. Randolph, Pastor

10  Randolph.

11      Q.   And what would you prefer I call you

12  through this deposition, pastor?

13      A.   You can call me pastor, reverend, Mr.

14      Q.   Mr., doesn't matter?

15      A.   Doesn't matter.  As long as it's not

16  what they used to call me.

17      Q.   Pastor, have you ever had your

18  deposition taken before?

19      A.   I used to work for the courts, so, yes.

20      Q.   You have had it taken; you've been a

21  witness?

Towson Reporting Company
410-828-4148

GORE BROTHERS
410-837-3027

Whitman Reporting-Rockville
301-279-7599

e61e5025-c9bd-4fee-8cfd-32c72eeffc55

1   Q.   This litigation. Does he talk about
2   that with you?
3   A.   And what's going on?
4   Q.   Um-hum.
5   A.   All I know is George says he still
6   needs counseling and, you know, eventually I
7   referred him to get some more counseling.
8   Q.   Where did you refer him?
9   A.   He told me that he went to a
10  psychiatrist, a psychologist and I agreed, that
11  was fine with me. I still would provide that.
12  Q.   When did you --
13  A.   About a month ago.
14  Q.   So now four years after he's going to a
15  psychologist or psychiatrist?
16  A.   That's traumatic stress syndrome.
17  Q.   Do you know who he's seeing?
18  A.   Doctor Jones, or someone, Victor Jones,
19  someone like that. He told me the name, and I
20  said, fine. I was always there for him for
21  spiritual counseling.