IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE BANKS, | * | |
|    Plaintiff, | * | |
| v. | * | Case No. 05-CV-01688-HHK |
| BANK OF AMERICA, N.A., | * | |
|    Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT PRETRIAL STATEMENT**

Plaintiff, George Banks ("Plaintiff") and Defendant, Bank of America, N.A. ("Defendant" or "BOA"), by and through their undersigned attorneys, and pursuant to this Court's Order dated March 17, 2008, hereby submit this Joint Pretrial Statement, and state as follows:

**I.    Parties and Counsel.**

Plaintiff, George Banks: Counsel is Donald M. Temple, Temple Law Offices, 1229 15th Street, N.W., Washington, D.C. 20005, (202) 628-1101.

Defendant, Bank of America: Counsel is Tessa L. Frederick and Jessica duHoffmann, Miles & Stockbridge P.C., 10 Light Street, Baltimore, MD 21201, (410) 727-6464.

**II.    Statement of the Case.**

The case pertains to an incident that occurred on June 15, 2002 in which Plaintiff attempted to transfer and withdraw funds in connection with several of his company's business accounts which were maintained at BOA.  BOA refused to complete the transaction and claimed that Plaintiff did not produce proper identification.  Plaintiff claims that BOA's decision not to complete the transaction was discriminatory and in violation of his civil rights.

### III. Claims and Defenses.

**Statement of Claims Made by Plaintiff:**

Plaintiff filed this action against BOA on June 15, 2005 in the Superior Court for the District of Columbia. BOA removed the case to this Court on the basis of diversity jurisdiction. Plaintiff's Amended Complaint originally contained four claims against BOA, three of which were dismissed pursuant to this Court's Memorandum Opinion and Order dated September 6, 2007. The only remaining claim in this case is Plaintiff's claim against BOA under Title 42 of the United States Code § 1981, in which Plaintiff claims that he was subject to discrimination when he attempted to make a bank transaction at BOA on June 15, 2002.

**Defenses Raised by BOA:**

BOA's defense to Plaintiff's §1981 claim is simply that it did not discriminate against him on the basis of his race when it did not process Plaintiff's banking transaction on June 15, 2002. Rather, BOA asserts that Plaintiff failed to provide a second form of identification which is required to process this transaction based upon its policies and procedures which are designed to protect not only the bank but also the customer. BOA also contends that Plaintiff cannot state a claim under § 1981 claim unless he has, or would have, rights under an existing, or proposed, contract that he wishes "to make and enforce." A § 1981 claim arising from the interference with contract rights must identify injuries flowing from a racially motivated breach of Plaintiff's own contractual relationship with BOA, not of someone else's, i.e. Sentry Security's account contract. In this case, the transaction at issue involved business accounts of Sentry Security International, not the personal accounts of Plaintiff. Finally, Plaintiff's own actions were the primary cause of his arrest by D.C. police and alleged injuries incurred as a result of the arrest.

### IV. Undisputed Issues/Stipulations

None.

**V.     Schedule of Witnesses to be Called by Parties**

<u>Plaintiff intends to call the following witnesses</u>:

A.     German Jordan, Bank of America, 6802 Richmond Highway, Alexandria, Virginia 22306.  Mr. Jordan was the BOA branch manager on the date of the incident at issue in this case.  He is expected to testify about applicable bank policies and procedures, as well as his interaction with Plaintiff on the date of the incident.  His testimony should take approximately ninety minutes.

B.     Roxana Fuentes, Bank of America, 1835 Columbia Road, NW, Washington, D.C. 20009.  Ms. Fuentes was the BOA teller involved in the transaction on the date of the incident.  She is expected to testify regarding the incident.  Her testimony should take approximately ninety minutes.

C.     Valentina Elebesunu, Bank of America, 7520 Marlboro Pike, Forest Hill, Maryland 20747.  Ms. Elebesunu was the head teller on the date of the incident in question.  She is expected to testify with regard to her interaction with Plaintiff on the date of the incident.  Her testimony should take approximately one hour on direct examination.

D.     Noemi Gutierrez, Assistant Manager, Bank of America; Ms. Guiterrez was the Assistant Manager of the bank at the time of the incident.  She is expected to testify about her knowledge of the incident.

E.     Dr. Vincent Jones, Ph.D., Clinical Psychologist, 2409 Rand Place, N.E., Washington, D.C., 20002.  Dr. Jones treated Plaintiff for emotional problems associated with the incident.  He will testify about his treatment of Plaintiff, which testimony should not last longer than one hour.

