UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE BANKS, ) | |
| ) | |
| Plaintiff, ) | Case No. 05-CV-01688-HHK |
| ) | |
| v. ) | |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF REGINALD RANDOLPH AND TO EXCLUDE EVIDENCE RELATING TO ANY DAMAGES CLAIMED BY PLAINTIFF AS A RESULT OF COUNSELING RECEIVED FROM MINISTER RANDOLPH**

COMES NOW Plaintiff George Banks, by and through the undersigned counsel, and respectfully moves this Honorable Court for an order denying Defendant's Motion in Limine to Exclude Testimony of Reginald Randolph and to Exclude Evidence Relating to any Damages Claimed by Plaintiff as a Result of Counseling Received from Minister Randolph. Reasons in support of this motion are more fully set forth in the accompanying Memorandum of Points and Authorities, which is incorporated herein by reference.

Respectfully submitted,

_____/s/_____
Donald M. Temple, Esq. (#408749)
1229 15th Street, NW
Washington, DC 20005
(202) 628-1101 Phone
(202) 628-1149 Fax
dtemplelaw@aol.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GEORGE BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-CV-01688-HHK |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF REGINALD RANDOLPH AND TO EXCLUDE EVIDENCE RELATING TO ANY DAMAGES CLAIMED BY PLAINTIFF AS A RESULT OF COUNSELING RECEIVED FROM <u>MINISTER RANDOLPH</u>**

Foremost, Defendant seeks to exclude Minister Reginald Randolph from "offering any expert opinion testimony regarding any alleged mental health diagnosis given to Plaintiff…" on the grounds that Minister Randolph is not qualified to offer mental health opinions. Defendant's request in this regard must be denied as moot, considering that Plaintiff was not intending to and will not, in fact, call Minister Randolph to offer any expert opinion testimony regarding any mental health diagnosis given to Plaintiff. Upon laying an appropriate foundation, the undersigned intends to solicit testimony from Minister Randolph as to whether Plaintiff sought spiritual counseling from him relative to the events underlying the instant matter, the nature of such counseling, whether Minister Randolph referred Plaintiff to seek further professional therapy, and the basis for his referral. There is no legal or meritorious justification for excluding such testimony. Even as admitted by Defendant, Minister Randolph is a licensed professional counselor who provided spiritual counseling to Plaintiff. Based thereupon, he is competent to testify as mentioned herein.

Secondly, Defendant seeks to exclude invoices prepared by Minister Randolph for treatment he provided to Plaintiff and any testimony related to such invoices, contending that such records were made "long after the counseling sessions occurred" and are, therefore, inadmissible hearsay under Fed. R. Evid. 803 and are not exempted by the business record exception. Plaintiff concedes introducing the subject invoices into evidence. Nonetheless, Plaintiff may solicit testimony regarding any fees for counseling services he rendered to Plaintiff. While the actual invoice records may be inadmissible as hearsay, direct testimony about the substance and basis of those records does not constitute hearsay under Rule 803. Indeed, there is no applicable rule of evidence or any other meritorious basis for excluding such testimony. Of course, Defendant contends that Minister Randolph's testimony regarding the subject invoices lacks reliability or trustworthiness. Notwithstanding Defendant's biased opinion in this regard, Minister Randolph's credibility does not warrant exclusion of his testimony. It is well established that credibility is a question for the jury to consider.

**WHEREFORE**, Plaintiff requests that this Honorable Court deny Defendant's Motion in Limine to Exclude Testimony of Reginald Randolph and to Exclude Evidence Relating to any Damages Claimed by Plaintiff as a Result of Counseling Received from Minister Randolph.

Respectfully submitted,

_____/s/_____
Donald M. Temple, Esq. (#408749)
1229 15th Street, NW
Washington, DC 20005
(202) 628-1101 Phone
(202) 628-1149 Fax
dtemplelaw@aol.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that the foregoing Plaintiff's Opposition to Defendant's Motion in Limine to Exclude Testimony of Reginald Randolph and to Exclude Evidence Relating to Any Damages Claimed by Plaintiff as a Result of Counseling Received from Minister Randolph was sent on this 24th day of March 2008, via electronic delivery, to the following:

Tessa Laspia Frederick
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, MD 21202

Counsel for Defendant,
Bank of America, N.A.