## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GEORGE BANKS** | ) |
| | ) |
| **Plaintiff,** | ) **Civil Action No.: 05-CV-01688** |
| | ) **Judge: Henry Kennedy** |
| **v.** | ) |
| | ) |
| **BANK OF AMERICA** | ) |
| | ) |
| **Defendant** | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## SECOND AMENDED COMPLAINT

**COMES NOW**, Plaintiff, George Banks by and through undersigned counsel, pursuant to Fed.R.Civ.P. 15, and respectfully moves this Honorable Court for leave to file a second amended complaint in order to more clearly state the capacity in which Plaintiff was acting during the time and events which gave rise to the claims and causes of action set forth in the original complaint. Plaintiff respectfully requests that this court grant Leave to Amend pursuant to Rule 15 as Defendant will not be prejudiced by the relief requested. Pursuant to Fed.R.Civ.P. 15(a), on Monday, March 24, 2008, Plaintiff sought consent for this motion from Counsel for Defendant and consent was withheld.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant leave to file his Second Amended Complaint and such other relief as the Court deems appropriate. Grounds for this motion are set forth more fully in the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

_____/S/_____
Donald M. Temple #408749
1229 15th St., N.W.
Washington, D.C. 20005
(202) 628-1101
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GEORGE BANKS** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 05-CV-01688** |
| | ) | **Judge: Henry Kennedy** |
| **v.** | ) | |
| | ) | |
| **BANK OF AMERICA** | ) | |
| | ) | |
| **Defendant** | ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION FOR LEAVE TO FILE**
**<u>SECOND AMENDED COMPLAINT</u>**

Plaintiff, by and through undersigned counsel, submits this memorandum of points and authorities in support of his Motion for Leave to File a Second Amended Complaint. Plaintiff respectfully requests that this honorable court grant this motion for the reasons set forth below.

**I. INTRODUCTION**

George Banks ("Plaintiff" or Mr. Banks") filed his original complaint in Superior Court of the District of Columbia against Bank of America ("Defendant") on June 15, 2005, alleging negligence ("Original Complaint").[1] The case was subsequently removed to this court and on September 29, 2006, Plaintiff filed an amended complaint alleging violation of his civil rights pursuant to 42 U.S.C. §1981 (Count I) and gross negligence (Count II), and Negligent Training and Supervision (Count IV) ("Amended Complaint").[2]

---

[1]    George Banks v Bank of America, CA 05-4542.

[2]    George Banks v Bank of America, Ca. No. 05-cv-01688.

On September 6, 2007, by Memorandum Opinion and Order, this court granted in part and denied in part elements of Defendant's motion for summary judgment, leaving intact Plaintiff's §1981 claim. *Banks v Bank of America*, 505 F.Supp.2d 159,161.[3]

Plaintiff now seeks leave to amend his complaint by including his company Sentry Security International, Inc. as a plaintiff and by clarifying the capacity in which he brings this action.   In earlier pleadings, Mr. Banks sued in his personal capacity. However, in the body of the original and amended complaints, he is defined as the "owner of a private detective agency" and "owner of Sentry Security International" (SSI)[4] respectively.   Based on Fed.R.Civ.P. 8, "pleadings must be construed so as to do justice." Fed.R.Civ.P.8(e).   One could reasonably construe the earlier pleadings to mean that since Plaintiff was the owner of Sentry Security International, Plaintiff was of necessity acting as an intended third-party beneficiary in his individual capacity and as President/CEO in his business capacity.[5]   However, rather than leave that to inference, Plaintiff herein seeks to expressly state that he acted in his personal capacity as well as in the capacity of President and CEO of Sentry Security International, Inc.

---

[3] Plaintiff's Second Amended Complaint retains only the count pertaining to the §1981 claim, taking into account the result of this court's Memorandum Opinion and Order.

[4] Sentry Security International, Inc., was organized under the laws of the District of Columbia in July 1999 as a domestic business corporation and remains in good standing.

[5] It is undisputed that Plaintiff sought to withdraw $1,000 from one of his business accounts, deposit $700.00 into a second business account and keep $300 for himself.

The record herein supports Plaintiff in this regard. It is undisputed that "on June 15, 2002, Plaintiff sought to withdraw $1,000.00 from one of [his business accounts], deposit $700.00 into a second SSI account, and keeping $300 for himself." *Banks, supra* as quoted in Defendant's Motion in Limine to Exclude Evidence of Any Contract Other than the Contract Associated with the Business Bank Accounts at Issue in this Case, p.2. Plaintiff initially acted as an agent of the corporation when, in his corporate capacity as President and CEO, he attempted to withdraw funds from one business account and deposit funds into a second business account. Plaintiff then acted in his personal capacity as the intended third-party beneficiary when he sought to deposit funds in his pocket. However, Defendant's intervening actions prevented and precluded Plaintiff from carrying out the intention of Plaintiff Banks in his individual capacity and as President and CEO of SSI. Defendant's actions also prevented and precluded SSI from carrying out its intentions of providing Plaintiff Banks a benefit derived from the contract between SSI and Defendant.

