UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GEORGE BANKS, | ) |
| Plaintiff, | ) Case No. 05-CV-01688-HHK |
| v. | ) |
| BANK OF AMERICA, N.A., | ) |
| Defendant. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PLAINTIFF''S TREATING MEDICAL PHYSICIAN DR. CEDRIC POKU-DANKWAH**

COMES NOW Plaintiff George Banks, by and through the undersigned counsel, and respectfully moves this Honorable Court for an order denying Defendant's Motion in Limine to Exclude Testimony of Plaintiff's treating physician , Dr. Cedric Poku-Dankwah Relating to any Damages Claimed by Plaintiff. Reasons in support of this motion are more fully set forth in the accompanying Memorandum of Points and Authorities, which is incorporated herein by reference.

Respectfully submitted,

_____/s/_____
Donald M. Temple, Esq. (#408749)
1229 15th Street, NW
Washington, DC 20005
(202) 628-1101 Phone
(202) 628-1149 Fax
dtemplelaw@aol.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE BANKS,            )<br>                          )<br>     Plaintiff,      )<br>                          )<br>v.                        )<br>                          )<br>BANK OF AMERICA, N.A.,    )<br>                          )<br>     Defendant.    )<br>_____) | Case No. 05-CV-01688-HHK |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PLAINTIFF'S TREATING PHYSICIAN DOCTOR CEDRIC POKU-DANKWAH**

Defendant seeks to exclude testimony of Plaintiff's physician regarding his treatment of Plaintiff on grounds that Plaintiff may have suffered physical harm exclusively from the off duty police officer involved in the arrest of Plaintiff on June 15, 2002. Defendant significantly relies upon this court's Memorandum Order partially granting Defendant's summary judgment. Therein, at footnote 6, the court opines that "Although not entirely clear, it appears that Banks' alleged harm is the harm arising from his arrest by the MPD officer."

In this regard, Defendant's security guard (Mr. Wrice), deposition testimony is instructive. Wrice testified that Plaintiff allegedly swung at him and he admittedly physically grabbed plaintiff around his head in a headlock:

> A. I am the officer on the site, so when I stepped over, I reached over ad I tried to tap Mr. Banks on the shoulder. I said Mr. Banks, you have to leave. He came up and he came up from when I approached him with this hand, he

2

came up with—he swung his arm up at me. Um when he swung at e, I came around him and I interlocked his head. Wrice dep. at 24:2-8.

Wrice added:

Q. Who got up and came to the side and asked you to remove him?

A. Mr. Jordan.

Q. Who was—you stated that Mr. Banks was still being verbal with the police officer?

A. Yes.

Q. But tell me where the police officer was while Mr. Banks was being verbal with the police officer?

A. He was still standing out by the placement pole about 6, 7 feet away from him.

Q. When Mr. Jordan said he could not do anything with Mr. Banks because he was irate. He asked me to remove him from the bank.

Q. What did you do at that point?

A. ….I said sir you will have to leave the bank. That is when he came up because I did not pull him out of the chair. He came up at me. When me (sic) came up at me, I brought my arm around him and I put him in an interlock.

….

Q. Okay

A. And the MPD officer came up with the handcuffs and got the handcuffs out of my gun belt and we handcuffed him up in the air because he had started struggling. He rocked me back in the cubical and when he rocked me on the

3

cubicle, I pushed him forward and the MPD office came around and got his arm (indicating ) indicating handcuffed in front because he was struggling, fighting back. Wrice Dep. 28-29.

Wrice also assisted the officer in pulling Banks out of the bank:

Q. How were you pulling Banks out of the bank?

A. The MPD officer had his arm or had his hand on Mr. Banks' arm holding him. I had my hand on his other arm and we are both escorting him out at the same time ….. Id. at 35:6-9.

To the extent that Plaintiff was injured as a result of the manager's directive to the bank's security guard, by the guard's own admission, he used significant force against Plaintiff in interlocking his head and forcefully arresting him, along with the police officer. Therefore, Plaintiff's claims of physical and emotional harm against the bank should remain viable. Accordingly, Plaintiff should be able to call his physician in support of these claims. Counsel notes that it intends to request modification of the parties Joint Pretrial Statement in view of this testimony to once again add Plaintiff's treating physician as a witness in its case in chief and its medical records as exhibits.

**WHEREFORE**, Plaintiff requests that this Honorable Court deny Defendant's Motion in Limine to Exclude Testimony of any medical professional related to his treatment for physical harm caused during the arrest, and any medical documentation related thereto.

                        Respectfully submitted,
                        _____/s/_____
                        Donald M. Temple, Esq. (#408749)
                        1229 15th Street, NW
                        Washington, DC 20005
                        (202) 628-1101 Phone
                        (202) 628-1149 Fax
                        dtemplelaw@aol.com