UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GEORGE BANKS** | ) |
| | ) |
| **Plaintiff,** | ) Civil Action No.: 05-CV-01688 |
| | ) Judge: Henry Kennedy |
| v. | ) |
| | ) |
| **BANK OF AMERICA** | ) |
| | ) |
| **Defendant** | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ANY CONTRACT OTHER THAN THE CONTRACT ASSOCIATED WITH THE BUSINESS BANK
ACCOUNTS AT ISSUE IN THIS CASE**

**Comes Now** Plaintiff, George Banks, by and through undersigned counsel, and hereby opposes Defendant's Motion in Limine to Exclude Evidence of Any Contract other than the Contract Associated with the Business Bank Accounts at Issue in this Case and for cause states the following:

Plaintiff argues that based on Fed.R.Civ.P. 8, "pleadings must be construed so as to do justice." Fed.R.Civ.P.8(e).  Based on Rule 8, it is reasonable to conclude that since Plaintiff was the owner of Sentry Security International, Plaintiff was of necessity acting in both his personal and business capacity when he engaged in the business transaction eventually and inexplicably derailed by Defendant.

The record herein supports Plaintiff in this regard.  It is undisputed that "on June 15, 2002, Plaintiff sought to withdraw $1,000.00 from one of [his business accounts], deposit $700.00 into a second SSI account, and keeping $300 for himself." *Banks v. Bank of America*, N.A. 505 F.Supp.2d 159(2007) as quoted in Defendant's Motion in Limine to Exclude Evidence of Any Contract Other than the Contract Associated with the Business

Bank Accounts at Issue in this Case, p.2. Plaintiff initially acted as an agent of the corporation when, in his corporate capacity as President and CEO, he attempted to withdraw funds from one business account and deposit funds into a second business account. Plaintiff then acted in his personal capacity as an intended third-party beneficiary of the contract between SSI and Defendant when he sought to deposit funds in his pocket. However, Defendant's racially motivated actions prevented and precluded Plaintiff from enjoying the benefits he was due as a third party beneficiary in his individual capacity. When Defendant breached its contract with SSI, Defendant blatantly violated the rights of SSI and Plaintiff guaranteed by §1981.

Defendant correctly articulates the prohibition of discrimination set forth in §1981. Defendant makes a plausible argument in reliance upon *Domino's v. McDonald*, 546 U.S. 470 (2006), which affirm the general principle that §1981 protects "the equal right of all persons within the jurisdiction of the United States to "make and enforce contracts" without respect to race, thus denying the right to mere agents. However, Defendant's conclusion as to Plaintiff Banks must necessarily fail to the extent Defendant fails to articulate the Court's position in *Domino's* as to the §1981 rights of a third party intended beneficiary of a contract.

The Domino's Court was very careful to distinguish contracts "under which the plaintiff has rights" from contracts "to which the plaintiff is a party" because:

> *[W]e do not mean to exclude the possibility that a third-party intended beneficiary of a contract may have rights under §1981.* See e.g., 2 Restatement (Second) of Contracts §304, p. 448 (1979) ("A promise in a contract creates a duty in the promisor to any intended beneficiary to perform the promise, and the intended beneficiary may enforce the duty"). Neither do we mean to affirm that possibility….The issue is not before us here, McDonald having made no such claim.

*Domino's, supra*, FN3 at 476 (emphasis added).

Plaintiff Banks, in his individual capacity, made this claim as an intended beneficiary in his Amended Complaint, at ¶¶ 21,22, where he alleged "Defendant interfered with the enjoyment of his contract rights and benefits, as well as his rights as a customer, by imposing a different and greater standard upon him as a depositor that that imposed upon other non-Black Americans."  Plaintiff Banks of necessity acted in both capacities, first as an officer of SSI, authorized to deposit and withdraw funds on behalf of SSI.  He then acted in the role of third-party beneficiary when he sought to retain $300 of the funds for his personal benefit, i.e., in his individual capacity.[1]  But when Defendant refused to conclude the transaction, Defendant violated the §1981 rights of both Plaintiff Banks and SSI.

That SSI takes on the racial characteristic of its ownership is indisputable. Plaintiff Banks is the sole-owner of SSI.   "[I]n instance where corporation was owned and controlled by members of one ethnic group, it comported with justice to conclude that such corporation could be target of discriminatory animus."  *Florence Urgent Care v Healthspan, Inc*., 445 F.Supp.2d 871,877 (S.D. Ohio 2006) quoting *City of Richmond v J.A. Croson Co*., 488 U.S. 469 (1989)(the high court implicitly recognized that corporations can have racial characteristics by allowing white-owned corporation to bring a reverse discrimination challenge).

That SSI has standing to bring a 1981 action is also set in precedent.  *Thinket Ink Information Resources, Inc., v. Sun Microsystems, Inc.,* 368 F.3d 1053 (9th Cir. 2004)

---

[1]  That Plaintiff Banks acted in his individual capacity is further supported by the fact that Defendant required Mr. Banks to produce two forms of personal identification, issued him by the state.

(corporation has standing to assert Section 1981 claims where corporations shareholders are all African American).  It would stand to reason then that Plaintiff SSI, in taking on the racial characteristic of its sole owner Plaintiff Banks, has standing to assert a 1981 claim and that any contracts between Plaintiff SSI and Defendant would be admissible as evidence in this matter.  As a matter of law, any breach of said contracts motivated by the impermissible animus of race such as the actions complained of in this matter, may indeed give rise to an actionable claim upon which a reasonable jury could award damages to both Plaintiffs.

      Thus, Plaintiff Banks even date herewith, filed for Leave to File a Second Amended Complaint that: (1) includes SSI as a plaintiff and (2) states: "Mr. Banks brings this action in both his individual capacity and in his capacity as President and CEO of Sentry Security International."

      Respectfully submitted,

\_\_\_\_/S/_____
Donald M. Temple # 408749
1229 15th Street, NW
Washington, D.C. 20005
(202) 628-1101
(202) 628-1149 facsimile
Attorney for Plaintiff