**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GEORGE BANKS,                         *

         Plaintiff,                *

v.                                *      Case No. 05-CV-01688-HHK

BANK OF AMERICA, N.A.,        *

         Defendant.        *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**OPPOSITION TO PLAINTIFF'S MOTION**
**FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant, Bank of America, N.A. (hereinafter, "BOA"), by and through its undersigned attorneys, hereby files this Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint and states as follows:

**I.     INTRODUCTION**

The Scheduling Order in this case was entered on January 18, 2006.  It provided that the deadline for adjoining additional parties was March 14, 2006.  Discovery closed on December 1, 2006, dispositive motions were subsequently filed and the parties are now preparing for trial on April 7, 2008.  Although Plaintiff was well aware of the statutory requirements, the pertinent case law, and the parties in interest in this case, Plaintiff failed to name the appropriate party in his original and amended his complaints.  For this reason, as well as Plaintiff's bad faith and dilatory motives, his repeated failure to cure any problems with his claims by an amendment previously allowed, the undue delay and undue prejudice that would result to BOA, and the futility of Plaintiff's proposed amendment, Plaintiff's Motion for Leave to File a Second Amended Complaint should be denied.

## II.    BACKGROUND

On January 18, 2006, this Court entered a scheduling order setting the deadline for joining additional parties for March 14, 2006 and the discovery deadline for July 1, 2006. However, due to the fact that Plaintiff failed to adequately respond to discovery, this Court, in light of BOA's Motion to Compel, ultimately extended the discovery deadline through December 1, 2006.  In August 2006, prior to the discovery deadline, Plaintiff moved and was granted leave to file an Amended Complaint.  The Amended Complaint added counts for gross negligence and negligent training and supervision, which this Court ultimately dismissed, along with Plaintiff's negligence claim, on September 6, 2007 in its ruling on BOA's Motion for Summary Judgment.

In preparation for the trial in this case, currently set to commence on April 7, 2008, BOA filed a Motion in Limine on March 20, 2008 (paper no. 49) establishing that because the contract Plaintiff seeks to "make and enforce" under his § 1981 claim is not his own contract, but rather his company's contract with BOA for the business accounts at issue, Plaintiff could not pursue his § 1981 claim in his personal capacity.  Notably, Plaintiff concedes that his company, Sentry Security International, Inc. ("SSI") should be a party to this action and moved, exactly two weeks before trial, to amend his complaint to join SSI.  (paper no. 56).  Despite Plaintiff's conclusory statements that he should be permitted to amend his complaint, this case is a "textbook" case illustrating one of the few times when an amendment to a pleading should not be "freely given."

## III.    ARGUMENT

Federal Rule of Civil Procedure 15(a) allows from amendments to pleadings. Specifically, the party may amend its complaint "once as a matter of course: (a) before being served with a responsive pleading; or (b) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar."  Fed. R. Civ. Proc.

15(a)(1).  However, all other amendments require the opposing party's consent or leave of court.
Rule 15 does provide that "the court should freely give leave when justice so requires."  15(a)(2).
Not surprisingly, the case law demonstrates that the decision to grant or deny a party's request to
amend its complaint rests within the sound discretion of the District Court.  *Foman v. Davis,* 371
U.S. 178, 182, 83 S.Ct. 227 (1962); *Adair v. Johnson*, 216 F.R.D. 183, 186 (D.D.C. 2003), citing
*Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  However, the Supreme Court has
provided the courts with several factors to consider in determining whether leave to amend
should be granted.  *Id.*  Those factors are as follows:

> undue delay, bad faith or dilatory motive on the part of the movant, repeated
> failure to cure deficiencies by amendments previously allowed, undue
> prejudice to the opposing party by virtue of the allowance of the
> amendment, futility of amendment, etc.

*Id.*; *see Lover*, __ F.R.D. __, 2008 WL 555461, at \*3 (D.D.C. Mar. 3, 2008) (Kennedy, J.).  This
Court utilizes the analysis set forth in *Foman* in determining whether to grant or deny motions
for leave to amend.  *See, e.g., Lover v. District of Columbia, supra; Nwachukwu v. Karl*, 222
F.R.D. 208, 211 (D.D.C. 2004); *Hoffmann v. United States*, 266 F.Supp.2d 27, 32 (D.D.C. 2003)
(Kennedy, J.); *Adair*, 216 F.R.D. at 186; *Zandford v. Nat. Ass'n of Securities Dealers, Inc.*, 19
F.Supp.2d 4, 9 (D.D.C. 1998); *Societe Liz, S.A. v. Charles of the Ritz Group, Ltd.,* 118 F.R.D. 2,
4 (D.D.C. 1987).

