IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE BANKS, | * |
|     Plaintiff, | * |
| v. | *   Case No. 05-CV-01688-HHK |
| BANK OF AMERICA, N.A., | * |
|     Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**BRIEF IN FURTHER SUPPORT OF MOTION IN LIMINE
TO EXCLUDE EVIDENCE AND TESTIMONY OF CERTAIN DAMAGES**

Defendant, Bank of America, N.A. (hereinafter, "BOA"), by its undersigned counsel and pursuant to this Court's Order of March 25, 2008, hereby files this Brief in further Support of its Motion in Limine to Exclude Evidence and Testimony of Certain Damages claimed by the Plaintiff,[1] and states as follows:

**I.   INTRODUCTION**

As set forth in BOA's Motion in Limine to Exclude Evidence of Certain Damages, Plaintiff, George Banks produced an itemization of his alleged damages in this case.[2] As detailed therein, Plaintiff is seeking damages for emotional distress, as well as damages associated with physical injuries that he alleges he suffered when he was arrested by an off-duty police officer in

---

[1] On March 20, 2008, BOA filed a Motion in Limine to Exclude Evidence and Testimony of Certain Damages and to Exclude Testimony from Vincent Jones or Any Other Health Care Professional Not Disclosed in Discovery (paper 53) (hereinafter, "Motion To Exclude Testimony of Certain Damages"). That Motion sought the exclusion of testimony or evidence relating to Plaintiff's injuries arising from his arrest by an off-duty police officer at a BOA branch on June 15, 2002. Pursuant to this Court's Order at the Pretrial Conference on March 25, 2008, this brief is submitted in further support of BOA's argument that neither Mr. Bank's alleged physical injuries, nor his emotional distress damages are relevant to his § 1981 claim against BOA and should not be admitted into evidence at trial. While BOA continues to object to any testimony by Mr. Jones as well as the introduction of any evidence stemming from any treatment Plaintiff may have received from Mr. Jones, this Court did not request to have further briefing on that issue, so additional argument on that issue is not included herein.

[2] A copy of the itemized damages was attached to as Exhibit A to BOA's Motion To Exclude Testimony of Certain Damages (paper no. 52).

the bank.[3]  For explained below, evidence of Plaintiff's damages must be excluded for three reasons: 1) Plaintiff does not have an independent cause of action against BOA pursuant to § 1981 and, as a result, his alleged damages are neither compensable nor relevant to this action; 2) even if his company, Sentry Security International, Inc. ("SSI") were a party to this litigation, which it is not, the damages alleged in this matter are not compensable as injuries to SSI; and 3) this Court has already found that BOA rightfully asked Plaintiff to leave the bank and BOA was not responsible for his arrest; therefore, any damages arising from his arrest are not relevant to trial of Plaintiff's § 1981 claim.

## II.     ARGUMENT

### A.     *Plaintiff Does Not Have A Cognizable § 1981 Claim Against BOA; Therefore, His Damages Are Neither Compensable Nor Relevant To This Action.*

For those reasons set forth in detail in BOA's previously filed Motion in Limine to Exclude Evidence of Any Contract Other Than Contract Associated With Business Bank Accounts at Issue in Case (paper no. 49)(hereinafter "Motion To Exclude Other Contracts"), Plaintiff does not have an independent § 1981 claim against BOA because none of the events of which he complains arise out of his contractual relationship with BOA.  Therefore, his alleged damages are neither compensable nor relevant to this action.

Section 1981 prohibits racial discrimination in the making and the enforcement of private contracts.  42 U.S.C. § 1981;[4] *see also, Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990).

---

[3] Plaintiff has repeatedly proffered that although his damages are limited to his medical expenses and damages associated with his emotional distress, he does not intend to seek recovery for any economic losses associated with him or SSI.  *See* Letters of Donald Temple to Tessa L. Frederick dated July 21, 2006 and October 5, 2006, copies of which are attached hereto as **Exhibit A**.  Based upon the forgoing, no discovery was had regarding any economic losses to Plaintiff or SSI.

