IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE BANKS, | * | |
|     Plaintiff, | * | |
| v. | * | Case No. 05-CV-01688-HHK |
| BANK OF AMERICA, N.A., | * | |
|     Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **PARTIES' PROPOSED JURY INSTRUCTIONS**

Plaintiff and Defendant propose the following joint jury instructions, with objections as noted.

    Form 1-1:  Function of the Court (D.C. Std. Civ. Jury Instr. No. 1-1)

    Form 1-2:  Function of the Jury (D.C. Std. Civ. Jury Instr. No. 1-2)

    Form 1-3:  Significance of Party Designations (D.C. Std. Civ. Jury Instr. No. 1-3)

    Form 1-4:  Juror's Duty to Deliberate (D.C. Std. Civ. Jury Instr. No. 1-4)

    Form 1-5:  Attitude and Conduct of Jurors (D.C. Std. Civ. Jury Instr. No. 1-5)

    Form 1-6:  Instructions to be Considered as a Whole (D.C. Std. Civ. Jury Instr. No. 1-6)

    Form 1-7:  Court's Commenting on the Evidence (D.C. Std. Civ. Jury Instr. No. 1-7)

    Form 1-8:  Court's Questions to Witnesses (D.C. Std. Civ. Jury Instr. No. 1-8)

    Form 1-9:  Jury Not to Take Cue from Judge (D.C. Std. Civ. Jury Instr. No. 1-9)

    Form 1-10:  Rulings on Objections (D.C. Std. Civ. Jury Instr. No. 1-10)

    Form 1-11:  Equality of Litigants--Corporations (D.C. Std. Civ. Jury Instr. No. 1-11)

    Form 1-12:  Equality of Litigants--Individuals (D.C. Std. Civ. Jury Instr. No. 1-12)

Form 2-1:  Evidence in the Case (D.C. Std. Civ. Jury Instr. No. 2-1)

Form 2-2:  Evidence in the Case – Judicial Notice (D.C. Std. Civ. Jury Instr. No. 2-2)

Form 2-3:  Inferences (D.C. Std. Civ. Jury Instr. No. 2-3)

Form 2-4:  Inadmissible and Stricken Evidence (D.C. Std. Civ. Jury Instr. No. 2-4)

Form 2-5:  Statements of Counsel (D.C. Std. Civ. Jury Instr. No. 2-5)

Form 2-6:  Jury's Recollection Controls (D.C. Std. Civ. Jury Instr. No. 2-6)

Form 2-7:  Evidence Admitted Against One Party Only
(D.C. Std. Civ. Jury Instr. No. 2-7)

Form 2-8:  Burden of Proof (D.C. Std. Civ. Jury Instr. No. 2-8).

Form 2-9:  Evidence Produced by Adversary (D.C. Std. Civ. Jury Instr. No. 2-9)

Form 2-10:  Direct and Circumstantial Evidence (D.C. Std. Civ. Jury Instr. No. 2-10)

Form 3-1:  Jury to Determine Credibility of Witnesses (D.C. Std. Civ. Jury Instr. No. 3-1)

Form 3-2:  Number of Witnesses (D.C. Std. Civ. Jury Instr. No. 3-2)

Form 3-5:  Depositions as Evidence (D.C. Std. Civ. Jury Instr. No. 3-5)

Form 3-8:  Impeachment by Prior Inconsistent Statements
(D.C. Std. Civ. Jury Instr. No. 3-8)

Form 4-5:  Consideration of the Evidence--Corporate Party's Agents and Employees
(D.C. Std. Civ. Jury Instr. No. 4-5)

Form 12-1:  Damages--Jury to Award (D.C. Std. Civ. Jury Instr. No. 12-1)

Form 12-2:  Extent of Damages – Proximate Cause (D.C. Std. Civ. Jury Instr. No. 12-2)

Form 12-3:  Burden of Proof--Speculative Damages (D.C. Std. Civ. Jury Instr. No. 12-3)

Form 12-7:  Duty to Mitigate Damages (D.C. Std. Civ. Jury Instr. No. 12-7)

