**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GEORGE BANKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 05-CV-01688-HHK** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BANK OF AMERICA, N.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**BRIEF ON DAMAGES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Plaintiff, by and through the undersigned counsel, submits this Brief on Damages in Support of Plaintiff's Motion for Leave to File Second Amended Complaint, as per the Court's order at the Pretrial Conference on March 25, 2008.

*In the Pretrial Conference on March 25, 2008, the Court noted that it is inclined to grant Plaintiff's currently pending Motion for Leave to File Second Amended Complaint. In the event t*he Court exercises its discretion and grants Plaintiff's requested leave to amend, Plaintiff's company, Sentry Security International, Inc. ("S.S.I."), will be named as a plaintiff in this matter. The Court requested the instant brief to explain the damages that S.S.I. claims and would be seeking as a party in this matter. As further explained below, S.S.I. claims nominal damages by virtue of Defendant's discriminatory acts in violation of 42 U.S.C. § 1981, and punitive damages.

It is undisputed that on June 15, 2002, Plaintiff Banks sought to withdraw $1,000.00 from one of [his business accounts], deposit $700.00 into a second S.S.I. account, and keep $300 for himself. However, Defendant's intervening actions prevented and precluded Plaintiff Banks from carrying out his intention on behalf of himself in his individual capacity and on behalf of S.S.I. in his professional capacity as President and CEO of S.S.I. Defendant's actions also

1

prevented and precluded S.S.I. from carrying out its intentions of providing Plaintiff Banks a benefit derived from the contract between S.S.I. and Defendant. S.S.I. maintains that Defendant's intervening and disruptive actions were on account of race, in violation of section 1981. Even without demonstrating an actual injury, S.S.I. can recover nominal damages for Defendant's deprivation of S.S.I.'s civil rights under section 1981 and punitive damages.

It is well established that "common-law courts traditionally have vindicated deprivations of certain "absolute" rights that are not shown to have caused actual injury through the award of a nominal sum of money." *See Carey v. Piphus*, 435 U.S. 247, 266 (1978) (citing D. Dobbs, Law of Remedies §3.8, pp. 191-193 (1973); C. McCormick, Law of Damages §20-22 (1935); Restatement of Torts §907 (1939). Especially in this instance where the proposed plaintiff is a corporation and cannot recover for compensatory damages other than economic damages, nominal damages are necessary to vindicate the corporation's right. According to the Supreme Court, "[b]y making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed…" *Id.* Certainly this Honorable Court and even Defendant must acknowledge the importance to society that civil rights are upheld, specifically the right to contract and do business, which activities are germane to thriving in a capitalistic society.

Moreover, neither the plain text of section 1981 nor any applicable case law restrict recovery of nominal damages and courts have upheld jury awards to corporations for nominal and punitive damages under section 1981. *See, e.g.*, *Bains LLC v. ARCO Products Co.*, 405 f.3d 764 (9th Cir., 2005) (where court upheld nominal damages of one dollar for racial discrimination by one corporation against another corporation). Significantly, this court has even upheld an award of nominal damages for a technical default. In *Talley v. District of Columbia*, 433

F.Supp. 2d 5 (D.C. Dist., 2006), the jury awarded damages based solely on the default entered against a defendant for failure to initially participate.  Although the award of nominal damages was technical in nature -- awarded simply by virtue of a default, the award "modif[ied] the defendant's behavior for the plaintiff's benefit by forcing the defendants to pay an amount of money [they] otherwise would not pay." *Id*. (quoting *Farrar v. Hobby*, 506 U.S. 103, 113 (1992)).

In addition to nominal damages, S.S.I. seeks punitive damages, which are indisputably recoverable under section 1981.  *See, e.g., Barbour v. Merrill*, 48 F.3d 1270, 1277 (D.C. Cir. 1995).  Similar to the award of nominal damages, punitive damages may be awarded in this matter in the absence of actual damages.  *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Johnson v. Railway Express Agency, Inc*., 421 U.S. 454 (1975).  Per the jury instruction on punitive damages adopted in this matter, the jury may award such damages if they believe the defendant should be punished for conduct that was motivated by an evil motive or intent, or that involves reckless or callous disregard or indifference to the plaintiff's rights. *Id.*

Respectfully submitted,

_____/s/_____
Donald M. Temple # 408749
1229 15th Street, NW
Washington, D.C. 20005
(202) 628-1101
Attorney for Plaintiffs