**<u>Defendant's Objection</u>** – BOA objects to this witness because he was never disclosed to BOA during discovery.  The details in support of BOA's objection are set forth in its Motion in Limine to exclude Dr. Jones' testimony, which motion was filed March 20, 2008 and is incorporated herein.

F.     Reverend Reginald Randolph, 7705 Georgia Avenue, NW, Washington, DC, 20012.  Mr. Randolph is a licensed professional counselor specializing in spiritual counseling, who consulted with Plaintiff regarding the incident.  He is expected to testify about his treatment of George Banks.  His testimony will last approximately one hour.

**<u>Defendant's Objection</u>** – BOA objects to this witness because he lacks the qualifications, training, and records to discuss any diagnosis and treatment of Plaintiff.  The details in support of BOA's objection are set forth in its Motion in Limine to exclude the testimony of Mr. Randolph and to exclude evidence of the invoices submitted by Mr. Randolph, which motion was filed on March 20, 2008 and incorporated herein.

Plaintiff reserves the right to call any witness listed by Defendant and to call rebuttal witnesses.

BOA intends to call the following witnesses:

Roxana Fuentes, Bank of America, 1835 Columbia Road, NW, Washington, D.C. 20009. Ms. Fuentes was the BOA teller attempting to assist Plaintiff with his banking transaction on the date of the incident. She is expected to testify with regard to her interaction with the Plaintiff on the day of the incident giving rise to this case. Her testimony should take approximately one hour on direct examination.

Valentina Elebesunu, Bank of America, 7520 Marlboro Pike, Forest Hill, Maryland 20747. Ms. Elebesunu was the head teller on the date of the incident in question. She is expected to testify with regard to her interaction with Plaintiff on the date of the incident. Her testimony should take approximately one hour on direct examination.

German Jordan, Bank of America, 6802 Richmond Highway, Alexandria, Virginia 22306. Mr. Jordan was the BOA branch manager on the date of the incident at issue in this case. He is expected to testify with regard to his interaction with Plaintiff on the date of the incident. His testimony should take approximately one hour on direct examination.

Sergeant Johnny Tubbs, Metropolitan Police Department, Third District Headquarters, 1620 V Street, NW, Washington, D.C. 20009. Sgt. Tubbs is the off duty police officer who was present in the BOA branch at the date and time of the incident involving Plaintiff and who arrested Plaintiff. He is expected to testify with regard to his observations while present in the bank branch on June 15, 2002 and his decision to arrest the Plaintiff. His testimony on direct should take approximately one and a half hours.

BOA also reserves the right to call Plaintiff, George Banks as well as a Bank of America employee in charge of training for Bank of America tellers.

VI.   **Exhibit Lists**

**Joint Exhibits:**

1. Bank of America's Policies and Procedures (BOA-001 through 030);

2. Copy of Bank of America Counter Debit Slip for Sentry Security International in the amount of $1,000 dated June 15, 2002;

3. Bank of America Deposit Ticket dated June 15, 2002;

**Plaintiff's Exhibits:**

1. Plaintiff's Resume

2. Plaintiff's Driver's License

3. Plaintiff's SPO License

4. Bank of America Stamped Entry re $1,000 deposit

5.   Plaintiff's Medical Records:  Adventist Hospital and Physical Therapy

**Defendant's Objection** – BOA objects to Plaintiff's "medical records" as exhibits because, based upon this Court's Memorandum Opinion and Order dated September 6, 2007, the injuries sustained by Plaintiff as a result of the arrest are not relevant to this case.  The details in support of BOA's objection are set forth in its Motion in Limine to exclude evidence of all testimony and damages, including physical injuries, stemming from Plaintiff's arrest by an off duty police officer, which motion was filed on March 20, 2008 and is incorporated herein.

6.   Plaintiff's Medical Bills

**Defendant's Objection** – BOA objects to Plaintiff's "medical bills" as exhibits because, based upon this Court's Memorandum Opinion and Order dated September 6, 2007, the physical injuries sustained by Plaintiff, which were a direct result of Plaintiff's arrest are not relevant to this case.  The details in support of BOA's objection are set forth in its Motion in Limine to exclude evidence of all testimony and damages, including physical injuries, stemming from Plaintiff's arrest by an off duty police officer, which motion was filed on March 20, 2008 and is incorporated herein.  In addition, Plaintiff does not particularly identify the medical bill with any specificity.