## II. ARGUMENT

Fed.R.Civ.P. 15 provides that after the initial opportunity for the amendment of pleadings has expired, "a party may amend it's pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). P*yramid National Van Lines, Inc., v Goetze*, 66 A.2d 693,695 (D.C. 1949); *Johnson v. Fairfax Village Condo IV,* 641 A.2d 495, 501 (D.C. 1994). *Johnson* also provides that "although the decision rests within the trial court's

discretion, the policy which favors resolution of cases on the merits imposes a "virtual presumption" that leave should be granted absent sound reasons which dictate a contrary result." *Johnson* at 501.

Leave to amend should be permitted unless there is undue delay, bad faith, dilatory motive, repeated failure to cure, undue prejudice, or futility. *Shekoyan v. Sibley Int'l Corp*., 217 F.Supp.2d 59,74 (D.D.C.2002)(Walton, J)(quoting *Firestone v Firestone*, 75 F.3d 1205, 1209 (D.C.Cir. 1996). Plaintiff's amendment is not motivated by bad faith or a dilatory motive nor will Plaintiff's amendment cause undue delay because the nature of the amendment expressly adds SSI as a Plaintiff and goes to Plaintiff's *capacity*, reflecting this court's Memorandum Opinion and Order, as opposed to including a new and fundamental issue of material fact which would require additional discovery and possibly subject Defendant to undue prejudice. Defendant has already conducted thorough discovery with regards to both Banks and SSI.

In the District of Columbia it has been held that "an amendment correcting the capacity in which a plaintiff is suing relates back to the original filing because 'there is no change in the parties before the court [and] all parties are on notice of the facts out of which the claim arose.'" *Strother v. District of Columbia*, 372 A.2d 1291,1297 (D.C. 1977).[6] See also *Campbell v United States*, 295 A.2d 498 (D.C. 1972), holding that Super.Ct.Civ.R. 15(c) has the same meaning as the federal rule. Under Super.Ct.Civ.R. 15(c), an amendment relates back not only if it changes the identity of a plaintiff, but also

---

[6]      *Strother* involved suit under the Wrongful Death Act by an Heir, who was not appointed "personal representative" until after the statue of limitations had run, even though he had timely filed suit. The Court of Appeals reversed the trial court because there was no change in parties and all parties were on notice as to the facts of the matter. *Strother, supra*, 372 A.2d at 1297.

if it changes the capacity in which a plaintiff is suing. *International Tours & Travel, Inc.,*

*Khalil*, et al., 491 A.2d 1149,1152 (D.C. 1985), citing *Strother*, supra. In the immediate

case, it is abundantly clear that the incident involves a corporate or business transaction.

Moreover, the clarification of this issue does not offend the progress of the litigation  in

the slightest manner.  Indeed, Plaintiff has already alleged that Banks was the owner of

the corporation and that the transaction at hand involved business accounts of SSI over

which Banks had apparent authority.  Clarification of the claims benefits all parties and

the court and reduces the risk of confusion to the jury in its consideration of the case.

Lastly, this jurisdiction is relatively liberal in this regard, particularly as here where there

is little if any prejudice to the Defendant.


### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks this honorable court to grant this

Motion for Leave to file a Second Amended Complaint.

Respectfully submitted,

_____/S/_____
Donald M. Temple [407849]
1229 15th Street, NW.
Washington, DC 20005
Phone No. (202) 628-1101
Fax No. (202) 628-1149

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GEORGE BANKS** | ) |
| | ) |
| **Plaintiff,** | ) **Civil Action No.: 05-CV-01688** |
| | ) **Judge: Henry Kennedy** |
| **v.** | ) |
| | ) |
| **BANK OF AMERICA** | ) |
| | ) |
| **Defendant** | ) |

**ORDER**

This matter first came before the court upon motion of the plaintiff seeking Leave to File

a Second Amended Complaint, and having considered the record herein and any

opposition there to, it is this _____ Day of _____ 2008

**ORDERED**, that the above-referenced motion be and the same hereby is

**GRANTED.**

                                             **SO ORDERED**

                                             _____
                                             The Honorable Henry Kennedy
                                             United States District Judge

Copies to:
Tessa Frederick, Esq.
Jessica duHoffman, Esq.
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202-1487
**Attorney for Defendant**

Donald M. Temple, Esq.
1229 15th Street, NW
Washington, D.C. 20006
**Attorney for Plaintiff**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GEORGE BANKS** | ) |
| | ) |
| **Plaintiff,** | ) **Civil Action No.: 05-CV-01688** |
| | ) **Judge: Henry Kennedy** |
| **v.** | ) |
| | ) |
| **BANK OF AMERICA** | ) |
| | ) |
| **Defendant** | ) |

### SECOND AMENDED COMPLAINT

COMES NOW Plaintiff, George Banks, by and through undersigned counsel, and files this Second Amended Complaint for damages against Defendant, Bank of America.