Indeed, "the non-moving party generally bears the burden in persuading the court to deny
leave to amend." *Lover*, ___F.R.D.___, 2008 WL 555461, at \*3, *citing Nwachukwu*, 222 F.R.D.
at 211.  Although the general rule is to freely grant amendments, this Court has considered and
denied numerous motions for leave to amend complaints based upon a review of the *Foman*
factors and other decisions of the Court.  *See, e.g., Doe v. McMillan*, 566 F.2d 713, 720 (D.C.
Cir. 1977), *cert. denied*, 435 U.S. 969, 98 S.Ct. 1607, 56 L.Ed.2d 59 (1978) (upheld district

court's denial of appellant's motion for leave to amend to add new party and new allegations three years after complaint filed causing undue delay); *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 248 (D.C. Cir. 1987) (affirming district court's denial of motion for leave to amend filed 7 years after initial complaint, additional discovery would be necessary causing significant delay); *Wilderness Society v. Griles*, 824 F.2d 4, 19 (D.C. Cir. 1987) (affirming district court's denial of motion for leave to amend where case pending over a year and dispositive motions had been filed and opposed); *Hoffmann v. United States*, 266 F.Supp.2d 27, 32 (D.D.C. 2003) (leave to amend denied due to undue delay, undue prejudice and bad faith); *City of Williams v. Dombeck,* 203 F.R.D. 10, 11-12 (D.D.C. 2001); *Zandford v. Nat. Ass'n of Securities Dealers, Inc.*, 19 F.Supp.2d 4 (D.D.C. 1998) (leave to amend denied on grounds of undue prejudice, undue delay and futility); *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996) (affirming district court's denial of motion for leave to amend on grounds of futility and undue prejudice); *Societe Liz, S.A. v. Charles of the Ritz Group, Ltd.,* 118 F.R.D. 2 (D.D.C. 1987) (leave to amend denied on grounds of undue prejudice and undue delay).

Thus, BOA will review and address each of the *Foman* factors in support of its Opposition to Plaintiff's Motion to for Leave to File Second Amended Complaint.

### A. Absence of Adequate Reason for Granting Amendment "When Justice So Requires".

Pursuant to Fed. R. Civ. Proc. 15(a)(2), the "court should freely give leave when justice so requires." However, most courts first consider the movant's reason for any delay in seeking an amendment. *See Doe*, 566 F.2d at 720 (motion for leave to amend denied in part because there was "no sound reason for the appellants' failure to seek amendment earlier."). In his motion for leave to amend, Plaintiff fails to provide an adequate or even reasoned explanation as

to why he has waited until 14 days before the trial to seek to amend his complaint for the second time.

In the memorandum in support of motion for leave to amend (hereinafter, the "Motion"), Plaintiff argues that he "now seeks leave to amend his complaint by including his company [SSI] as a plaintiff and by clarifying the capacity in which he brings this action." Motion, p. 2. Plaintiff further alleges that he "was of necessity acting as an intended third party beneficiary" when he attempted to make a bank transaction using SSI accounts and that he "seeks to expressly state that he acted in his personal capacity as well as in his the capacity of President and CEO of [SSI]." *Id.* This explanation is convoluted and is simply unsupported by the record in this case. In fact, the record is plain that only after BOA filed its Motion in Limine demonstrating that Plaintiff cannot pursue his § 1981 claim in his personal capacity because the contract he sought to make and enforce is clearly not his own, did Plaintiff immediately move (after midnight on the day after Plaintiff's opposition to BOA's motion in limine was due) to amend his complaint.

Plaintiff has completely failed to adequately explain why, when he was granted leave to amend his complaint in August 2006, he did not add or substitute the proper party to this action before now. Plaintiff has admitted that the facts of this case have not changed since this case was originally filed. For example, Plaintiff's original complaint alleges that Mr. Banks was making a banking transaction involving company accounts. Complaint, ¶ 4. Plaintiff's Motion also readily admits that the "record" supports that Plaintiff has, from the start, alleged that the transactions he attempted to make in June 2002 involved his company's accounts. Thus, Plaintiff has been in possession of all necessary and pertinent facts since the commencement of his case to properly plead a cause of action on behalf of SSI, yet he waited until two weeks before trial to move to amend his complaint.

Finally, the Supreme Court's holding in *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479 126 S. Ct. 1246 (2006) that an officer of a company has no rights or liabilities under a company contract and, thus, cannot assert an individual claim for a violation of §1981 under a company contract was decided in February of 2006. While there are other cases from various circuits that held similarly prior to the Supreme Court's decision in *Domino's Pizza*, including a case from this Circuit, *see, e.g.*, *Gersman v. Group Health Ass'n, Inc.,* 931 F.2d 1565, 1573 (D.C. Cir. 1991), *vacated on other grounds,* 502 U.S. 1068, 112 S.Ct. 960, 117 L.Ed.2d 127, *but original opinion adopted on remand,* 975 F.2d 886 (D.C. Cir. 1992), *cert. denied,* 511 U.S. 1068, 114 S.Ct. 1642, 128 L.Ed.2d 363 (1994), at a minimum, Plaintiff should have been cognizant of the legal implications raised by the *Domino's Pizza* case and earlier case law cited above.

As further discussed below, Plaintiff cannot offer any valid reason why he could not have either filed his original complaint on behalf of the proper party or, added SSI as a party at the time he amended his complaint back in August 2006.