[4] This case involves the "contracts clause" of § 1981.  Nevertheless, with respect to the equal benefits clause, "[m]ost courts have held that 'the equal benefits' clause does not extend to private discrimination, and thus, requires state action." *See Sheppard v. Dickstein, Shapiro, Morin & Oshinsky,* 59 F.Supp.2d 27, 30 (D.D.C. 1999) (citing, *Provisional Government of Republic of New Afrika v. American Broadcasting Companies, Inc.,* 609 F. Supp. 104, 109 (D.D.C. 1985); *Mahone v. Waddle,* 564 F.2d 1018 (3d Cir. 1977); *Spencer v. Casavilla,* 839 F. Supp. 1014 (S.D.N.Y. 1993)).

Generally, when § 1981 has been violated, a plaintiff has a cause of action under § 1981 for pecuniary losses incurred, as well as damages for physical and mental pain and suffering. *See generally, Metrocare v. Washington Metro. Area Transit Auth.*, 679 F.2d 922, 927 (D.C. Cir. 1982), *citing, Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 460, 95 S.Ct. 1716, 1720 (1975); *see also*, 14A C.J.S. *Civil Rights* § 488; 15 Am. Jur. 2d *Civil Rights* § 42.

Compensatory damages serve to compensate injuries that result from violations of constitutional or statutory rights, and may not be "presumed to flow from every deprivation" of those rights. *Carey v. Piphus,* 435 U.S. 247, 263, 98 S.Ct. 1042 (1978). "Where no injury [is] present, no compensatory damages may be awarded." *Memphis Cmty Sch. Dist. v. Stachura,* 477 U.S. 299, 308, 106 S.Ct. 2537 (1986) (internal citations omitted); *see also, Berger v. Iron Workers Reinforced Rodmen, Local 201*, 170 F.3d 1111, 1138 (D.C. Cir. 1999).

Punitive damages may also be awarded under § 1981 actions. *See Barbour v. Merrill*, 48 F.3d 1270, 1277 (D.C. Cir. 1995). Punitive damages, however, are proper only on a showing of "evil motive or intent, or . . . reckless or callous indifference to the federally protected rights of others." *Id., citing, Smith v. Wade,* 461 U.S. 30, 56, 103 S.Ct. 1625, 1640 (1983).

Case law, however, makes it abundantly clear that a plaintiff does not have a cognizable cause of action under § 1981 for his injuries or damages unless he has, or would have, rights under an existing, or proposed, contract that he wishes "to make and enforce." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479, 126 S. Ct. 1246 (2006). "Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship, not of someone else's." *Id.* at 480; *see also, Danco, Inc. v. Wal-Mart Stores, Inc.,* 178 F.3d 8, 14 (1st Cir. 1999)(holding that corporation has a potential claim under § 1981, but shareholder does not because the same statutory language that gives a claim to the corporation precludes such a claim by the shareholder and "nothing in section 1981 provides a personal claim, so far as its

language is concerned, to one who is merely *affiliated*-as an owner or employee-with a contracting party that is discriminated against by the company that made the contract.").

A corporation ordinarily carries out its activities through its officers and employees, and while work-site racial discrimination against a corporation's officers or employees could amount to racial discrimination against the corporation, the employee or agent cannot collect damages on his own behalf. *See id.; see also, Gersman v. Group Health Ass'n, Inc.,* 931 F.2d 1565, 1573 (D.C. Cir. 1991), *vacated on other grounds,* 502 U.S. 1068, 112 S.Ct. 960, *but original opinion adopted on remand,* 975 F.2d 886 (D.C. Cir. 1992), *cert. denied,* 511 U.S. 1068, 114 S.Ct. 1642 (1994); *Perez v. Abbott Lab.,* 1995 WL 86716, at *6 (N.D.Ill. Feb. 27, 1995).