Form 13-1: Damages (Elements) (D.C. Std. Civ. Jury Instr. No. 13-1)

Form 13-4:  Lost Earnings – Past and Present (D.C. Std. Civ. Jury Instr. No. 13-4)

**Defendant BOA objects to this instruction.  By letter dated July 21, 2006, Plaintiff's counsel specifically stated that his client's actual damages "would not entail economic losses."  Thus, no instruction should be given on lost earnings.**

Form 16-2:  Punitive Damages Against a Corporation (Wrongful Conduct of Employee)
   (D.C. Std. Civ. Jury Instr. No. 16-2)

Form 16-3:  Computation of Punitive Damages Award
   (D.C. Std. Civ. Jury Instr. No. 16-3)

**<u>Non-Standard Instruction, With Authorities:</u>**

---

**Form 87-2: 1 L. Sand, *et al*., Modern Federal Jury Instructions – Civil**

**Civil Rights Actions - 42 U.S.C. § 1981**

**General Instructions.**

The claim before you know is based upon 42 U.S.C. § 1981, which is also known as the Civil Rights Act of 1866.  That statute provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefits of all laws and proceedings for the security of the persons and property as is enjoyed by with citizens, and shall be subject to like punishment, pains penalties, taxes, licenses and exactions of every kind, and to no other.

Authority:

42 U.S.C. § 1981

---

**Form 87-2A: 1 L. Sand, *et al.*, Modern Federal Jury Instructions – Civil**

**Prima Facie Case.**

To establish a prima facie case of discrimination under § 1981, the plaintiff must convince you by a preponderance of the evidence that:

1. the plaintiff is a member of a protected case;

2. the defendant had the intent to discriminate on the basis of race; and

3. the discrimination interfered with a protected activity as defined in § 1981.

Authority:

Fifth Circuit: *Bellows v. Amoco Oil Co.*, 118 F.3d 268 (5th Cir. 1997)

Seventh Circuit: *Morris v. Office Max, Inc.*, 89 F.3d 411 (7th Cir. 1996)

Tenth Circuit*: Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091 (10th Cir. 2001), *cert. denied,* 534 U.S. 1131 (2002); *Reynolds v. School Dist. No. 1, Denver, Colo.*, 69 F.3d 1523 (10 Cir. 1995)

**Form 87-3: 1 L. Sand, *et al.*, Modern Federal Jury Instructions – Civil**

**The Right to Contract.**

Section 1981 guarantees each person, regardless of race or citizenship, freedom from discrimination in the making and enforcing of contracts. The opportunity to contract, or enter into agreements, is denied in violation of section 1981 when, on the basis of race or citizenship, a defendant refuses to contract at all or when, on the basis of race or citizenship, he varies the terms of his offers or acceptances to contract. If, because of his race, the plaintiff is denied the right to contract entirely, or is given less opportunity to contract, or is offered less favorable terms or unequal treatment so as to discourage him from entering into the contract, he has a claim under section 1981.

Authority:

United States Supreme Court: *Runyon v. McCrary*, 427 U.S. 160 (1976); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S. Ct. 1716, 44 L. Ed. 2d 295 (1975) .

First Circuit: *Danco, Inc. v. Wal-Mart Stores, Inc.*, 178 F.3d 8 (1st Cir. 1999).

Second Circuit: *Lauture v. IBM*, 216 F.3d 258 (2d Cir. 2000).

Fourth Circuit: *Williams v. Staples, Inc.*, 372 F.3d 662 (4th Cir. 2004).

Seventh Circuit: *Kyles v. J.K. Guardian Security Servs., Inc.*, 222 F.3d 289 (7th Cir. 2000); *Bagley v. Ameritech Corp.*, 220 F.3d 518 (7th Cir. 2000).

Ninth Circuit: *Lindsey v. SLT L.A., LLC,* 447 F.3d 1138 (9th Cir. 2006); *Bains LLC v. Arco Prods. Co.*, 405 F.3d 764 (9th Cir. 2005); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053 (9th Cir. 2004).