7.   D.C. Superior Court Disposition Record re: dismissal of criminal charges

**Defendant's Objection** – BOA objects to this exhibit because it lacks authentication and foundation and is not relevant to Plaintiff's case.

8.   Plaintiff reserves the right to introduce any exhibit listed by Defendant.

**Defendant's Exhibits:**

1. Bank of America Corporate Security – Security Incident Report completed by German Jordan dated June 15, 2002;

2. Bank of America Corporate Security – Security Incident Report completed by Security Officer Winford Wrice dated June 15, 2002;

3. Bank of America Corporate Security – Security Incident Report prepared by Valentina Elebesunu dated June 15, 2002;

4. Wackenhut Incident Report prepared by Winford Wrice dated June 15, 2002;

5. Plaintiff's Arrest Records regarding June 15, 2002 arrest from D.C. Metropolitan Police Department – specifically, the Arrest Report (2 pages), the Supervisor's Report (1 page) and Plaintiff's written witness statement (5 pages);

6.      Sentry Security International's BOA Corporate Signature Cards (I page each) and Corporate Resolutions (2 pages each) for the two bank accounts associated with the banking transaction at issue in this case;

7.      BOA Deposit Agreement and Disclosures;

8.      BOA reserves the right to introduce the videotape/video still photos taken at the time of the incident, if such videotape/video still photos can be recovered from the District of Columbia or Plaintiff's former attorney prior to trial.

**9.      Plaintiff reserves the right to object to any exhibit on the basis of hearsay and relevancy.**

**VII.      Deposition Testimony**

**Designations of Depositions to be Offered Into Evidence by Plaintiff:**  None.

**Designations of Depositions to be Offered Into Evidence by BOA:**

Deposition of Winford Wrice dated January 7, 2004 in the matter of *George Banks v. The District of Columbia*, U.S.D.C. for D.C.; Case No. 02-2304:  Mr. Wrice, the Wackenhut security guard working at the BOA branch where the incident occurred on June 15, 2002, is currently residing in Cleveland, Ohio and is an unavailable witness pursuant to Federal Rule of Evidence 804 and F.R.C.P. 45.

Deposition of George Banks dated November 6, 2003 in the matter of *George Banks v. The District of Columbia*, U.S.D.C. for D.C.; Case No. 02-2304:

Page/line designations:  20:6-22, 21:1-2, 14, 22, 22:1-22, 26:21-22, 27: 1-5, 30: 9-13, 22, 31: 1-4, 22, 32:1-6, 37 1-7, 38:5-7

Plaintiff objects to introduction of any deposition testimony by Plaintiff except for impeachment purposes.

**VIII.      Relief Sought/Itemization of Damages**

**IX.      Pending Motions**

Defendant BOA timely filed three (3) motions in limine on March 20, 2008:

1.      Motion in Limine to Exclude Evidence of Any Contract Other Than the Contract Associated with the Business Bank Accounts at Issue in this Case;

2.      Motion in Limine to Exclude Evidence and Testimony of Certain Damages and to Exclude Testimony of Dr. Vincent Jones, or Any Health Care Professional Not Disclosed in Discovery; and

    3.    Motion in Limine to Exclude Testimony of Reginald Randolph and to Exclude Evidence Relating to any Damages Claimed by Plaintiff as a Result of Counseling Received from Minister Randolph.

**X.**    **Trial Briefs**

None.

**XI.**    **Motions in Limine**

Defendant filed three (3) motions in limine on March 20, 2008, described above.

**XII.**    **Demonstrative Evidence, Physical Evidence, Videotapes**

None.

**XIII.**    **Jury Cases**

The parties will submit requested voir dire, jury instructions and verdict form by email as directed in this Court's Order dated March 17, 2008.

**XIV.**    **Estimated Length of Trial**

This trial should last 2-3 days.

Respectfully submitted,

| | |
|---|---|
|    /s/                               |                  /s/                |
| Donald M. Temple | Tessa Laspia Frederick (#465519) |
| 1229 15th Street, N.W. | Jessica A. duHoffmann (#476383) |
| Washington, D.C. 20005 | MILES & STOCKBRIDGE P.C. |
| (202) 628-1101 | 10 Light Street |
| | Baltimore, Maryland 21202 |
| Counsel for Plaintiff, | (410) 727-6464 |
| George Banks | |
| | Counsel for Defendant, |
| | Bank of America, N.A. |

***The foregoing Joint Pretrial Statement, as revised at the pretrial conference in the presence of counsel, shall stand as the pretrial order in this case.***

ND: 4814-2401-1010, v. 1