### JURISDICTION AND VENUE

1.      Jurisdiction of the Court is invoked pursuant to the court's jurisdiction over the state law claims and under D.C. Code §11-921 (1981). Venue is proper within the jurisdiction of the District of Columbia as the alleged events occurred in the District of Columbia.

### PARTIES

2.      Plaintiff, George Banks ("Banks"), is a citizen and resident of the District of Columbia. He is a licensed private detective and President-CEO and owner of Sentry Security International.  Mr. Banks brings this action in both his corporate and individual capacities, to wit, as President and CEO of Sentry Security International.

3.      Plaintiff Sentry Security International, Inc. (SSI), is a domestic business corporation owned by Plaintiff Banks, in good standing, duly organized under the laws of

the District of Columbia on July 13, 1999.   The registered agent of SSI is Plaintiff

Banks.

4.      Defendant, Bank of America ("BOA) is a business operation in the District of

Columbia. The BOA branch at issue here is located at 1835 Columbia Road, NW,

Washington, D.C. 20005.

## FACTS COMMON TO ALL COUNTS

5.      On June 15, 2002, Banks entered the above described BOA branch where he

maintained both a company payroll account and a checking account.

6.      Banks approached the teller, a Hispanic woman, to complete several transactions

involving his accounts.

7.      The teller asked Banks to produce two (2) forms of identification, including his

driver's license, to which Banks complied.

8.      The teller had authority to complete a transaction up to $750- when a depositor

could not produce two forms of identification. After producing two forms of his

identification, which accurately depicted Plaintiff photographically, the teller began to

study them and thus determined that they were satisfactory. She then proceeded to

complete the transaction.

9.      Subsequently, an Hispanic if not white supervisor intervened and engaged in a

side conversation with Banks, examined his credentials, asked no questions, and then

immediately and rudely refused to complete the transaction, stating that Plaintiff Banks

"did not look like he owned the business." The transaction was then reversed and the

tellers refused to complete Banks' transaction.

10.     Notwithstanding Plaintiff's depositor relationships with the Bank and compliance

with the request to produce his two (2) forms of identification, Defendant's agents (two tellers) refused to conduct a standard business transaction with him.

11.    Upon Banks' protest of the tellers' actions, the BOA branch manager, an Hispanic male, intervened but took no steps to examine or verify Plaintiff's identification. He admitted that the two (2) forms of identification provided by the Plaintiff were acceptable.

12.    Instead of proceeding with the previously approved transaction, the branch manager directed its security to "get him out of here," pursuant to which a BOA security guard and DC police officer forcefully detained Banks.

13.    After being handcuffed, Banks was required to wait outside of the bank in public view for nearly one hour.

14.    Plaintiff was arrested and taken to the Third Police District, where he was charged with disorderly conduct and detained for four (4) hours.

15.    Plaintiff, who had never before been arrested, was embarrassed, humiliated, frustrated and treated inappropriately.

16.    After his release, Plaintiff was taken by the police to George Washington University Hospital, but opted to be seen by his own physician.

17.    A criminal hearing in this matter took place in D.C. Superior Court for July 23, 2002, at which time the U.S. Attorney's Office dismissed all charges against Banks.

18.    The BOA's failure to complete Banks's transaction, as well as BOA's conduct in causing Banks's arrest and the imposition of criminal charges were caused by BOA's

intentional and grossly negligent treatment of Banks, a BOA customer. Said treatment was based on Banks's race and ratified by Bank Management. BOA's actions herein were malicious, willful and evil.

## COUNT I

## VIOLATION OF CIVIL RIGHTS, 42 U.S.C. SECTION 1981

19.    Plaintiffs incorporate by reference all the allegations in paragraphs 1 through 18.

20.    Plaintiffs Banks and SSI further allege that the Defendant interfered with the enjoyment of their contract rights and benefits, Plaintiff SSI's rights as customer and Plaintiff Bank's rights as intended third-party beneficiary, by imposing a different and greater standard upon Plaintiff SSI as a depositor than thowse imposed upon other non-Black American corporations.

21.    As a direct and proximate result of Defendant's actions, Plaintiff Banks suffered physical injury, embarrassment, humiliation, loss of liberty, loss of reputation, loss of self-esteem and mental anguish while the good business name of Plaintiff SSI was also damaged.

**WHEREFORE,** Plaintiffs respectfully prays this Honorable Court enters:

(a) Judgment against Defendant for compensatory damages in an amount in excess of two hundred and fifty thousand dollars ($250,000);

(b) Judgment against Defendant for punitive damages in an amount in excess of two hundred and fifty thousand dollars ($250,000).

(c) Judgment against Defendant for reasonable attorney's fees, cost and such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial as to all issues.

Respectfully submitted,

_____/s/_____

Donald M. Temple # 408749
1229 15th Street, NW
Washington, D.C. 20005
(202) 628-1101
Attorney for Plaintiff s