### B.     Undue Delay.

Another of the *Foman* factors for this Court to consider is undue delay. In *Atchinson*, this Court held that "*Foman* and our case law also make clear that undue delay is a sufficient reason for denying leave to amend." 73 F.3d at 426, *citing Foman*, 371 U.S. at 182, 83 S.Ct. at 230 and *Doe*, 566 F.2d at 720. This Court has denied and the U.S. Court of Appeals for the D.C. Circuit has upheld numerous motions for leave to amend when one factor is undue delay. *See, e.g., Lover, Hoffmann, Atchinson, Societe Liz, Williamsburg Wax Museum, supra, pp. 3-4.* BOA submits that allowing Plaintiff to amend his complaint again two weeks before the trial would cause undue delay in this case for all of the following reasons:

This case has been pending since 2005. Discovery has concluded and this case is set to go to trial in less than two weeks on April 7, 2008. BOA has been actively preparing for trial. If Plaintiff is allowed to add SSI as a party plaintiff, discovery would have to be reopened, creating a substantial and undue delay of this case. This Court has "previously given weight to whether amendment of a complaint would require additional discovery." *Atchinson*, 73 F.3d at 426, *citing Williamsburg Wax Museum*, 810 F.2d at 247-48 (affirming a district court's denial of leave to amend, over seven years after the filing of the initial complaint, where new discovery would be necessary).

BOA has had no opportunity to explore the basis for SSI's claims and damages sustained. Plaintiff represented to this Court in his Motion for Leave to Amend that "Defendant has already conducted thorough discovery with regards to both Banks and SSI." Motion, p. 4. However, this representation is completely inaccurate. In fact, BOA has had no ability in discovery to determine the basis for and the amount of SSI's potential claims and damages. At deposition, Plaintiff Banks could not quantify or explain any of his damages and gave no testimony regarding any damages suffered by his company, SSI as a result of the incident. Moreover, in response to BOA's request for supplementation of Plaintiff's discovery responses regarding damages, Plaintiff's counsel sent <u>two</u> letters to counsel for BOA which clearly document Plaintiff's position that his damages ***did not include any "economic losses*.***" *See* Letters dated July 21, 2006 and October 5, 2006 from D. Temple to T. Frederick, attached as **Exhibits A and B**, respectively. The July 21, 2006 letter provides, in pertinent part,

> To your concern regarding the actual damages, we responded that they would not entail economic losses. Out client's losses include his expenses for hospital and doctor's visits, and psychological counseling costs he has incurred as a result of harm he suffered in the incident of June 15, 2002.

Exh. A.  The October 5, 2006 letter confirms Plaintiff's decision to not pursue economic losses in this case:

> Regarding our client's damages, I stated, following the depositions of Roxanna Fuentes and Valentina Elebesunu, that our client would not be claiming economic losses in his damages.  I stated the same in our response letter to you on July 21, 2006.

Exh. B.  In light of and in reliance on the forgoing correspondence, BOA did not "conduct thorough discovery with regards to … SSI" as proffered to this Court by Plaintiff.  Plaintiff's contention to the contrary is simply disingenuous.  The attached letters are evidence of Plaintiff's intention not to pursue damages relating to SSI.  Based upon Plaintiff's clear representations that he would not pursue economic damages, BOA abandoned the pursuit of discovery on this issue.

For these reasons, if this Court allows the amendment, this case would be unduly delayed as discovery would need to be reopened for discovery on the basis of SSI's claims and damages.  In addition, BOA would need additional time to find and designate an expert to rebut any damage claims made by SSI.  Finally, the trial date would have to be postponed.  This, in and of itself, prejudices BOA in that it has spent a considerable amount of time, attorneys' fees and effort to bring this case to conclusion.  BOA filed a substantive dispositive motion and reply and has within the last two weeks, prepared joint jury instructions, voir dire, a pretrial statement, has researched and filed three motions in limine, and is preparing its witnesses for trial.  For all the reasons set forth above, BOA submits that allowing an amendment to the complaint at this stage in the litigation would cause substantial undue delay of this case.

## C.    Bad Faith or Dilatory Motive on the Part of the Movant.

A party's bad faith or dilatory motive is another factor to consider when determining whether to grant or deny a motion for leave to amend.  This Honorable Court has held that "it is fairly well established that denying leave to amend is particularly appropriate when a lawsuit is

on the verge of final resolution." *Hoffmann*, 266 F.Supp.2d at 34, citing *Wardell v. City of Chicago*, 2001 WL 849536, at 4 (N.D. Ill. 2001) (internal citations omitted). Moreover, pertinent to the issues in this case *sub judice*, "a plaintiff, quite simply, cannot be permitted to circumvent the effects of summary judgment by amending the complaint every time a termination of the action threatens." *Id.*, citing *Glesenkamp v. Nationwide Mutual Ins. Co.,* 71 F.R.D. 1, 4 (N.D. Cal. 1974), a*ff'd per curiam*, 540 F.2d 458 (9th Cir. 1976); *accord Local 472 of United Ass'n of Journeymen & Apprentices v. Georgia Power Co.,* 684 F.2d 721, 724-25 (11th Cir. 1982)(no abuse of discretion to deny motion to amend that "appears to be nothing more than an effort to avoid an adverse summary judgment ruling").

 In this case, it is clear that Plaintiff's motion is nothing more that an attempt to salvage his ill-pled case. In *Hoffmann*, this Honorable Court denied a motion for leave to amend for bad faith, as well as undue delay and undue prejudice. 266 F.Supp.2d at 34-35. In finding evidence of bad faith, this Court explained that plaintiffs "by their own admission … had in their possession all the facts necessary to amend their complaint" for 6 years but "without explanation for the delay, advance the claims here for the first time." *Id.* at 34.