Stated another way, when the "contract" at issue in a § 1981 claim belongs to a corporation, an officer or employee of that corporation does not have standing to bring an action against the wrong-doer because the discrimination could only be asserted to invade the legal rights of the corporation and not the rights of that individual. *See, e.g., Guides, Ltd. v. Yarmouth Group Prop. Mgmt, Inc.,* 295 F.3d 1065, 1073 (10th Cir. 2002); *Searcy v. Houston Lighting & Power Co.,* 907 F.2d 562 (5th Cir.), *cert. denied,* 498 U.S. 970, 111 S.Ct. 438, 112 L.Ed.2d 421 (1990) (holding that the president/sole shareholder of an energy resource firm that produced and supplied natural gas has no standing to bring action against various utility companies for refusing to enter into long-term natural gas supply contracts with the energy firm under § 1981 because the discrimination could only be asserted to invade the legal rights of the corporation and not the rights of the plaintiff, the company's sole shareholder).

Accordingly, even if an employee or shareholder suffers personal damages, such as emotional distress, arising from discrimination attendant with his corporation's contract, he does not have an independent cause of action under § 1981, notwithstanding that he is the direct target of the discrimination. *Domino's Pizza;* 546 U.S. at 478; *DAG Enters., Inc. v. Exxon Mobil*

*Corp.*, 2001 WL 34778782, at *13 (D.D.C. Sept. 30, 2001) (holding that individual Plaintiff, the alleged target of discrimination, had no standing to sue for emotional injury, including extreme physical upset, humiliation, embarrassment, loss of personal dignity and self worth, because the corporation suffered the discriminatory conduct, or injury in fact"); *see also*, *Hargraves v. Capital City Mortgage Corp.,* 147 F.Supp.2d 1, 3 (D.D.C. 2001); *Bellows v. Amoco Oil Co.,* 118 F.3d 268, 276-77 (5th Cir. 1997) (holding that plaintiff who was president of a corporation and 51% shareholder had no individual cause of action under § 1981 for emotional distress arising from discrimination against the corporation based on plaintiff's race); *Gregory v. Mitchell,* 634 F.2d 199, 202 (5th Cir. 1981) (holding that shareholders in bank could not maintain § 1983 action in respect to treatment of bank as only the bank suffered any cognizable injury); *Schaffer v. Universal Rundle Corp.,* 397 F.2d 893, 896 (5th Cir. 1968) (explaining that a "stockholder's rights are merely derivative and can be asserted only through the corporation" and that this "rule is applicable in cases where the individual is the sole shareholder").

In this case *sub judice*, Plaintiff alleges damages associated with BOA's alleged interference "with the enjoyment of his contract rights . . . by imposing a different and greater standard upon him as a depositor." *See* Am. Compl., ¶ 20. Plaintiff seeks damages associated with his physical injuries and emotional distress that he alleges arise from the discrimination. However, Plaintiff does not have an independent cause of action against BOA under § 1981 for these damages. As set forth above, as well as in BOA's Motion to Exclude Other Contracts, because the "contract" at issue is a bank deposit agreement between SSI and BOA, Plaintiff does not have a cognizable cause of action against BOA under § 1981.[5]

---

[5] Plaintiff has attempted, albeit in a cryptic matter, to resuscitate his cause of action under §1981 by seeking to amend his complaint for the second time and alleging therein that he is an "intended third party beneficiary" of the contract between BOA and SSI. (See Mot. Leave to Amend, paper 56; attached Sec. Am. Compl., ¶ 20). As set forth in BOA's Opposition to Plaintiff's Motion for Leave to Amend, such an amendment would be futile because Plaintiff, as a matter of law, is not a "third party beneficiary" of the contract between BOA and SSI, which is identified and attached as an exhibit to BOA's Motion to Exclude Other Contracts. In short, "a contract is a