Tenth Circuit: *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091 (10th Cir. 2001), *cert. denied*, 534 U.S. 1131 (2002); *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808 (10th Cir. 2000).

**Form 87-11: 1 L. Sand, *et al*., Modern Federal Jury Instructions - Civil**

**Intent**

 To establish his case under section 1981, the plaintiff must convince you by a preponderance of the evidence that the defendant was motivated by a racially discriminatory purpose-that is, the plaintiff must prove that the defendant intentionally and purposefully discriminated against him because of race.

In determining whether the defendant intentionally discriminated on the basis of race, you may consider all the evidence presented in the case. The plaintiff may use either direct or indirect evidence to meet this burden. In a moment, I will explain what I mean by direct evidence and indirect evidence. For now, you should understand only that the plaintiff may use either or both in attempting to prove that the defendant intended to discriminate against him.

You should also understand that the plaintiff must prove that the defendant actually was motivated by a racially discriminatory purpose. It is not enough for the plaintiff to show, for example, that the defendant's conduct had a negative impact on members of the plaintiff's race or that a policy of the defendant, neutral on its face, had a disproportionate negative effect on members of his race. When taken together with other evidence, such evidence may prove that the defendant was motivated by a racially discriminatory purpose. You must remember, however, that the mere existence of such disparities does not automatically demonstrate a discriminatory intent.

Authority:

United States Supreme Court: *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 103 S. Ct. 1478, 75 L. Ed. 2d 403 (1983) ; *General Building Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 102 S. Ct. 3141, 73 L. Ed. 2d 835 (1982) .

District of Columbia Circuit: *Coward v. ADT Security Sys., Inc*., 140 F.3d 271 (D.C. Cir. 1998) ; *Carter v. Duncan-Huggins, Ltd*., 727 F.2d 1225 (D.C. Cir. 1984) .

**Form 87-12: 1 L. Sand, *et al.*, Modern Federal Jury Instructions - Civil**

**Direct Evidence of Intent**

The plaintiff may prove that the defendant was motivated by a racially discriminatory purpose by presenting direct evidence to that effect. Direct evidence is evidence which, by its very nature, speaks to the issue sought to be proved. An example of direct evidence would be a statement by the defendant that he intended to discriminate against the plaintiff or the racial group to which he belongs. The plaintiff is not required to prove his case by direct evidence, but he may do so. You should consider this direct evidence along with all of the evidence in the case and determine whether it convinces you, by a preponderance of the evidence, that the defendant was motivated by a racially discriminatory purpose.

Authority:

United States Supreme Court: *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 103 S. Ct. 1478, 75 L. Ed. 2d 403 (1983); *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S. Ct. 1843, 52 L. Ed. 2d 396 (1977).

District of Columbia Circuit: *Carter v. Duncan-Huggins, Ltd.*, 727 F.2d 1225, 1233 (D.C. Cir. 1984).

**\*  Plaintiff OBJECTS to this instruction.**

**Form 87-13: 1 L. Sand, *et al.*, Modern Federal Jury Instructions – Civil**

**Indirect Evidence of Intent**

The plaintiff may prove that the defendant was motivated by a racially discriminatory purpose by presenting what is called indirect evidence to that effect. Indirect evidence is evidence (historical, statistical, comparative, or individual) which, though it does not speak directly to the issue sought to be proved, provides the basis for an inference with regard to that issue. An example of indirect evidence would be evidence that an apparently neutral policy consistently and strongly works to the disadvantage of the group to which the plaintiff belongs. The plaintiff may use such evidence in attempting to prove to you that the defendant was motivated by a racially discriminatory purpose, and, if you believe the evidence establishes that fact, you may use it as the basis of your finding of intent.

As you consider this evidence, remember that the plaintiff must prove more than the occurrence of isolated or accidental acts; he must establish by a preponderance of the evidence that the defendant intentionally discriminated against him on the basis of race. You should consider the plaintiff's indirect evidence along with all of the evidence in the case and determine whether it proves by a preponderance of the evidence, that the defendant was motivated by a racially discriminatory purpose.