 In his Motion, Plaintiff summarily concludes, without any support, that the amendment is not motivated by bad faith or a dilatory motive…" Motion, p. 4. He further fails to give any reason for the delay in moving to amend his complaint or why he did not add SSI in September 2006 when this Court granted him leave to amend. The record and facts presented in this case demonstrate Plaintiff's bad faith and dilatory motive in moving to amend his complaint for a second time two weeks before trial. Those facts include:

  (1) Plaintiff has been in possession of all necessary facts since before the initial filing of his complaint;

(2)    Plaintiff has already been given leave and has filed an amended complaint in September 2006 in which he could have added SSI as a party;

(3)    In 2006, the *Domino's Pizza* case was decided (546 U.S. 470), which case made it abundantly clear that under §1981 a plaintiff cannot pursue a claim in his individual capacity when the contract sought to be made and enforced was a company contract.  This decision, as well as similar cases decided before it in various circuits, was prior to Plaintiff's filing of his first amended complaint;

(4)    Plaintiff only moved to amend his complaint for a second time after BOA filed its Motion in Limine highlighting the fatal flaw in Plaintiff's §1981 claim, to wit: Banks does not have a recognized claim under § 1981 for BOA's alleged breach of a contract under which he is not a party; Plaintiff is merely attempting to circumvent the effects of a judgment in favor of BOA;

(5)    Plaintiff cannot establish a prima facie case of discrimination under § 1981 because he is not a party to his company's deposit agreement with BOA and because his prior complaints and amended complaints still fail to identify the specific contact between himself and BOA.

Given the fact that SSI's business as opposed to personal accounts were at issue in this case, Plaintiff and his counsel clearly had knowledge prior to filing their motion to amend that Plaintiff cannot state a claim under § 1981, as made clear in *Domino's Pizza*.[1]  Indeed, Plaintiff and his counsel should have been well aware that Plaintiff was not the proper party to this case based upon a plain reading of §1981.

All of the reasons stated above demonstrate Plaintiff's bad faith and/or a dilatory motive in moving to amend his complaint just two weeks before trial.

---

[1] Notably, Plaintiff's counsel acknowledged to undersigned counsel on the morning of March 25, 2008, that he was aware of the *Domino's* case and "has had this issue before in a case in front of Judge Robinson" in this Court.  Plaintiff's counsel must have been aware then that it is critical under a § 1981 claim that the party must allege the existence of a contract to which he has the right to make and enforce and that a corporate officer cannot make a claim in his individual capacity when the contract is with the corporation.  Despite this prior knowledge, Plaintiff did not move to amend his pleadings until two weeks before to trial and only after BOA filed its motion in limine highlighting the fatal flaws in Plaintiff's action.

### D.    Repeated Failure to Cure Deficiencies by Amendments Previously Allowed.

As stated above, Plaintiff was previously allowed to amend his complaint in September 2006. Plaintiff, in fact, amended his complaint and added two new claims. Similar to his original complaint, Plaintiff's amended complaint alleges that the bank accounts involved in the disputed transaction were SSI's business accounts, not personal bank accounts held by Plaintiff. Nevertheless, Plaintiff failed to add or substitute SSI as a Plaintiff in this case when he amended his pleadings. Incorporating the arguments made above, Plaintiff was aware of the pertinent facts at the time the complaint was filed <u>and</u> at the time the amended complaint was filed. See Complaint, Amended Complaint and proposed second amended complaint. If nothing else, the *Domino's* case clarified the "make and enforce contracts" clause of § 1981, giving Plaintiff further notice that based upon the facts of his case, he cannot bring a claim in his individual capacity against BOA because the contract sought to be enforced was BOA's deposit agreement with SSI—not Plaintiff.

Finally, and perhaps most importantly, in spite of everything, Plaintiff only moved to amend his complaint to add SSI as a party after and because BOA raised the issue in its motion in limine. Contrary to the arguments made in Plaintiffs' motion for leave to amend, amending the complaint to add SSI as a party is not to resolve a simple "inference." Plaintiff has made a fatal flaw in his pleading, which should result in the dismissal of this case. Plaintiff has had three years to properly plead his claims, but has repeatedly failed to do so.

### E.    Undue Prejudice to the Opposing Party.

As illustrated above, BOA will most certainly suffer undue prejudice by virtue of the allowance of such an amendment to the complaint. Although the general rule is to freely grant amendments to pleadings, this Court, as well as others, has sustained the denial of requests to

amend complaints based upon undue prejudice, and other factors illustrated by the Supreme

Court in *Foman*. *See, e.g., Lover*, ___F.R.D.___, 2008 WL 555461, at *6 (amendment would

prejudice defendants by expanding the scope of the case, require additional discovery and delay

resolution of case); *Hoffmann*, 266 F.Supp.2d at 33-34 (undue prejudice would result in

significant delay of resolution of case where case pending for long time and additional discovery

would be required); *City of Williams,* 203 F.R.D. at 11-12; *Zandford,* 19 F.Supp.2d at 9; *Societe

Liz*, 118 F.R.D. at 5 (adding new parties at close of discovery would require additional discovery

and delay trial). *See also Atchinson*, 73 F.3d at 427 (prejudice would result from long delay in

seeking leave to amend where motion for leave made orally on first day of trial); *Williamsburg