To the extent that Plaintiff is attempting to broaden § 1981 to protect all customers from harassment upon entering a retail or banking establishment regardless of contractual relations, his position is unfounded.  Among the numerous statutes designed to combat racial discrimination, § 1981 is limited to remedying any act of discrimination committed in the making or enforce contracts without respect to race.  §1981(a).  *Domino's Pizza*, 546 U.S. at 476.  However, there must be interference with a contract beyond the mere expectation of being treated without discrimination while shopping or banking.  *See Hampton v. Dillard Dept. Stores, Inc.,* 247 F.3d 1091, 1118 (10th Cir. 2001), *citing Morris v. Office Max, Inc.,* 89 F.3d 411, 415 (7th Cir. 1996)(noting that, where claim was interference with prospective contractual relations, "[w]hile the incident . . . was unfortunate and undoubtedly disconcerting and humiliating, it does not constitute a violation of the statutes"); *Sterling v. Kazmierczak,* 983 F. Supp. 1186, 1192 (N.D.Ill. 1997) (granting defendant's motion to dismiss where plaintiff failed to allege that he was prepared to purchase air rifle cartridges or that he had them "in hand" when confronted by police officer).

Moreover, despite that Plaintiff does <u>not</u> seek any economic damages attendant with any loss of business or earnings relative to SSI (see Exhibit A), any such claims of damages can only be asserted by SSI.  Plaintiff, as the sole shareholder of SSI, does not have any direct claim against BOA for any economic damages attendant with SSI's loss of business, income, profit,

---

stipulation *pour autrui* [for others] if it clearly reveals that the intent of the contracting parties was to provide a benefit to a third party." *Hampton v. Dillard Dept. Stores, Inc*., 247 F.3d 1091, 1119 (10th Cir. 2001)(dismissing a similar proposition by individual in § 1981 action).  The performance of a contract will often benefit a third person, but unless the third person is an intended beneficiary, no duty to him is created.  *Id.*  An incidental beneficiary is a person who will be benefitted by performance of a promise but who is neither a promisee nor an intended beneficiary.  *See id.* (internal citations omitted)*.*  Undoubtedly, Plaintiff, as sole shareholder of SSI, derived some benefit from the contract between SSI and BOA.  This derivation of benefit does not, however, automatically render the contract a third-party beneficiary contract, as it reaches beyond the intent of the contracting parties.  Nowhere in the contract between SSI and BOA is there any condition or consideration that Plaintiff is an intended third party beneficiary to the contract.  Plaintiff was simply an incidental beneficiary at best.  Plaintiff has not proffered and cannot proffer how the account agreement between SSI and BOA conferred an intended benefit upon him.  Merely because he may have derived a benefit, purely incidental and not contemplated by the contract between SSI and BOA, does not entitle him to sue to enforce the contract or bring an action under § 1981 relative thereto.

etcetera because his claims are "derivative" in nature.  *See Schaffer v. Universal Rundle Corp.,* 397 F.2d at 896; *see also Flynn v. Merrick,* 881 F.2d 446, 449-50 (7th Cir. 1989) (holding that individual stockholders and debenture holders could not bring suit under 42 U.S.C. § 1983 for damages suffered by the corporation); *Cates v. International Tel. & Tel. Corp.,* 756 F.2d 1161, 1181-83 (5th Cir. 1985) (holding that partner had no individual cause of action for breach of contract, interference with partnership business, loss of value of partnership interest, loss of income, salary or bonus, and damage to reputation and prospective business advantage suffered by partnership); *Stevens v. Lowder,* 643 F.2d 1078, 1080 (5th Cir. 1981) (holding that bank's shareholders could not recover for fraud, breach of confidential relationship, and conspiracy against purchasers of bank's assets because diminution in value of bank's stock was insufficient direct harm to shareholders); *Erlich v. Glasner,* 418 F.2d 226, 228 (9th Cir. 1969) (holding that stockholder, who was president and general manager of corporation, could not maintain individual action under §1983).

In sum, while SSI can bring a claim under § 1981 for any economic losses stemming from allegations that its contractual rights were impaired due to racial animus towards its owner or employees, Plaintiff cannot.  *See Gersman v. Group Health Ass'n,* 931 F.2d at 1567-70; *see also Danco*, 178 F.3d at 13-14; *Hudson Valley Freedom Theater, Inc. v. Heimbach,* 671 F.2d 702, 706-07 (2d Cir. 1982), *cert. denied*, 459 U.S. 857 (1982); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.,* 368 F.3d 1053, 1057-60 (9th Cir. 2004).  In any event, even if SSI were a party, Plaintiff has already disclaimed any damages for economic losses.  Exhibit A.