Authority:

United States Supreme Court: *United States Postal Service Bd. of Governors v. Aikens,* 460 U.S. 711, 103 S. Ct. 1478, 75 L. Ed. 2d 403 (1983); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981).

Fourth Circuit: *Williams v. Staples, Inc.*, 372 F.3d 662 (4th Cir. 2004).

District of Columbia Circuit: *Coward v. ADT Security Sys., Inc.*, 140 F.3d 271 (D.C. Cir. 1998); *Carter v. Duncan-Huggins, Ltd.*, 727 F.2d 1225 (D.C. Cir. 1984) .

**Form 87-17: 1 L. Sand, *et al*., Modern Federal Jury Instructions - Civil**

Direct Evidence-Defendant's Burden

The defendant has presented evidence to show that it would have refused to process plaintiff's transaction because he failed to produce two forms of identification even in the absence of discriminatory intent. It is the defendant's burden to persuade you on this point. That means that the defendant must persuade you, by a preponderance of the evidence, that even if it put aside discriminatory intent or if it did not exist at all, it would have refused to process plaintiff's transaction because he did not produce the required identification.

If the defendant persuades you that he would have taken the same action as a result, then the plaintiff was not harmed by defendant's intent to discriminate because he would have been treated the same way regardless of race. In that case, the defendant is not liable to plaintiff under section 1981.

Authority:

United States Supreme Court: *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989); *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977).

D.C. Circuit: *U.S. Information Agency v. KRC*, 989 F.2d 1211 (D.C. Cir. 1993).

**\*  Plaintiff OBJECTS to this instruction.**

**Form 87-24: 1 L. Sand, *et al.*, Modern Federal Jury Instructions - Civil**

Indirect Evidence-Defendant's Intermediary Burden

If you determine that the plaintiff has made out a prima facie case of race discrimination, the burden shifts to the defendant either to disprove an element of the plaintiff's case, or to articulate a legitimate non-discriminatory reason for his action.

Authority:
United States Supreme Court: *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

District of Columbia Circuit: *Metrocare v. Washington Metropolitan Area Transit Authority*, 679 F.2d 922 (D.C. Cir. 1982).

**Form 87-26: 1 L. Sand, *et al.*, Modern Federal Jury Instructions - Civil**

Indirect Evidence-Defendant Articulates Non-Discriminatory Reason

The defendant in this case has stated a legitimate, non-discriminatory reason for refusing to process plaintiff's transaction. By doing so, the defendant has met his burden of producing some explanation of his actions other than discrimination. It is not necessary that the reason be a good one, or even that you believe it to be true. All the defendant need do is state a reason other than race for his action. It is the plaintiff's obligation to disprove that it was the reason for the defendant's action, not the defendant's burden to convince you that it was his reason.

By meeting this intermediary burden, the defendant has shifted the burden of persuasion back to the plaintiff. I will shortly instruct you on what the plaintiff's obligation now is, and how you must evaluate whether it has been met.

Authority:

United States Supreme Court: *Johnson v. Transportation Agency*, 480 U.S. 616, 107 S. Ct. 1442, 94 L. Ed. 2d 615 (1987); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981); *McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 96 S. Ct. 2574, 49 L. Ed. 2d 493 (1976); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1812, 36 L. Ed. 2d 668 (1973).

District of Columbia Circuit: *Metrocare v. Washington Area Transit Authority*, 679 F.2d 922, 927 (D.C. Cir. 1982) (defendant can negate prima facie case or articulate some legitimate, non-discriminatory reason for its action).

Federal Circuit: *Ruiz v. Chance Co.*, 234 F.3d 654 (Fed. Cir. 2000).

**Form 87-27: 1 L. Sand, *et al.*, Modern Federal Jury Instructions - Civil**

**Pretext**

The plaintiff has introduced evidence that the defendant's articulated reason for his action is nothing more than a pretext for discrimination. In other words, the plaintiff has introduced evidence to show that the defendant's reasons are not the true reasons why the defendant took adverse action(s) against the plaintiff, that such reasons are unworthy of belief and that the true reason for the adverse action(s) was discrimination.