Wax Museum*, 810 F.2d at 247-48 (amendment to complaint would result in prejudice when case

pending for several years, parties had conducted extensive discovery, plaintiff had abundant

opportunity to raise new issues, district court granted summary judgment motion and plaintiff

"offered no explanation for its tardiness.");

Parallel to this case *sub judice*, in *Lover v. District of Columbia*, this Court found that the

"joinder of new parties would undoubtedly necessitate further extensions of the discovery

deadline and would delay the ultimate resolution of this litigation . . . [and] that the Defendants

had met their burden of demonstrating that they would be unduly prejudiced by Plaintiff's

proposed second amended complaint." *Id., citing Nwachukwu*, 222 F.R.D. at 211. In the *Lover*

case, discovery had not even closed but the deadline was near. Here, as previously stated, the

discovery deadline was December 1, 2006 and has long since passed; and, like the plaintiff in

*Lover*, Plaintiff has already been given leave to file and has filed a first amended complaint.

Similar decisions have been made in cases in other jurisdictions. For instance, the Fourth

Circuit in *Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. (Md.) 1999) held,

an amendment of the pleadings only two weeks before trial would have improperly allowed Plaintiffs to alter their case to the unfair prejudice of Gallerizzo. The District Court previously permitted the Chaudhry's to file a second amended complaint. At that time, Plaintiff's could have included the claims they later tried to add. Given the broad discretion afforded the District Court in determining the appropriateness of allowing amendments to pleadings, the fact that Plaintiffs had been allowed to amend their complaint previously and the close proximity of the third request to the commencement of trial, we find no error in the Court's decision to deny the request.

174 F.3d at 404.

Similarly, in *Flax v. Schertler*, 935 A.2d 1091 (D.C. 2007), the District of Columbia Court of Appeals affirmed the trial court's denial of the appellant's motion to amend her complaint. The court noted that the case had been pending for two years and that discovery had already closed when the appellant moved to amend to add new claims. Allowing the new claims would have required not only the reopening of discovery, but a delay in the scheduled trial date. The court held that "a court does not abuse its discretion in considering the likelihood of delay as a factor disfavoring leave to make a successive amendment to a complaint, because delay 'prejudices is not only the defendant but also the ability of other persons … to utilize the [judicial] system.'" *Id.* at 1106, *citing Perry v. Sera,* 623 A.2d 1210, 1219 (D.C. 1993). In addition, the court noted that the appellant proffered no reason why her first amended complaint could not have included the new claims that she sought to add. *Id.* at 1105.

In another similar case, *Pannell v. District of Columbia*, 829 A.2d 474 (D.C. App. 2003), the appellant moved for leave to amend his complaint three days before his trial was scheduled to begin and more than two years after the complaint was filed. He sought to add a new count based on facts known to him at least a year before he filed the motion. In that case, discovery had closed and the parties were prepared for trial. The court ruled that, "given the lateness of the motion for leave to amend and appellant's desire to amend the complaint with a count for which

there had been no discovery, we hold that the court acted well within its discretion when it denied appellant's first motion for leave to amend the complaint." *Id.* at 477, *citing Eagle Wine & Liquor Co. v. Silverberg Elec. Co.*, 402 A.2d 31, 35 (D.C. 1979).

As demonstrated above, BOA will certainly be prejudiced if this Court allows Plaintiff yet another opportunity to amend his complaint just days before the trial is set to begin. No discovery has been done with regard to the basis of SSI's claims and what, if any, damages it may have suffered. In addition, BOA has had no opportunity to determine whether it would need an expert witness testify at trial to rebut such damages. There is no dispute that the facts have not changed at all during the course of this case and that Plaintiff has always alleged that he was at BOA to transact business with regard to SSI's company bank accounts. Only when BOA filed its motion in limine did Plaintiff immediately move at 4:50 a.m. on March 25, 2008, to amend his complaint to attempt to add SSI as a party so that he could correct his fatal flaw. There is simply no other explanation given for Plaintiff's tardiness in moving to amend his complaint at an earlier time.

## F.    Futility

The last of the *Foman* factors is "futility." This Court has explained that "[a]n amendment is futile if [the new claims] would not survive a motion to dismiss or for judgment on the pleadings." *Stith v. Chadbourne & Park, LLP*, 160 F.Supp.2d 1, 6 (D.D.C. 2001). As discussed in detail below, there are numerous reasons why Plaintiff's proposed amendment would be futile.

### *1.    Statute of Limitations and Relation Back.*

Plaintiff's requested amendment to his complaint is futile because it does not relate back to the original pleading and the statute of limitations has run for SSI, the party Plaintiff seeks to

add. Federal Rule of Civil Procedure 15(c) governs Plaintiff's Motion for Leave. *Page v. Pension Benefit Guaranteed Corp.*, 130 F.R.D. 510, 511 (D.D.C. 1990). Plaintiff seeks the benefit of Rule 15(c)'s provision for retroactivity of amendments to pleadings. *See* Fed. R. Civ. Proc. 15(c). "Although the Rule, as phrased, deals only with amendments to add defendants, its requirements are relevant by analogy to amendments to add plaintiffs." *Id.* at 511, *citing Allied Intern v. International Longshoreman's Ass'n*, 814 F.2d 32, 35 (1ˢᵗ Cir. 1987), *cert. denied*, 484 U.S. 820 108; *see Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1308 (D.C. Cir. 1982); *Stoppelman v. Owens*, 580 F.Supp. 944, 946 (D.D.C. 1983) ("it is clear that the rule is applicable to amendments substituting or changing plaintiffs….")