>    B.    ***Even If SSI Were A Party To This Litigation, Which It Is Not, The Only Damages Alleged Are Plaintiff's Physical And Emotional Distress Damages, Which Damages Are Not of the Type a Corporation Can Recover.***

As set forth above, the only damages claimed in this action are Plaintiff's physical damages stemming from his arrest and his mental distress damages.  Plaintiff's alleged physical

and mental suffering, however, are not the damages of SSI. Therefore, even assuming *arugendo* that SSI were also a party to this case, these damages are not cognizable and, thus, they are not relevant to this action.

If SSI were a party to this litigation, it would be entitled to recover its pecuniary losses incurred as a result of the alleged § 1981 violation arising from its contract with BOA. The claims of physical and mental pain and suffering, however, are unique to an individual, and are not the damages of a corporation. *See Danco, Inc. v. Wal-Mart Stores, Inc.*, 178 F.3d at 14.

As set forth above, compensatory damages serve to compensate injuries that result from violations of § 1981, and if no injury is present and established, no compensatory damages can be awarded. *See Memphis Cmty Sch. Dist. v. Stachura,* 477 U.S. at 308; *see also Berger v. Iron Workers Reinforced Rodmen, Local 201*, 170 F.3d at 1138. Here, SSI did not and cannot suffer from physical injuries and emotional distress. *See, e.g.*, *F.D.I.C. v. Hulsey*, 22 F.3d 1472, 1489 (10th Cir. 1994)("since a corporation lacks the cognizant ability to experience emotions, a corporation cannot suffer emotional distress."); *Reva Intern., Ltd. v. MBraun, Inc.*, 2007 WL 4592216, at *10 (D. Nev. Dec. 28, 2007) ("a corporation cannot suffer severe or extreme emotional distress."); *Cohlmia v. Ardent Health Servs, LLC*, 448 F. Supp.2d 1253, 1272 (N.D.Okla. 2006)(holding that because a corporation does not have feelings, it cannot suffer emotional distress); *see also, Friendship, Inc. v. Wu*, 633 N.Y.S.2d 743, 744 (N.Y.City Civ.Ct. 1995)("obviously, only an individual can suffer emotional distress, not a legally created entity such as a corporation."); *Holly Hill Farm Corp. v. Brooks*, 1990 WL 751244, at *1 (Va.Cir.Ct., Aug. 1, 1990)(holding that the corporate plaintiff cannot recover for the severe emotional distress which a particular agent may have suffered as a result of defendant's actions, but if those actions also proximately caused economic loss to the corporation, the corporation may be entitled to recover for that economic loss); *Chamberlaine & Flowers, Inc. v. Smith Contracting,*

*Inc.*, 341 S.E.2d 414, 417 (W.Va. 1986)("it is difficult for this Court to conceive of how conduct, no matter how outrageous, could inflict severe emotional distress on a corporation.").

Based upon the forgoing, SSI would be limited to proving any economic losses stemming from the alleged discrimination against its officer, Plaintiff Banks.  However, as set forth above, ***Plaintiff limited the damages in this case to his physical and mental injuries and specifically excluded any economic losses (and did not identify any experts to testify to any economic losses)[6] stemming from the alleged § 1981 violation.  See Exh. A.***  For the reasons stated above, since Plaintiff's alleged damages of physical and mental damages would not be cognizable under § 1981 even if SSI were a party hereto, those damages are not relevant to this case and would serve no other purpose then to confuse the jury on the issue and prejudice BOA.