When you consider the plaintiff's evidence that the reason advanced by the defendant is a pretext, keep in mind that the relevant question is whether the defendant's reason was not the real reason for his actions. The question is not whether the defendant's reason showed poor or erroneous judgment. You are not to judge the defendant's wisdom. A bank is entitled to decide whether to process a transaction, so long as the decision is not motivated by unlawful discrimination. However, you may consider whether the defendant's reason is merely a cover-up for discrimination. In doing this, you may consider whether the asserted reason comports with the defendant's own policies and rules and whether such policies and rules have been applied uniformly. You also should carefully evaluate any subjective reasons that the defendant has asserted for taking the action(s) against the plaintiff that it did in deciding whether the plaintiff has met his burden of proof.

It is the plaintiff's burden to persuade you, by a preponderance of the evidence that the defendant took the adverse action(s) against plaintiff because of his race. If you do not believe the defendant's explanations for its action(s), then you may infer, but need not infer, that the plaintiff has satisfied his burden of proof that the defendant intentionally discriminated against him because of his race.

Authority:

1. United States Supreme Court: *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).

2. First Circuit: *Morgan v. Massachusetts General Hospital*, 901 F.2d 186 (1st Cir. 1990).
3. Second Circuit: *Cabrera v. Jakabovitz*, 24 F.3d 372 (2d Cir. 1994); *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219 (2d Cir. 1994).
4. Seventh Circuit: *Hague v. Thompson Distrib. Co.*, 436 F.3d 816 (7th Cir. 2006); *Blise v. Antaramian*, 409 F.3d 861 (7th Cir. 2005).
5. Eighth Circuit: *Johnson v. AT&T Corp.*, 422 F.3d 756 (8th Cir. 2005); *Davis v. KARK-TV, Inc.*, 421 F.3d 699 (8th Cir. 2005).
6. Ninth Circuit: *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138 (9th Cir. 2006).

7. Tenth Circuit: *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091 (10th Cir. 2001), *cert. denied*, 534 U.S. 1131 (2002); *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808 (10th Cir. 2000).

8. Eleventh Circuit: *Nix v. WLCY Radio Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir. 1984).

| |
|---|
| **Form 87-31: 1 L. Sand, *et al.*, Modern Federal Jury Instructions – Civil** <br><br> **General Instruction** <br><br> If you find that the plaintiff has carried his burden of proving by a preponderance of the evidence that the defendant purposefully or intentionally discriminated against him on the basis of race, you must then consider the issue of damages. <br><br> I shall now instruct you on the awards of damages allowed in section 1981 claims. |
| **Form 87-32: 1 L. Sand, *et al.*, Modern Federal Jury Instructions – Civil** <br><br> Nominal Damages <br><br> Even if you find that the plaintiff has failed to provide any proof of the extent of the damages he suffered because of the defendant's conduct, you still may award nominal damages. You may assume that some damage was done to the plaintiff by virtue of the violation of the rights protected by section 1981 and violated by the defendant. <br><br> The award of nominal damages does not prevent you from awarding punitive damages. Shortly, I will explain to you the circumstances under which you may award punitive damages. <br><br> Authority: <br><br> Fifth Circuit: *Gore v. Turner*, 563 F.2d 159 (5th Cir. 1977); *Hodge v. Seiler*, 558 F.2d 284 (5th Cir. 1977). <br><br> Sixth Circuit: *Erebia v. Chrysler Plastic Products Corp.*, 772 F.2d 1250 (6th Cir. 1985); *Jordan v. Dellway Villa of Tennessee, Ltd.*, 661 F.2d 588 (6th Cir. 1981). <br><br> Ninth Circuit: *Bains LLC v. Arco Prods. Co.*, 405 F.3d 764 (9th Cir. 2005); *Fountila v. Carter*, 571 F.2d 487 (9th Cir. 1978). |

**Form 87-33: 1 L. Sand, *et al.*, Modern Federal Jury Instructions – Civil**

**Compensatory Damages**

If you return a verdict for the plaintiff, you must then decide the issue of general compensatory damages.

You may award the plaintiff a sum of money you believe will justly and fairly compensate him for any injury you believe he suffered as a direct result of the defendant's conduct.