"[I]n order for an amendment adding a party plaintiff to relate back under Rule 15(c) to the date of the original complaint, the amended complaint must state a claim which arises from the same conduct, transaction or occurrence set forth in the original pleading. ***In addition, the defendant must have had, <u>within the applicable limitations period</u>, adequate notice of the new plaintiffs, and that the original suit in affect asserted their claims as well***." *Page*, 130 F.R.D. at 511 (emphasis added).[2] As explained by the Ninth Circuit, in deciding whether an amendment relates back to the original claim, notice to the opposing party of the existence and involvement of the new plaintiff is the critical element." *Avala v. Immigration and Map Serv.*, 731 F.2d 616, 620 (9ᵗʰ Cir. 1984). Therefore, when the statute of limitations has run, the court must make a further analysis of whether claims of the party to be added will relate back to filing of the original complaint. *Page*, 130 F.R.D. at 511; *Griffin v. District of Columbia*, 1996 WL 294280, at *2 (May 29, 1996 D.D.C.) ("where a new claim is sought to be added after the statute of

---

[2] In *Page*, the Court explained that "notice to a defendant of the claims of additional plaintiffs must have two basic components in order to permit relation back: notice of the existence of their claims *and* of the involvement of the new plaintiffs in the original action." *Id., citing Leachman*, 694 F.2d at 1309 ("the touchstone… is whether the defendant knew or should have known of the existence and involvement of the new plaintiff"); *LeMasters v. K-Mart, Inc.,* 712 F.Supp. 518, 520 (E.D. La. 1989) (knowledge of potential cause of action is inadequate; plaintiff to be added must be involved in litigation).

limitations has lapsed, something more is needed than merely notice to the defendant of the conduct or occurrence that gave rise to the claim."); *Leachman*, 694 F.2d at 1308.

In *Griffin*, two of the Plaintiffs were joined as parties in an amended complaint. The defendant, District of Columbia, filed a motion to dismiss or for summary judgment against the plaintiffs, Green and Drumming, on the grounds that the statute of limitations had run on their claims. In opposition to the motion, the plaintiffs argued that those claims related back to the initial filing of the case by Mr. Griffin. Although the Court agreed that the plaintiffs met Rule 15's "conduct, transaction or occurrence" requirement, the real issue in the case pertained to notice. 1996 WL 294280 at *1. The Court explained that "in cases such as this one, where 'a new plaintiff with a new claim is sought to be added after the statute of limitations has lapsed, something more is needed than merely notice to the defendant of the conduct or occurrence that gave rise to the claim.'" *Id. at *2, citing Leachman,* 694 F.2d at 1308. The *Griffin* court explained that the District of Columbia Circuit had adopted the reasoning of the 5th Cir. and held that "not only must the adversary have had notice about the operational facts, but it must have had clear notice that a legal claim existed in and was in effect asserted by, the parties belatedly brought in." *Id., citing Leachman.*

In *Leachman*, the U.S. Court of Appeals for the District of Columbia Circuit found that a corporation wholly owned by an existing plaintiff could not be added to an action under Rule 15 after the status of limitations had run when the corporation "seeks to allege a claim for damages that, although it arises out of the same occurrence as the original claims, was not asserted by the original plaintiff in the original complaint." 694 F.2d at 1308.

In this case, the incident occurred on June 15, 2002. Plaintiff filed his complaint against BOA on June 15, 2005, exactly three (3) years after the date of the incident and the last day of

the three-year statute of limitations on this claim.  There can be no dispute that BOA was not served with Plaintiff's original complaint until July 25, 2005, which is after the statute of limitations had expired.  *See* Docket Entries on District of Columbia Superior Court Docket attached hereto as **Exhibit C** and incorporated herein by reference.  Thus, even if Plaintiff could somehow make the argument that the original complaint should have put BOA on notice of SSI as a potential Plaintiff, notice was not provided within the applicable limitations period.

Although BOA would concede that the proposed second amended complaint states a claim which arises from the same conduct, transaction or occurrence as set forth in the original proceeding, BOA did not have, **within the applicable limitations period**, adequate notice of any claim that could be asserted by the new Plaintiff, SSI.  Under *Leachman*, SSI cannot be added because the statute of limitations has run and BOA did not have "fair notice that a legal claim existed in and was in effect being asserted by [SSI ]"  694 F.2d at 1309; *see Page,* 130 F.R.D. at 511.  In the original complaint, Plaintiff filed suit in its individual capacity.  What is more, the complaint does state that Plaintiff "maintained both a company payroll account and a checking account" at BOA.  Complaint, at ¶ 4.  However, the Complaint also alleges that "Banks approached the teller, a Hispanic woman to engage in business transactions involving **his** accounts."  Thus, the complaint is unclear as to whether Plaintiff's banking transaction involved a company account and/or a personal checking account.  *See* Complaint at ¶ 4.  In addition, the count containing Plaintiff's 1981 claim states, "Plaintiff further alleges that the Defendant interfered with the enjoyment of ***his contract rights and benefits*** by imposing a different and greater standard upon him as a depositor than that imposed upon other non African-Americans."  *See* Complaint at ¶ 23.  No reference is made to SSI.