      C.    ***This Court Has Already Found As A Matter Of Law That BOA Is Not Responsible For Plaintiff's Arrest; Thus, Any Injuries Stemming From His Arrest Are Not Relevant To Plaintiff's § 1981 Claim.***

As set forth in BOA's Motion to Exclude Testimony of Certain Damages, Plaintiff intends on offering into evidence damages stemming from his arrest by an off duty D.C. Metropolitan police officer on the day of the incident at issue in this case, specifically, his out-of-pocket costs for hospital/emergency room visits, prescriptions, physical therapy, doctor's visits and "transportation expenses" to doctor's visits.  Putting aside the fact, as argued above, that these injuries are not compensable under § 1981 because Plaintiff does not have an independent cause of action under § 1981 and these injuries are not the injuries of SSI (which is not even a party hereto), it has already been determined by this Court that these injuries do not arise from BOA's refusal to process his business banking transaction; rather, they arise from Plaintiff's arrest, for which BOA is not responsible and thus, not liable.

---

[6] To the extent that Plaintiff now seeks to change his position relative to "economic losses" at this very late stage in the case, depending on the categorization of these losses, he would likely need an expert to establish the same.  *See District of Columbia v. Barriteau*, 399 A.2d 563, 569 (D.C. 1979) ("[t]he complexities of economics, no less than those of medicine, merit the assistance of expert testimony, so important to an adequate assessment of plaintiff's [economic] damages").

In this Court's reported opinion of September 6, 2007, (*Banks v. Bank of America, N.A.*, 505 F. Supp. 2d 159 (2007)), the Court reviewed in detail the undisputed facts presented and found, as a matter of law, that BOA did not effectuate the arrest of Plaintiff and was not responsible for his arrest. As set forth in BOA's Motion to Exclude Testimony of Certain Damages, this Court has already decided that,

> at no point did defendant's employees request the off-duty officer's assistance in the matter. Rather, the officer took it upon himself to get involved and subsequently arrest plaintiff. Second, Banks admits that he while he was being handcuffed, the Bank manager asked the MPD officer to stop.

505 F. Supp. 2d at 165. The Court further decided that,

> although [German] Jordan [the branch manager] instructed the *security guard* to escort plaintiff out of the bank, it is undisputed that no such instruction was given to the *MPD Officer* – the person who actually effected the ejection – to assist in that process or to arrest plaintiff. The court also notes that when defendant's employees (justifiably) 'asked Banks to leave,' Banks's invitee status was revoked and he had no right to remain on the premises….To be clear, the court is not implying that BofA's duty of care to Banks ended when it requested that he leave the bank. Rather, the court finds no negligence in BofA's decision to ask Banks to leave.

*Id.*, n.7 (internal citations omitted). This Court also found that that assuming that "the MPD officer was resolute about arresting Banks, despite the objections from Jordan." *Id*. Finally, this Court found that "[t]o the extent Banks suggests that BofA is also liable under a *respondeat superior* theory because the bank's security guard was allegedly 'aggressively involved in the arrest,' this suggestion fails. Banks describes – in great detail – the MPD officer's apparently solitary role in the arrest." *Id.* (internal citations omitted).

Based upon the forgoing determinations, this Court found, as a matter of law, that Plaintiff's negligence claims, which were based in part on his allegation that BOA was negligent in failing to process his transaction and "triggered" his wrongful arrest, must be dismissed. *Id.* at 163-166. Because this Court has already found that BOA's request that Plaintiff leave the bank

was not unreasonable and that it was not responsible for the actual arrest of the Plaintiff, any testimony and evidence pertaining to physical injuries which flow from the police officer's decision to arrest Plaintiff are not relevant to this proceeding against BOA under § 1981.

To hold otherwise would disturb the law of this case. Since those factual findings that BOA was not responsible for Plaintiff's arrest were necessary to entering judgment against Plaintiff as to his negligence claims, those findings cannot be disturbed so that Plaintiff can now establish that BOA is liable for the arrest under a § 1981 theory. The contradiction relative to those findings would upset as well as undermine this Court's previous ruling on the issue.