You must award the plaintiff damages to compensate him for any damages he has proven by a preponderance of the evidence to be a direct result of the defendant's conduct in violation of section 1981.

Compensatory damages can be inferred from the circumstances presented to you by the evidence, or they can be proven by testimony going solely to the issue of damages.

In the determination of the amount of the award it will often be impossible for you to arrive at a precise award. For example, compensatory damages are available for emotional distress and humiliation under section 1981. It is difficult to arrive at a precise evaluation of actual damage for emotional harm from a violation of section 1981. Nonetheless, it is necessary to arrive at a reasonable award that is supported by the evidence offered by the plaintiff. There must be evidence presented at trial to support your award of general compensatory damages, for an award cannot be based on speculation or sympathy on your part.

Authority:

D.C. Circuit: *Barbour v. Merrill*, 48 F.3d 1270 (D.C. Cir. 1995).

**Form 87-35: 1 L. Sand, *et al.*, Modern Federal Jury Instructions – Civil**

**Punitive Damages**

If you return a verdict for the plaintiff and you award the plaintiff compensatory damages, then you may decide to make him a separate and additional award of punitive or exemplary damages. You may award punitive damages to the plaintiff even in the absence of actual damages. You may award punitive damages if you believe that the defendant should be punished for conduct that was motivated by an evil motive or intent, or that involves reckless or callous disregard or indifference to the plaintiff's rights. A showing of personal animosity by the defendant is not a prerequisite. By personal animosity, we mean a strong dislike of the plaintiff as an individual, rather than as a member of a racial group.

The plaintiff is not entitled to punitive damages as a matter of right. You must make a judgment about the defendant's conduct. To make such a judgment it is important to keep in mind the reason for awarding punitive damages: to punish the defendant for malicious conduct against the plaintiff or callous disregard or indifference for the plaintiff's rights and to deter future such conduct of the defendant or others like him. Thus, you should consider whether the award of punitive damages will accomplish this dual purpose of punishment and deterrence. As part of this determination you may consider the financial circumstances of the defendant.

Authority:
 1.  United States Supreme Court: *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); *Johnson v. Railway Express Agency, Inc*., 421 U.S. 454, 95 S. Ct. 1716, 44 L. Ed. 2d 295 (1975).

2.  Third Circuit: *Miller v. Apartments and Homes of N.J., Inc*., 646 F.2d 101 (3d Cir. 1981).

3.  Fifth Circuit: *Woods-Drake v. Lundy*, 667 F.2d 1198 (5th Cir. 1982); Gore v. Turner, 563 F.2d 159 (5th Cir. 1977).

4.  Sixth Circuit: *Rodgers v. Fisher Body Div., G.M.C*., 739 F.2d 1102 (6th Cir. 1984).

5.  Seventh Circuit: *Hennessy v. Penril Datacomm Networks, Inc*., 69 F.3d 1344 (7th Cir. 1995); *Yarbrough v. Tower Oldsmobile, Inc.,* 789 F.2d 508 (7th Cir. 1986).

6.  Eighth Circuit: *Kim v. Nash Finch Co.*, 123 F.3d 1046 (8th Cir. 1997); *Wilmington v. J.I. Case Co.*, 793 F.2d 909 (8th Cir. 1986).
7.  Ninth Circuit: *Bains LLC v. Arco Prods. Co*., 405 F.3d 764 (9th Cir. 2005); *Fountila v. Carter*, 571 F.2d 487 (9th Cir. 1978).
 8.  Tenth Circuit: *Hampton v. Dillard Dep't Stores, Inc*., 247 F.3d 1091 (10th Cir. 2001), *cert. denied*, 534 U.S. 1131 (2002); *Fitzgerald v. Mountain States Tel. and Tel. Co.*, 68 F.3d 1257 (10th Cir. 1995).
9.  Eleventh Circuit: *Walters v. City of Atlanta*, 803 F.2d 1135 (11th Cir. 1986); *Marable v. Walker*, 704 F.2d 1219 (11th Cir. 1983).