Finally, the damages alleged by Plaintiff for his §1981 claim in his original complaint are not the type of damages that can be claimed by a corporate entity.[3] Therefore, there is nothing about Plaintiff's allegations in his original complaint which would give BOA fair notice within the applicable limitations period of SSI's claims. Because Plaintiff's proposed amendment to his Complaint to add SSI does not relate back to the original complaint and the statue of limitations has run on SSI's claim, the proposed amendment to add SSI as a party is futile.

>    **2.    *Plaintiff's Allegation that he is a Third-Party Beneficiary to SSI's Contract with BOA is Subject to a Motion to Dismiss.***

Plaintiff's proposed amendment is also futile because the allegation in his proposed amended complaint that he has rights under SSI's contract with BOA as an intended third-party beneficiary has absolutely no legal foundation and is subject to a motion to dismiss.

There are several problems with Plaintiff's proposed amended pleading with regard to his intended third party beneficiary argument which demonstrate that such amendments are futile. First, in order to bring claim under the "contracts clause" of §1981, Plaintiff must identify a contract. *See* 42 U.S.C. §1982; *Domino's Pizza*, 546 U.S. at 476; BOA's Motion in Limine (paper no. 49). However, it is abundantly clear by the proposed amended complaint that such a contract is (still) not identified. Although Plaintiff alludes to the existence of contractual rights in paragraph 20 of his proposed amended complaint, he goes no further.

Second, Plaintiff's allegation that he is an "intended third-party beneficiary" of SSI's deposit agreement with BOA has no legal foundation. In his Motion, Plaintiff alleges that he was "acting as an intended third-party beneficiary in his individual capacity and as President/CEO in his business capacity." Motion, at p. 2. In his proposed amended complaint, Plaintiff alleges that "Plaintiff Banks and SSI further allege that the Defendant interfered with

---

[3] Plaintiff claimed damages for embarrassment, humiliation, loss of liberty, loss of reputation, loss of self-esteem and mental anguish. Original Complaint, ¶ 24. A corporation cannot be awarded damages for such injuries.

the enjoinment of their contractual rights and benefits, Plaintiff, SSI's rights as a customer and

Plaintiff, Banks' rights as an intended third-party beneficiary…"  Proposed Amended Complaint,

¶ 20.

In the dismissing a similar contention made by an individual in a § 1981 case, the 10th

Circuit has explained that "a contract is a stipulation *pour autrui* [for others] if it clearly reveals

that the intent of the contracting parties was to provide a benefit to a third-party."  *Hampton v.*

*Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1119 (10th Cir. 2001), *citing Wallace v. Texaco Inc.*,

681 F.2d 1088, 1090 (5th Cir. 1982).  The Court further explained that:

> the performance of the contract will often benefit a third person.  But unless the
> third person is an intended beneficiary…, no duty to him is created.  Restatement
> (Second) of Contracts §302 cmt. e).  An incidental beneficiary is a person who
> will be benefited by performance of a promise but who is neither a promisee nor
> an intended beneficiary.  *See Holbrook v. Pitt*, 643 F.2d 1261, 1270 (7th Cir.
> 1981).

*Id.*, 247 F.3d at 1119.  In *Holbrook*, the Seventh Circuit held that "under settled principles of

federal common law, a third party may have enforceable rights under a contract if the contract

was made for his direct benefit."  643 F.2d at 1270.  However, "if the agreement was not

intended to benefit the third party …, he is viewed as an 'incidental' beneficiary having no legally

cognizable rights under the contract."  *Id.* (internal citations omitted).

In this case, Plaintiff has failed to identify the contract to which he believes he is in an

intended third-party beneficiary.  Even if he could, Plaintiff still readily admits in his original

complaint, his first amended complaint and his proposed second amended complaint, that he is

the president and CEO and owner of SSI.  As clearly put by the Supreme Court in *Domino's*,

pursuant to "fundamental corporation and agency law … the shareholder and contracting officer

of a corporation has no rights and is exposed to no liability under the corporation's contract."

*Domino's Pizza,* 546 U.S. 470, 477, 126 S.Ct. 1246, 1250.  In light of that case and well-founded

corporation and agency law, despite his conclusory allegation, Plaintiff simply cannot be an intended third party beneficiary of BOA's contract with his company, SSI. *Id.*

Even if Plaintiff could somehow make this Court believe that he has the ability in his capacity as president, CEO and owner of SSI to be an intended third-party beneficiary of a contract between SSI and BOA, he has not identified a contract and has, in turn, failed to identify any contract language which "clearly reveals that the intent of the contracting parties was to provide a benefit to a third-party." *Hampton,* 247 F.3d at 1119. Plaintiff's motion for leave to file a second amended complaint does nothing other than highlight the fact that he cannot state a viable claim under any law.

> ### 3.    Even if SSI is Added a Party, the Damages Claimed are Not Those of SSI and are not the Type of Damages Recoverable by a Corporation.