Under the doctrine of "law of the case," a court should refrain from deciding issues that have already been definitively resolved by itself or another court. *See U.S. v. Eilberg*, 553 F. Supp. 1 (D.D.C. 1981). While the doctrine does not jurisdictionally bar a court from reconsidering issues previously concluded, as does the related doctrine of *res judicata,* the principle of law of the case directs a court not to alter a previous judicial determination unless unusual circumstances are present. *See id., citing, Southern Railway Co. v. Clift,* 260 U.S. 316, 43 S.Ct. 126 (1922); *Messenger v. Anderson,* 225 U.S. 436, 32 S.Ct. 739 (1912).

The doctrine minimizes expenditures of judicial resources and energy on matters already decided and is triggered once a final decision is made on a particular issue. *See id.* The doctrine is regularly applied to prevent reconsideration of a host of "non-final," non-appealable orders, including rulings which concern pretrial discovery disputes, and those involving the entire range of motions made prior to entry of a binding judgment. *See id. (internal citations omitted).* Thus, where issues have been resolved at a prior stage in the litigation, based upon principles of judicial economy, the doctrine bars reconsideration of a court's explicit decisions, as well as those issues decided by necessary implication. *See New York v. Microsoft Corp.*, 209 F.Supp.2d 132, 141 (D.D.C. 2002).

In this case, the Court has already determined that BOA was not liable, as a matter of law, for Plaintiff's negligence claims. In so holding, this Court found that BOA was not responsible for Plaintiff's arrest by an off-duty police officer. Plaintiff now argues that this Court has not decided this issue relative to the § 1981 claim; therefore, it does not fall under the law of the case doctrine. This argument, however, is unsound. This Court found, as a matter of law, that Plaintiffs' negligence claims were not cognizable because BOA was not responsible for Plaintiff's arrest. It has, therefore, been necessarily decided by implication that BOA is not liable for the damages stemming from that arrest. To hold that BOA is liable for those damages stemming from that arrest under a different theory of law, to wit: Plaintiffs' § 1981 claim, disrupts this Court's previous determination that BOA was not responsible for that arrest.

If Plaintiff is allowed to enter submit evidence at trial that BOA is liable under § 1981 for his arrest and damages stemming therefrom because it was "triggered" by BOA's failure to process his transaction, this Court's previous decision would be subject to reconsideration without justification. Plaintiff made this same allegation attendant with his negligence claims. This Court's finding that BOA was not responsible for "triggering" Plaintiff's arrest was a necessary determination in granting judgment as a matter of law against Plaintiff on his negligence claims. 505 F. Supp. 2d at 164-166. Therefore, it follows that this decision necessarily would be "reconsidered" in order to find that BOA is responsible for triggering Plaintiff's arrest so as to make BOA liable for the damages stemming therefrom under Plaintiff's § 1981 claim. There has been no justification offered by Plaintiff for relitigating this issue.

## III.   CONCLUSION

For those reasons set forth above, evidence of Plaintiff's damages must be excluded because (1) Plaintiff does not have an independent cause of action against BOA pursuant to § 1981 and, as a result, his alleged damages are not compensable nor relevant to this action; (2)

even if SSI was a party to this litigation, which it is not, the damages Plaintiff is seeking in this case are not compensable as injuries to SSI; and (3) this Court has already found that BOA is not liable for any injuries stemming from Plaintiff's arrest.

                                                    Respectfully submitted,

                                                    /s/
                                    Tessa Laspia Frederick (#465519)
                                    Jessica A. duHoffmann (#476383)
                                    MILES & STOCKBRIDGE P.C.
                                    10 Light Street
                                    Baltimore, Maryland  21202
                                    (410) 727-6464

                                    Counsel for Defendant,
                                    Bank of America, N.A.

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY, pursuant to Local Rule 5.4 that on the 28th day of March 2008, Counsel for Plaintiff, Donald Temple, Esquire, should receive electronic notice of the filing the foregoing ***Brief in further Support of its Motion in Limine to Exclude Evidence and Testimony of Certain Damages*** at TemplePC@aol.com, which e-mail address has been designated by Plaintiff's counsel to receive notices of electronic filings in this case.

                                                  /s/
                                    Tessa Laspia Frederick (#465519)