First, Plaintiff does not have an independent cause of action against BOA pursuant to § 1981 and, as a result, his alleged damages are not compensable nor relevant to this action. Simply adding SSI as a party does not change that. This was made clear by *Domino's Pizza,* 546 U.S. 470, as well as in the numerous other cases cited in BOA's Brief on Damages. *See e.g.,* *Danco, Inc. v. Wal-Mart Stores, Inc.,* 178 F.3d 8, 14 (1st Cir. 1999)(holding that corporation has a potential claim under section 1981, but shareholder does not because the same statutory language that gives a claim to the corporation precludes such a claim by the shareholder and "nothing in section 1981 provides a personal claim, so far as its language is concerned, to one who is merely *affiliated*-as an owner or employee-with a contracting party that is discriminated against by the company that made the contract."); *Gersman v. Group Health Ass'n, Inc.,* 931 F.2d 1565, 1573 (D.C. Cir. 1991), *vacated on other grounds,* 502 U.S. 1068, 112 S.Ct. 960, 117 L.Ed.2d 127, *but original opinion adopted on remand,* 975 F.2d 886 (D.C.Cir. 1992), *cert.*

*denied,* 511 U.S. 1068, 114 S.Ct. 1642, 128 L.Ed.2d 363 (1994); *Perez v. Abbott Lab.,* 1995 WL

86716, at *6 (N.D. Ill. Feb. 27, 1995).

Second, and quite notably, even if SSI were a party to this litigation, the damages claimed

in this case relate to Plaintiff's emotional distress and personal injuries, and they are not

compensable as injuries to SSI. *See Danco.* 178 F.3d at 14; *see also, DAG Enterprises, Inc. v.*

*Exxon Mobil Corp.*, 2001 WL 34778782, at *13 (D.D.C.) (holding that one of the plaintiffs, the

individual who was the alleged target of discrimination, had no standing to sue for emotional

injury, including extreme physical upset, humiliation, embarrassment, loss of personal dignity

and self worth, because it was the corporation that suffered the discriminatory conduct, or "injury

in fact").

A corporation cannot suffer "physical injuries" or "emotional distress." *See, e.g., F.D.I.C.*

*v. Hulsey*, 22 F.3d 1472, 1489 (10th Cir. 1994)("Since a corporation lacks the cognizant ability to

experience emotions, a corporation cannot suffer emotional distress."); *Reva Intern., Ltd. v.*

*MBraun, Inc.*, 2007 WL 4592216, at *10 (D. Nev. 2007) ("A corporation cannot suffer severe or

extreme emotional distress."); *Cohlmia v. Ardent Health Services, LLC*, 448 F. Supp.2d 1253,

1272 (N.D.Okla. 2006)(holding that because a corporation does not have feelings, it cannot

suffer emotional distress).  Rather, under § 1981, a corporation can only recover economic losses

attendant with discrimination.

However, as described in detail, *supra at pp. 6-7*, Plaintiff Banks, who is the sole

shareholder of SSI, specifically proffered during the course of discovery that economic damages

were not being sought in this matter relative to him or SSI.  *See* Exhibits A and B.  Based upon

the foregoing, no relevant discovery was had regarding any economic losses to Plaintiff or SSI

and BOA abandoned such discovery.  To the extent that Plaintiff is now attempting to amend his

claim to include claims of SSI's economic losses to avoid judgment as a matter of law, clearly BOA will be prejudiced by the fact that Plaintiff has failed to produce any discovery (or designated any experts)[4] regarding these alleged losses.

Finally, putting aside the fact that Plaintiff's damages are not compensable under § 1981 because Plaintiff does not have an independent cause of action under § 1981 and his damages (to wit, emotional distress and physical injuries) are not the injuries of SSI, at a minimum, it has already been determined by this Court that Plaintiff's physical injuries do not arise from BOA's refusal to process his business banking transaction. Adding SSI as a party to this litigation cannot change the law of this case relative to this Court's previous findings. *See U.S. v. Eilberg*, 553 F. Supp. 1 (D.D.C. 1981) (holding that a court should refrain from deciding issues that have already been definitively resolved by itself or another court).

On September 6, 2007, this Court issued a Memorandum Opinion holding that BOA was not responsible for Plaintiff's arrest by the off duty police officer and, for this and other reasons, the Court found as a matter of law that Plaintiff's negligence claims were not cognizable and dismissed such claims. (Opinion, pp. 4-10). Adding SSI as a party will not make BOA responsible for those injuries.

---

[4] Depending on the nature of any "economic losses", Plaintiff likely would need an expert to establish the same. *See District of Columbia v. Barriteau*, 399 A.2d 563, 569 (D.C. 1979) ("(t)he complexities of economics, no less than those of medicine, merit the assistance of expert testimony, so important to an adequate assessment of plaintiff's [economic] damages").

IV.    CONCLUSION

Therefore, BOA submits that it has met its burden to show that, under the factors set forth in *Foman v. Davis, supra,* Plaintiff's Motion for Leave to File Second Amended Complaint should be denied.

Respectfully submitted,

_____/s/_____
Tessa Laspia Frederick (#465519)
Jessica A. duHoffmann (#476383)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

Counsel for Defendant,
Bank of America, N.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, pursuant to Local Rule 5.4 that on the 28th day of March 2008, Counsel for Plaintiff, Donald Temple, Esquire, should receive electronic notice of the filing the foregoing ***Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint*** at TemplePC@aol.com, which e-mail address has been designated by Plaintiff's counsel to receive notices of electronic filings in this case.

_____/  s/_____
Tessa Laspia Frederick (#465519)